Ct. Copy

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
SEP - 5 2014
JEFFREY P. COLWELL
CLERK

Plaintiff: Joshua Sutton..., et al.

v.

Defendant: Leeuwen..., et al.

Amended Exhibit A, To ~~The~~ Prisoner Complaint

# Exhibit A

## ~ Table of Contents ~


| | page(s) |
|---|---|
| Citation Notes, and Wife's Hospital Band | 1 |
| Summons And Complaint No E041371 | 2 |
| Appearance Bond | 3 |
| Extension of Time | 4 |
| Motion [ ] Issue Subpoena | 6 |
| Request Trial by Jury | 7 |
| Networks Diagnostics | 12 |
| Q/A Rutt, Cross Exam | 13 |
| Trial Prep. | 14 |
| Closing Statement | 25 |
| Trial Exhibit(S), Def. | 29 |
| Appeal (For Defendant) | 44 |
| Notice of Appeal | 49 |
| File Without Prepayment | 50 |
| Regarding Municipal Court Case E41371 | 52 |
| Judge: Adele Anderson | 58 |
| Regarding Case No. 13CV75 | 63 |
| Entry of Appearance | 64 |
| Failure To Prosecute (Notice) | 65 |
| Motion to Show Cause Re Dismissal, and Appellant Brief | 72 |
| Notice OF CLAIM | 78 |
| Transcript of Proceedings (Trial Prep. Hearing) | 80 |
| Transcript of Proceedings (Trial on December 27, 2012) | 96-190 |


End.

C3D 101.1 C3D etc. 101.1

User: MARTINEZTA **Pueblo Police Department** 12/27/2012 10:44

## Citation : Notes

Ex. P

Leeuwen Report

On 08/25/2012 at approximately 00:59 I, Officer M. van Leeuwen, Officer Romano, Officer Oreskovich, and Officer Vaughn, were dispatched to the area of W. 13th Street & N. Greenwood Street in reference to a Domestic Fight. The reporting party, who wished to remain anonymous, stated that there was a male and female arguing and fighting on W. 13th Street just east of N. Greenwood Street.

Upon arrival to the area Officer Oreskovich noticed a male and female, later identified as Joshua Sutton (DOB 08/17/1977) and Isha Roberts (DOB 04/22/1977), walking in the area of W. 13th Street and Grand Avenue. We contacted the male and female in the 1200 block of Grand Avenue, and noticed that the female's face appeared swollen. Immediately the male asked us why we were harassing them. We explained to the male that we had been dispatched to the area on the report of a Domestic Fight and wanted to make sure that they were okay, but he became extremely upset and yelled that we didn`t have the right to "Fucking" stop them. We then asked the male and female for their ID`s, but again the male became upset and yelled that he didn`t have to give us his "Fucking" ID and that we didn`t have the right to asks him for his ID. We explained to the male that because of the situation we did have the right to identify who he was and again asked him for his ID. At this time the male began yelling that we were just "Fucking" harassing him because he was "black: and that he wasn`t going to give us his ID. Because the male was being uncooperative and aggressive Officer Vaughn explained to him that he wanted to pat him down for weapons and attempted to pat him down, but the male pulled away from Officer Vaughn and yelled "Don`t fucking touch me you fat fucking pig." The male then began screaming that he was going to sue all of us and that we were "Fucking Racist." At this time Officer Oreskovich and I placed the male in handcuffs. Officer Oreskovich then found an ID for the male in his wallet, which identified him as Joshua Sutton, and I placed the male in the back of my patrol car until the situation could be resolved. The female provided us with her ID, which identified her as Isha Roberts, and she explained to us that her face was swollen because she had 6 teeth pulled on the previous day. Isha said she and Joshua were walking home and that they hadn`t been fighting.

At this time we released Isha and Officer Romano gave her a ride to her residence because she stated that she was unable to carry Joshua`s bag, which was large and heavy.

I cited Joshua for Disorderly Conduct without Fighting for yelling profanity during our contact and Interference without Violence for refusing to provide his identity or cooperate with our investigation (E041371). Joshua would not provide me his current contact information for the citation and started calling me a "Fucking racist pig." I transported Joshua to the Pueblo County Jail for a 4-hour hold for the Disorderly Conduct, and while en-route to the jail Joshua continued to call me a "Fucking racist pig" and threatened that he would have my badge for this incident.

Nothing further at this time.




A 1

**UNIFORM SUMMONS & COMPLAINT OR PENALTY ASSESSMENT**

CITY OF PUEBLO BY AND ON BEHALF OF THE PEOPLE OF THE STATE OF COLORADO

CR # No. E041371

| Defendant (Last Name) | First | Middle | DOB | Age |
|---|---|---|---|---|
| SUTTON | JOSHUA | | 08/17/1977 | 34 |

| Defendant's Address | City | State | Zip Code | Home Telephone |
|---|---|---|---|---|
| 265 W BEN HOGAN DR | PUEBLO WEST | CO | 81007 | (719) 582-5566 |

| Employer Name | Employer Address | City | State | Zip Code | Business Telephone |
|---|---|---|---|---|---|
| | | | | | |

| Driver's License Number | Type | State | Race | Sex | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|---|---|
| | | | W | M | 5'10 | 150 | BRO | BRO |

YOU ARE HEREBY SUMMONED AND ORDERED TO APPEAR AS INDICATED. *SEE BELOW FOR INSTRUCTIONS*

Pueblo Municipal Court
200 S Main St., Pueblo, CO 81003
719-562-3810

on September 18, 2012 at 01:30 AM (PM)

*IF THIS DATE FALLS ON A WEEKEND OR HOLIDAY YOU ARE TO APPEAR ON THE NEXT BUSINESS DAY.*

TO ANSWER CHARGES OF VIOLATION OF: 1971 Pueblo Municipal Code (P.M.C.) as amended AND/OR Model Traffic Code as adopted by P.M.C.

| Charge | Section | C.R.S./ORD/MTC | Com Code | Fine | Surcharge | Points |
|---|---|---|---|---|---|---|
| No. 1 | 11-1-201 | DISORDERLY CONDUCT W/O FIGHTING | | $ | $ | |
| No. 2 | 11-1-502 | INTERFERENCE W/O VIOLENCE | | $ | $ | |
| No. 3 | | | | $ | $ | |

| Approx. Location of Violation, City of Pueblo, County of Pueblo, State of Colorado | Date | Time |
|---|---|---|
| 399 W 13TH ST/N GRAND AVE | 08/25/2012 | 00:57 |

Custody / Service Location / Date / Time

NON-PAYABLE SUMMONS: ( ) Traffic (X) Non-Traffic

PAYABLE SUMMONS OR PENALTY ASSESSMENT: ( ) Traffic Infraction ( ) Traffic Offense ( ) Non-Traffic Offense

WITHOUT ADMITTING GUILT I HEREBY PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED AND ACKNOWLEDGE RECEIPT OF THIS SUMMONS AND COMPLAINT.

DEFENDANT: Served In Custody

IMMEDIATE APPEARANCE REQUIRED UPON REFUSAL TO SIGN

THE UNDERSIGNED HAS PROBABLE CAUSE TO BELIEVE THAT THE DEFENDANT COMMITTED THE OFFENSE ... AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF COLORADO AND OF THE CITY OF PUEBLO, CO. UNDERSIGNED ALSO AFFIRMS THAT A COPY OF THIS SUMMONS AND COMPLAINT OR PENALTY ASSESSMENT WAS PERSONALLY SERVED UPON THE DEFENDANT.

Items Placed in Evidence ( ) Yes; Report ( ) No ( ) Yes; Traffic Accident (X) No ( ) Yes; Injuries (X) No ( ) Yes

OFFICER: [signature] No. 1453 VAN LEEUWEN (OFFICER PRINT LAST NAME)

COMPLAINING WITNESS ______ SERVED BY ______ NO. ______

RECEIVED
AUG 29 2012

**DEFENDANT - MUNICIPAL** **NOTICE TO DEFENDANT** **READ TICKET CAREFULLY**

## ADVISEMENT OF RIGHTS

Pursuant to Rule 210 of the Colorado Municipal Court Rules of Procedure, you, as the Defendant listed in this Summons and Complaint, have the following rights:

- The right to bail;
- The right to make no statement, and that any statement made can and may be used against you;
- The right to be represented by counsel, and, if indigent, the right to appointed counsel as applicable;
- The right to have service of process issued by the Court, without expense to you, to compel the attendance of witnesses in your behalf;
- The right to testify or not to testify in your own behalf;
- The right to a trial by jury where such right is granted by statute or ordinance, together with the requirement that you, if desiring a jury trial demand such trial by jury in writing within twenty days after arraignment or entry of a plea; also the number of jurors allowed by law, and of the requirement that you, if desiring a jury trial, tender to the Court within twenty days after arraignment or entry of a plea a jury fee of $25 unless the fee be waived by the Judge because of your indigence.
- The right to appeal.

## APPEARANCE OR RESPONSE REQUIRED

If you fail to appear as required in response to this Summons and Complaint, a warrant will be issued for your arrest.

The address of the Pueblo Municipal Court and the Office of the Court Clerk is 200 S Main St, Pueblo, Colorado, 81003. Phone: (719) 562-3810

**Mandatory Appearance:** If you are charged with a traffic offense that carries six (6) or more points or any offense contained within the Municipal Court Fine and Fees Schedule which requires an appearance, you must appear before the Pueblo Municipal Court on the date and time that you are ordered to appear on the face of this Summons and Complaint. If you are charged with a non-traffic violation and you have two or more prior convictions of a similar nature, you must appear before the Pueblo Municipal Court on the date and time that you are ordered to appear on the face of this Summons and Complaint.

**Permissive Appearance at Office of the Court Clerk.** If you are charged with a traffic offense that carries less than six (6) points or if your appearance is not a mandatory appearance in Court as noted above, you may elect to appear and enter a plea at the Office of the Court Clerk anytime prior to the date and time that you are ordered to appear on the face of this Summons and Complaint but at least five (5) business days after the date this Summons and Complaint was issued. If you do not elect to appear before the Office of the Court Clerk, you must appear before the Pueblo Municipal Court on the appearance date and time shown on the face of this Summons and Complaint.

**Payment by Mail without Personal Appearance.** If you are charged with an offense that does not require a mandatory Court appearance (see Mandatory Appearance section above), or if the "Payable Summons or Penalty Assessment" box is checked on this Summons and Complaint, you may elect to plead Guilty and pay the appropriate fine by mail. If you choose this option, you must read, sign and date the section below which entitled "Appearance, Plea of Guilty, and Waiver of Rights" and mail this acknowledgement to Pueblo Municipal Court with full payment prior to the ordered appearance date and time. Checks or money orders must be made payable to City of Pueblo. If you do not choose the payment by mail option, you must appear before the Court or, if applicable, the Office of the Court Clerk in the manner provided herein.

**Minors.** If you are under the age of eighteen and are charged with a non-traffic violation, you must appear (accompanied by a parent or legal guardian) before the Pueblo Municipal Court on the ordered date and time.

## APPEARANCE, PLEA OF GUILTY AND WAIVER OF RIGHTS

The undersigned hereby enters his/her appearance, acknowledges guilt of the offense(s) charged on the face of this Summons and Complaint, acknowledges that he/she has read and understands the Defendant's rights set forth above and further understands that by signing this acknowledgement he/she waives all such rights. Undersigned acknowledges that, if any charge pled to herein is a traffic violation, a certified record will be sent to the Colorado Department of Revenue (or to the licensing authority of the state that issued Defendant's driver's license) and the points will be assessed against Defendant's driver's license. Undersigned acknowledges that if any charge pled to herein is a non-traffic offense, a criminal conviction will be entered against the Defendant in the criminal justice records.

A 2

Defendant's Signature ______________________ Date ______

5.1 CRIM
2.

Bond № 18955

☐ DISTRICT ☐ COUNTY COURT, Pueblo COUNTY, COLORADO
MUNICIPAL COURT, COLORADO Arrest No.
Case No. E41571 Division / Courtroom Warrant No.

**APPEARANCE BOND**

BOND TYPE: ☐ Bail Bonding Agent* ☐ Cash/Self ☐ Cash/Surety** ☒ PR/Self ☐ PR/Surety ☐ Property

DEFENDANT: *(print or type)* Joshua (First) Lamont (Middle) Sutton (Last) 8/17/77 (DOB)

Defendant, as principal and *(print or type)* ______________________, as surety, acknowledge that we are jointly and severally bound to the People of the State of Colorado, in the penal sum of One Thousand Dollars ($ 1000.00 ) DOLLARS, if there is a default upon the primary condition of this bond.

The primary condition of this bond is that, if the defendant shall personally appear in the *(court name and address)*

**Pueblo Municipal Court, 200 S. Main Street, Pueblo, CO 81003**

on *(date)* Sept 25, 2012 at *(time)* 1:30 PM and at each place, and upon each date, to which this proceeding is transferred or continued, until entry of an order for deferred prosecution or deferred judgement, plea of guilty, *nolo contendere* or conviction (unless the written consent of the sureties is filed of record), to answer charges of Disorderly Conduct

then this bond shall be void; otherwise, it shall remain in full force and effect.

ADDITIONAL STANDARD CONDITIONS: (1) Defendant may not leave the state without the approval of the Court and the surety; (2) Defendant shall not commit a felony while at liberty on bail; (3) Defendant acknowledges the existence of a mandatory restraining order under C.R.S. §18-1-1001; (4) Defendant shall immediately notify the Court of any change of mailing address or residence. (5) Any cash bond posted will be automatically applied to the fine imposed. SUPPLEMENTAL CONDITIONS:

3.

If the defendant fails to comply with any of the conditions of this bond, the Court may revoke defendant's release on bail, increase the amount of bail or modify bond conditions. This bond will be forfeited if the defendant does not appear as required by the primary bond condition.

X Joshua Sutton — DEFENDANT *(Signature)* — Address: 415 W 21st Pueblo Co 81003 — Telephone 582-5766

SURETY / BONDING AGENT* *(Signature)* Address Telephone

BONDING AGENT LICENSE NO. ______________ POWER OF ATTORNEY NO. ______________

SURETY OTHER THAN BONDING AGENT** *(Signature)* Address Telephone

and No Leda Jury

***BONDING AGENT CERTIFICATION:** Agent, by executing this bond, warrants and represents to the Court, under oath, and under penalty of perjury: (1) that agent is not currently in default in payment of any final judgment upon any bail bond forfeited in any Colorado jurisdiction (2) that agent is duly licensed by the State of Colorado to execute this bond, and (3) that agent, if a non-cash agent, is currently appointed by the corporate surety whose power of attorney accompanies this bond.

CASH SURETY *(Signature)* ______________________

EXECUTED AND ACKNOWLEDGED by the above-named in the presence of the undersigned at
Pueblo Municipal Court *(name of court or facility where bond written).*

By: P.R. [illegible] — Deputy Clerk/Sheriff *(As to Surety/Bonding Agent)*
*(date)* 9/1/12 *(time)* ______

By: ______________ Deputy Clerk/Sheriff *(As to Defendant)*
*(date)* ______________ *(time)* ______

A3

(1) COURT (2) SURETY (3) DEFENDANT

CI ... ERla
3.

Fax to Court: 719-862-3811

| | |
|---|---|
| ☒ County Court ❑ District Court Municipal Court<br>Pueblo County, Colorado<br>Court Address: 200 Main Street Pueblo Co 81003<br><br>Plaintiff(s)/Petitioner(s): ~~State of Colorado~~ ~~County of~~ City of Pueblo Colorado<br>v.<br>Defendant(s)/Respondent(s): Joshua Sutton D.O.B. 8-17-77 | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address): Joshua Sutton 415 W. 8th St Pueblo Co 81003<br>Phone Number: 7195825566 E-mail: joshua_sutton28@yahoo.com<br>FAX Number: —— Atty. Reg. #: | Case Number: unknown<br><br>Division Courtroom |
| **MOTION FOR** Extension of Time | |

For the following reasons: (cite any applicable law)

**1. Defenfant Joshua Sutton did miss his 1:30pm court hearing today due to being at the ER for a broken hand. See Attached medical records and Dr.'s excuss**

**2.** Pursuant TO C.R.C.P. Rule 6 (b) Enlargement. ...**(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...**

**I request the Court to:**

Extend the date and time set for today at 1:30 pm by 30 days.

Respectfully Submitted,

Date: 09-25-12

Joshua Sutton

❑ Petitioner/Plaintiff or ☒ Respondent/Defendant

415 West 8th Street
Address

Pueblo, Co. 81003
City, State and Zip Code

719 582 5566 Same
Telephone Number (Home) (Work)

## CERTIFICATE OF SERVICE

I certify that on ______________ (date) a true and accurate copy of the Motion to ______________ was served on the other party by:
❑ Hand Delivery, ❑ E-filed ☒ Faxed to this number ______________ or
❑ by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To: ______________

______________

______________

______________
❑ Petitioner/Plaintiff or ❑ Respondent/Defendant

A 4



1 of 3

*********************
*** FAX TX REPORT ***
*********************

TX IMAGE SET NOT TO DISPLAY

TRANSMISSION OK

| | |
|---|---|
| JOB NO. | 1975 |
| DESTINATION ADDRESS | 5623811 |
| SUBADDRESS | |
| DESTINATION ID | |
| ST. TIME | 09/25 15:42 |
| TX/RX TIME | 01' 43 |
| PGS. | 3 |
| RESULT | OK |

A5

C1 CR1a
4.

Municipal Court

| | |
|---|---|
| ☐ District Court ☐ County Court<br>Pueblo County, Colorado<br>Court Address: Pueblo Municipal Court 200 S. Main St., Pueblo, Colorado 81003<br>~~PEOPLE OF THE STATE OF COLORADO~~ The City of Pueblo Colorado, and Officer Van Leeuwen<br>v.<br>Defendant Joshua Sutton. | Granted in court 11-28-12<br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address): Joshua Sutton, Pueblo County Jail; AKA Pueblo County Detention Facility, 909 Court Street Pueblo, Co 81003<br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number: E041371<br><br>Division Courtroom |

**MOTION AND AFFIDAVIT TO ISSUE SUBPOENA PER CRIM. P. 17(b)**

The Defendant requests this Court to issue the following subpoenas and states that the subpoenas are necessary as the witnesses and/or items listed are material and relevant to his/her case and must be present at trial for the following reasons.

1✓ The Officer will testify that I Joshua Sutton was not "legally" being questioned and did not commit the alleged offenses. The First onscene Patrol Car's Dash Camera Video and Audio Recording that arrived at the location of 399 W. 13th St. Pueblo Co. On 08-25-12 at 12:50 Am to 1 Am And made first contact with Joshua Sutton and his wife will prove that Joshua Sutton was "not" legally "being questioned and did not commit offenses charged.

2. 11/28 also Granted Duces Tecum "Any Dispatch and Reports"

| Name of Witness | Type of Item |
|---|---|
| 1. Pueblo City Officer Van Leeuwen | 1. Dash Camera Video "Patrol Car" |
| 2. Tisha L. Roberts "Wife" | 2. |
| 3. | 3. |
| 4. | 4. |
| 5. | 5. |
| 6. | 6. |
| 7. | 7. |

*I swear/affirm under oath that I have read the foregoing motion and that the statements set forth therein are true and correct to the best of my knowledge.*

Joshua Sutton
Signature of Defendant

Subscribed and affirmed, or sworn to before me in the County of Pueblo, State of Colorado, this 21st day of November, 2012.

My commission expires: 07/19/2015

[signature]
Notary Public/Deputy Clerk

Upon consideration of the Motion and Affidavit to Issue Subpoena per Crim. P. 17(b), it is hereby ordered that the Clerk ☐ will ☐ will not issue the subpoenas as requested.

Dated: ______________________ BY THE COURT:

______________________
☐ Judge ☐ Magistrate

A 6



4

Officer Pat Roberts Please
Fax to Muni Court before 1pm toda[y]

| | |
|---|---|
| ☐ County Court ☒ District Court<br>Pueblo County, Colorado Municipal Court<br>Court Address: 200 South Main St., Pueblo Co 81003<br><br>Plaintiff(s)/Petitioner(s): City of Pueblo Colorado, and Officer Leeuwen,<br>v.<br>Defendant(s)/Respondent(s): Joshua Sutton | Notes: Denied due to 2<br>1. Office Recording moot Clerk 2 not Judge<br>2. 10/24 No jury instructions given<br>3. No written request Jury 21 days of setting<br>4. $100 Cash posted not muni issue<br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Joshua Sutton, 909 Court St., Pueblo Co 81003<br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number: E041371<br><br>Division Courtroom |

**MOTION TO** Request Trial by Jury

1. On or about 10-26-2012 this Court instructed I would have 30 days from the setting ~~For the following reasons (state with specificity):~~ of the Trial date to file the form for a Jury request which I repeated inquired into and request the needed forms; also this Court said that a trial date was not set yet and to get the date of Jail Officers.
2. Def. was repeated told that no date was set and would not be set until I was released, however on 11-17-2012 was told differently.

See Attached Request for Jury Form on line 2 pg 2 of 4 "Inmate Request Forms".

**I request the Court to:**

Set and Appoint the maximum number of jurors in this case and Appoint a Trial by Jury, due to my repeated attempts and very limited direct access to this court and this request is within 30 days, as instructed by this court on 10-26-2012, from the date of 11-17-2012 that I learned of the setting of the Trial Date.

Date: 11-28-2012 Respectfully Joshua Sutton

☐ Petitioner/Plaintiff or ☒ Respondent/Defendant
909 Court St
Address
Pueblo Co 81003
City, State and Zip Code
[redacted] n/a
Telephone Number (Home) (Work)

## CERTIFICATE OF SERVICE

I certify that on ____________________ (date) a true and accurate copy of the Motion to ____________________ was served on the other party by:
☐ Hand Delivery, ☐ E-filed, ☐ Faxed to this number ____________________, **or**
☐ by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To: ______________________________

______________________________

______________________________

______________________________
☐ Petitioner/Plaintiff or ☐ Respondent/Defendant

A 7

# PUEBLO COUNTY SHERIFF'S OFFICE
## DETENTION CENTER
## INMATE REQUEST FORM

INMATE'S NAME Sutton (Last) Joshua (First) Lamont (Middle)

DATE: 10-25-2012 Wing: 4C Room: 3

Check one: (X) Request Law Library ✓ ( ) Grievance ( ) Appeal

Request: 1. I Am my own Attorney in three different cases: 12CR1220, 12CR1336 and E041371.

2. On 11-05-12, I have following hearings for 12CR1230 and 12CR1336: Bond Reductions in Both, a Verified Motion to Quash and a Preliminary

3. I need 4hrs a day research time in law library and paper pen to be prepared.
Thank you.

Received by: Quintero D184 10/26/12

Routed to: ( ) Programs ( ) Classifications ( ) Medical
( ) Administration ( ) Other

Answer: ( ) Approved ( ) Denied (State reason below):

Please complete & return the attached Law Library Request Form.

By: T. LoBaze #1141 10/29/12 Program
Employee Name Employee Title

Josh Sutton 10/29/12 9pm
Inmate's Signature / Date/Time

Copies to: White: Social File
Pink: Inmate
Yellow: Inmate Response
Goldenrod: ACA

Rev. 4/2000
# 44

Attachment A pg 1 of 4

A 8

AJ Wagge, Pratt, Muni Court Roberts

**PUEBLO COUNTY SHERIFF'S OFFICE**
**DETENTION CENTER**
**INMATE REQUEST FORM**

INMATE'S NAME Sutton Joshua James
(Last) (First) (Middle)

DATE: 11-08-2012 Wing: 4C Room: 3

Check one: (X) Request Rodrick ( ) Grievance ( ) Appeal

Request: 1. I have a Pueblo Municipal Court Pro Se Trial soon in case E41371.

2. Please Download the jury request form for a 12 member jury panel or max allowable jury panel request form and take the needed money off my jail account.

3. The Judge also say you would get the trial date for me. (I can not subpoena needed first contact people without it or the cop car dash kamera video and adio). Thanks.

Received by: [signature] 038 11/14/12

Routed to: ( ) Programs ( ) Classifications ( ) Medical
( ) Administration ( ) Other

Answer: ( ) Approved ( ) Denied (State reason below):

Dec 10 3:30 is your Muni Court Date any other Paper Work you need you will have to Contact your Classification officer.

By: P Roberts Reception
Employee Name Employee Title

Joshua Sutton 11-17-12 6:45 Am
Inmate's Signature Date/Time

Copies to: White: Social File
Pink: Inmate
Yellow: Inmate Response
Goldenrod: ACA

Rev. 4/2000
# 44

pg 2 of 4

A8

Office Dat Request Please for Muni Court before 12pm

**PUEBLO COUNTY SHERIFF'S OFFICE**
**DETENTION CENTER**
**INMATE REQUEST FORM**

INMATE'S NAME Sutton Joshua Lamont
(Last) (First) (Middle)

DATE: 11-20-2012 Wing: 4C Room: 3

Check one: (X) Request ( ) Grievance ( ) Appeal

Request: Dear Roderick, In re case E041371 Muni. Pueblo,
1. I have a trial court Motion and Affidavit that needs notarized as soon as possible.
2. Please notarized this document and download a Jury request form.
Respectfully, Joshua Sutton.

Received by: [signature] D(?)

Routed to: ( ) Programs ( ) Classifications ( ) Medical
( ) Administration ( ) Other

Answer: ( ) Approved ( ) Denied (State reason below):

Completed @ 11/21/2012.

By: A. Roderick D174 Class 11/21/12
Employee Name Employee Title @ 10:45. Am

Joshua Sutton 11/21/12 10:45Am
Inmate's Signature Date/Time

Copies to: White: Social File
Pink: Inmate
Yellow: Inmate Response
Goldenrod: ACA

Rev. 4/2000
# 44

Pg 2 of 4

AP

# PUEBLO COUNTY SHERIFF'S OFFICE
## DETENTION CENTER
## INMATE REQUEST FORM

INMATE'S NAME Sutton (Last) Joshua (First) Lamont (Middle)

DATE: 11-28-2012 Wing: 4C Room: 3

Check one: (X) Request ( ) Grievance ( ) Appeal

Request: Dear Deputy Germic

1. The Court is waiting for my Exhibit(s) by 1pm today.
2. Please Expedite a copy of Nov. 14, 15, and 16 8 to 9pm phone calls for an In camera Viewing by the Judge only.

Received by: D141 12:20 11-28-11

Routed to: (✓) Programs ( ) Classifications ( ) Medical
( ) Administration ( ) Other

Answer: ( ) Approved ( ) Denied (State reason below):

By: ______________________ ______________________
Employee Name Employee Title

______________________
Inmate's Signature Date/Time

Copies to: White: Social File
Pink: Inmate
Yellow: Inmate Response
Goldenrod: ACA

Rev. 4/2000
# 44

pg 4 of 4

A10

## Windows Network Diagnostics

**Issues found**

| | | |
|---|---|---|
| "Local Area Connection" doesn't have a valid IP configuration | Not fixed | ⊗ |
| Investigate router or broadband modem issues | *Failed* | |
| Reset the "Local Area Connection" adapter | *Completed* | |

## Issues found

- **"Local Area Connection" doesn't have a valid IP configuration** — Not fixed ⊗

**Investigate router or broadband modem issues** — *Failed*

If you're connected to a hotspot or domain network, contact the network administrator. Otherwise: 1. Unplug or turn off the device. 2. After all the lights on the device are off, wait at least 10 seconds. 3. Turn the device on or plug it back into the power outlet. To restart a router or modem that has a built-in battery, press and quickly release the Reset button.

**Reset the "Local Area Connection" adapter** — *Completed*

This can sometimes resolve an intermittent problem.

Network Diagnostics Log

File Name: 27DD4275-E6ED-438B-97BA-63C3F3E4AC4A.Repair.Admin.1.etl

## Detection details

Network Diagnostics Log

File Name: 27DD4275-E6ED-438B-97BA-63C3F3E4AC4A.Diagnose.Admin.0.etl

Other Networking Configuration and Logs

File Name: NetworkConfiguration.cab

**Collection information**

| | |
|---|---|
| Computer Name: | LAWLIBRARY4 |
| Windows Version: | 6.1 |
| Architecture: | x86 |
| Time: | Thursday, December 20, 2012 6:26:27 PM |

## Publisher details

**Windows Network Diagnostics**

Detects problems with network connectivity.

| | |
|---|---|
| Package Version: | 1.0 |
| Publisher: | Microsoft Windows |

*X This is the same problem as last week... As of 12-21-12 noon, has been fixed.*

A12

1. Def. Case in Chief — CRJ a 6.1 — 1. 1.

"Opening" Goal: To establish a 3 point Factual basis that the Def. was 1. "Unlawful Suspect" / thus
2. was Unlawfully Stopped / Investigated and therefore
3. an Unlawful Arrest Acured where the Def. Could not commit the Element of "Knowingly" For the alleged crimes for which he "know" he was an Unlawful Suspect, and thus he also "know" he was Unlawful Stopped and Investigated.

2. "Pros. Burden Proof" Plaintiff Cross Exam

In Re Def. Exs — Use Develop testimony but Not not Admit Def. Ex.s until Def.'s Case-in-Chief Motion For Aquital

# Q/A Ptff
# Cross Exam Part 1 of 2.

"True or False(s)": ~~1a. Arrest can be made any time day or night~~ ? (see law pg 1.)

1b. "Reasonable Force" can be used to make an arrest ? (Id.)

~~2a. A person can be arrested when he has a warrant against him commanding his arrest ? (Id.)~~

~~2b. A person can be arrest by a peace officer when he has probable cause to believe an offense was committed by the person ? (Id.)~~

Foundation For Def. Case in Chief "Fair Trial denied"

3a. A peace officer may stop any person he "reasonably" "suspects" is committing, has committed or is about to commit a crime ? (see law pg 4)

3b. That then the peace officer may require the suspect to give his name, address, identification, and explanation of his actions ? (Id.)

~~3c. Thus stopping a reasonable suspect and questioning him under those circumstances is not an arrest ? (Id.)~~

3d. that then when a peace officer has stopped a person under those circumstances and he "reasonably suspects" his personal safe requires it can conduct a pat down search for weapons ? (Id.)

4a. A peace officer on the ground that a person committed a crime has the authority to arrest and hold a person in custody ? (see law pg 6)

4b. If a judge determines that an arrest is unlawful he must order the discharge of the person arrested ? (Id.)

5a. A person arrested without a warrant can be released if the offense he is being held for is a misdemeanor or a petty offense and the arresting officer or responsible commanding officer is satisfied the person arrested will obey a summons commanding his appearance at a later date ? (Id)

A 13 a

Cont.

True or False: (5) 6a. a peace Officer means a person who is: P.O.S.T. Certified and works for a public entity or a public office? (Id. 1a and 16-2.5-101)

6b. the local law enforcement agency having jurisdiction must be immediately notified of the arrest and any person arrested will be released to the custody of the local law enforcement agency? (Id. 2)

7a. No unlawful means of any kind can't be used to obtain a statement admission, or confession from any person in custody? (Id 1)

7b. a person arrested must be treated humanely? (Id 2)

7c. a person being held in custody must be treated humanely? (Id 2)

A13b

LAW

CR1a6.2

E41371 Opening / Closing Argument (s)

Trial prep.

A 14

LexisNexis® Pueblo County Sheriff

Local State | Federal Materials | All States | Shepard's® | Help

Case Law
Statutes
Court Rules
Administrative Materials

Inmate Name/Number

5445

Save Clear

*Shepard's*® Signals

WARNING - negative treatment indicated
CAUTION - possible negative treatment indicated
positive treatment indicated
cited & neutral analysis indicated
citation information available

TITLE 16. CRIMINAL PROCEEDINGS
CODE OF CRIMINAL PROCEDURE
ARTICLE 1.GENERAL PROVISIONS
ARTICLE 2. COUNTY COURT PROVISIONS
ARTICLE 2.5. PEACE OFFICERS
PART 1. PEACE OFFICERS


16-2.5-101. Peace officer - description - general authority
16-2.5-102. Certified peace officer - P.O.S.T. certification required
16-2.5-103. Sheriff - undersheriff - certified deputy sheriff - noncertified deputy sheriff
16-2.5-104. Coroner
16-2.5-105. Police officer
16-2.5-106. Southern Ute Indian police officer
16-2.5-107. Ute Mountain Ute Indian police officer
16-2.5-108. Town marshal - deputy
16-2.5-109. Fire arson investigator
16-2.5-110. Reserve police officer - reserve deputy sheriff - reserve deputy town marshal - definitions
16-2.5-111. Executive director of the department of public safety - deputy executive director of the department ...
16-2.5-112. Director of the division of homeland security and emergency management
16-2.5-113. Colorado bureau of investigation director - agent
16-2.5-114. Colorado state patrol officer
16-2.5-115. Port of entry officer
16-2.5-116. Colorado wildlife officer - special wildlife officer
16-2.5-117. Colorado parks and recreation officer - special parks and recreation officer
16-2.5-118. Commissioner of agriculture
16-2.5-119. State brand inspector
16-2.5-120. Colorado state higher education security officer
16-2.5-121. Executive director of the department of revenue - senior director of enforcement for the department


LexisNexis® Pueblo County Sheriff

Local State | Federal Materials | All States | Shepard's® | Help

Case Law
Statutes
Court Rules
Administrative Materials

Inmate Name/Number

5445

Save Clear

*Shepard's*® Signals

WARNING - negative treatment indicated
CAUTION - possible negative treatment indicated
positive treatment indicated
cited & neutral analysis indicated
citation information available

16-2.5-121. Executive director of the department of revenue - senior director of enforcement for the department ...


16-2.5-122. Auto industry investigator
16-2.5-123. Director of the division of gaming - gaming investigator
16-2.5-124. Liquor enforcement investigator
16-2.5-124.5. Director of marijuana enforcement and medical marijuana enforcement investigator
16-2.5-125. State lottery investigator
16-2.5-126. Director of racing events - racing events supervisor - racing events investigator
16-2.5-127. State student loan investigator
16-2.5-128. Colorado attorney general - chief deputy attorney general - solicitor general - assistant solicitor ...
16-2.5-129. Attorney general criminal investigator
16-2.5-130. P.O.S.T. director - P.O.S.T. board investigator
16-2.5-131. Chief security officer for the general assembly
16-2.5-132. District attorney - assistant district attorney - chief deputy district attorney - deputy district ...
16-2.5-133. District attorney chief investigator - district attorney investigator
16-2.5-134. Department of corrections inspector general - department of corrections investigator
16-2.5-135. Executive director of the department of corrections - warden - corrections officer
16-2.5-136. Community parole officer
16-2.5-137. Adult probation officer
16-2.5-138. Juvenile probation officer - juvenile parole officer
16-2.5-139. Police administrator - police officer employed by the Colorado mental health institute at Pueblo
16-2.5-140. Correctional security officer employed by the Colorado mental health institute at Pueblo
16-2.5-141. Colorado state security guard
16-2.5-142. Railroad peace officer
16-2.5-143. Public utilities commission member
16-2.5-144. Colorado National Guardsman


A 15

LexisNexis® Pueblo County Sheriff

Local State | Federal Materials | All States | Shepard's® | Help

Case Law
Statutes
Court Rules
Administrative Materials

Inmate Name/Number
5445
Save Clear

Shepard's® Signals
WARNING - negative treatment indicated
CAUTION - possible negative treatment indicated
positive treatment indicated
cited & neutral analysis indicated
citation information available


16-2.5-144. Colorado National Guardsman
16-2.5-145. Municipal court marshal
16-2.5-146. Public transit officer - definitions
16-2.5-147. Federal special agents
16-2.5-148. Colorado state higher education police officer
16-2.5-149. City attorney - town attorney - senior assistant city attorney - assistant city attorney - chief ...
PART 2. SUNRISE REVIEW OF PEACE OFFICER STATUS
16-2.5-201. General assembly sunrise review of groups seeking statutory peace officer status
16-2.5-202. P.O.S.T. board review of peace officer status
16-2.5-203. Rules
ARTICLE 2.7. MISSING PERSON REPORTS - UNIDENTIFIED HUMAN REMAINS
ARTICLE 3. ARREST - SEARCHES AND SEIZURES
ARTICLE 4. RELEASE FROM CUSTODY PENDING FINAL ADJUDICATION
ARTICLE 5. COMMENCEMENT OF CRIMINAL ACTION
ARTICLE 6. CHANGE OF VENUE AND DISQUALIFICATION OF JUDGE
ARTICLE 7. SEPARATE TRIAL - ARRAIGNMENT - PLEA AGREEMENTS - DEFERRED PROSECUTION AND DEFERRED SENTENCING
ARTICLE 8. INSANITY - RELEASE
ARTICLE 8.5. COMPETENCY TO PROCEED
ARTICLE 9. PREPARATION FOR TRIAL
ARTICLE 10. JURY TRIALS
ARTICLE 11. IMPOSITION OF SENTENCE
ARTICLE 11.3. COLORADO COMMISSION ON CRIMINAL AND JUVENILE JUSTICE
ARTICLE 11.5. SUBSTANCE ABUSE IN THE CRIMINAL JUSTICE SYSTEM
ARTICLE 11.7. STANDARDIZED TREATMENT PROGRAM FOR SEX OFFENDERS
ARTICLE 11.8. MANAGEMENT OF DOMESTIC VIOLENCE OFFENDERS
ARTICLE 11.9. STANDARDIZED SCREENING PROCESS FOR MENTALLY ILL OFFENDERS
ARTICLE 12. REVIEW OF JUDGMENTS IN CRIMINAL CASES
ARTICLE 13. SPECIAL PROCEEDINGS
UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT


LexisNexis® Pueblo County Sheriff

Local State | Federal Materials | All States | Shepard's® | Help

Case Law
Statutes
Court Rules
Administrative Materials

Inmate Name/Number
5445
Save Clear

Shepard's® Signals
WARNING - negative treatment indicated
CAUTION - possible negative treatment indicated
positive treatment indicated
cited & neutral analysis indicated
citation information available


TITLE 30. GOVERNMENT - COUNTY
COMPENSATION - FEES
ARTICLE 1.FEES- GENERAL
ARTICLE 2. COMPENSATION OF COUNTY AND OTHER OFFICERS
ARTICLE 3. COUNTY ELECTED OFFICIALS' SALARY COMMISSION
LOCATION AND BOUNDARIES
ARTICLE 5.COUNTY BOUNDARIES
ARTICLE 6. LOCATION, CHANGE, AND SETTLEMENT OF BOUNDARIES
ARTICLE 7. COUNTY SEATS DESIGNATED
ARTICLE 8. LOCATION AND REMOVAL OF COUNTY SEATS
COUNTY OFFICERS
ARTICLE 10.COUNTY OFFICERS
COUNTY POWERS AND FUNCTIONS
ARTICLE 11.COUNTY POWERS AND FUNCTIONS
ARTICLE 12. LOCAL ACCESS TO HEALTH CARE PILOT PROGRAM
ARTICLE 15. REGULATION UNDER POLICE POWER
ARTICLE 17. COUNTY ASSISTANCE FOR THE POOR
ARTICLE 20. PUBLIC IMPROVEMENTS
ARTICLE 24. COUNTY AGRICULTURAL RESEARCH
ARTICLE 25.ADMINISTRATION
ARTICLE 26. BONDS
COUNTY PLANNING AND BUILDING CODES
ARTICLE 28.COUNTY PLANNING AND BUILDING CODES
APPORTIONMENT OF FEDERAL MONEYS
ARTICLE 29.APPORTIONMENT OF FEDERAL MONEYS FROM PUBLIC LANDS
FLOOD CONTROL
ARTICLE 30.CONTROL OF STREAM FLOW
HOME RULE
ARTICLE 35.HOME RULE COUNTIES
TITLE 31. GOVERNMENT - MUNICIPAL
TITLE 32. SPECIAL DISTRICTS
TITLE 33. PARKS AND WILDLIFE


A 16

## 16-2.5-101. Peace officer - description - general authority

(1) A person who is included within the provisions of this article and who meets all standards imposed by law on a peace officer is a peace officer, and, notwithstanding any other provision of law, no person other than a person designated in this article is a peace officer. A peace officer may be certified by the peace officers standards and training board pursuant to part 3 of article 31 of title 24, C.R.S., and, at a minimum, has the authority to enforce all laws of the state of Colorado while acting within the scope of his or her authority and in the performance of his or her duties, unless otherwise limited within this part 1.

(2) A peace officer certified by the peace officers standards and training board shall have the authority to carry firearms at all times, concealed or otherwise, subject to the written firearms policy created by the agency employing the peace officer. All other peace officers shall have the authority to carry firearms, concealed or otherwise, while engaged in the performance of their duties or as otherwise authorized by the written policy of the agency employing the officer.

(3) As used in every statute, unless the context otherwise requires, "law enforcement officer" means a peace officer.

HISTORY: Source:. L 2003: Entire article added, p. 1605, § 2, effective August 6.L 2006: (1) amended, p. 27, § 1, effective July 1, 2007.

Editor's note: Articles 1 to 13 of this title were numbered as articles 1 to 13 of chapter 39, C.R.S. 1963. The provisions of those articles were repealed and reenacted in 1972, resulting in the addition, relocation, and elimination of sections as well as subject matter. For amendments to those articles prior to 1972, consult the Colorado statutory research explanatory note beginning on page vii in the front of this volume. For a detailed comparison of those articles, see the comparative tables located in the back of the index.

ANNOTATION

Annotator's note. Since § 16-2.5-101 is similar to repealed § 18-1-901 (3)(l), relevant cases construing that provision have been included in the annotations to this section.

Jailer included as peace officer. The jailer is a deputy sheriff and as such is a peace officer within the definition of subsection (3)(l). People v. Shockley, 41 Colo. App. 515, 591 P.2d 589 (1978).

Fellow officer doctrine applicable to parole officer. By definition in the "Colorado Criminal Code", the parole officer is a "peace officer", and there is no persuasive reason why a parole officer should not come within the fellow officer doctrine. People v. Bergstrom, 190 Colo. 105, 544 P.2d 396 (1975).

Under the "fellow officer rule", a sheriff's deputies were entitled to rely upon and accept the information supplied by the parole officer. People v. Bergstrom, 190 Colo. 105, 544 P.2d 396 (1975).

For purposes of the reference to subsection (3)(l)(I) made in § 24 -31-302 (5), the certification requirement does not constitute a part of that the referenced definition. Fraternal Order, No. 27 v. Denver, 914 P.2d 483 (Colo. App. 1995).

The phrase "has the authority to enforce all the laws of the state of Colorado while acting within the scope of his authority and in the performance of his duties", does not constitute a part of the definition of peace officer, level I. Fraternal Order, No. 27 v. Denver, 914 P.2d 483 (Colo. App. 1995).

Applied in People v. Roberts, 43 Colo. App. 100, 601 P.2d 654 (1979); People v. Herrera, 633 P.2d 1091 (Colo. App. 1981).

## 16-2.5-102. Certified peace officer - P.O.S.T. certification required

The following peace officers shall meet all the standards imposed by law on a peace officer and shall be certified by the peace officers standards and training board, referred to in this article as the "P.O.S.T. board": A chief of police; a police officer ; a sheriff; an undersheriff; a deputy sheriff; a Colorado state patrol officer; a town marshal; a deputy town marshal; a reserve police officer; a reserve deputy sheriff; a reserve deputy town marshal; the director of the Colorado bureau of investigation; a police officer or reserve police officer employed by a state institution of higher education; a Colorado wildlife officer; a Colorado parks and recreation officer; a Colorado police administrator or police officer employed by the Colorado mental health institute at Pueblo; an attorney general criminal investigator; a community parole officer; a public transit officer; a municipal court marshal; and the department of corrections inspector general.

HISTORY: Source:. L 2003: Entire article added, p. 1606, § 2, effective August 6.L 2004: Entire section amended, p. 1162, § 2, effective May 27.L 2008: Entire section amended, p. 85, § 1, effective March 18.L 2010: Entire section amended, (HB 10 -1422), ch. 419, p. 2069, § 26, effective August 11.

## 16-2.5-103. Sheriff - undersheriff - certified deputy sheriff - noncertified deputy sheriff

(1) A sheriff, an undersheriff, and a deputy sheriff are peace officers whose authority shall include the enforcement of all laws of the state of Colorado. A sheriff shall be certified by the P.O.S.T. board pursuant to section 30 -10-501.6, C.R.S. An undersheriff and a deputy sheriff shall be certified by the P.O.S.T. board.

(2) A noncertified deputy sheriff or detention officer is a peace officer employed by a county or city and county whose authority is limited to the duties assigned by and while working under the direction of the chief of police, sheriff, an official who has the duties of a sheriff in a city and county, or chief executive of the employing law enforcement agency.

HISTORY: Source: L 2003: Entire article added, p. 1606, § 2, effective August 6.

## 16-2.5-105. Police officer

A police officer, including a chief of police employed by a municipality, is a peace officer whose authority shall include the enforcement of all laws of the state of Colorado and who shall be certified by the P.O.S.T. board.

HISTORY: Source: L 2003: Entire article added, p. 1606, § 2, effective August 6.

## 16-2.5-130. P.O.S.T. director - P.O.S.T. board investigator

The director of the P.O.S.T. board and a P.O.S.T. board investigator are peace officers while engaged in the performance of their duties whose primary authority shall include the enforcement of laws and rules pertaining to the training and certification of peace officers and shall include the enforcement of all laws of the state of Colorado and who may be certified by the P.O.S.T. board.

HISTORY: Source: L 2003: Entire article added, p. 1611, § 2, effective August 6.

A12

## 30-10-501.6. Training

(1) Every person elected or appointed to the office of sheriff for the first time shall:

(a) Attend a minimum of eighty clock hours at a new sheriff training course developed and facilitated either by the county sheriffs of Colorado, Incorporated, or any other training resource agency approved by the Colorado peace officers standards and training board, the first time such training course is given after the person's election or appointment. The Colorado peace officers standards and training board shall have discretion to allow the substitution of any combination of education, experience, and training deemed by the board to be equivalent to such new sheriff training course.

(b) Obtain basic peace officer certification within one year of taking office. An extension may be granted by the Colorado peace officers standards and training board of up to one year to obtain such certification upon just cause shown. The Colorado peace officers standards and training board shall issue written findings of fact supporting such an extension.

(2) Every sheriff must possess basic peace officer certification and shall undergo at least twenty clock hours of in -service training provided by the county sheriffs of Colorado, Incorporated, every year during such sheriff's term. The Colorado peace officers standards and training board shall have discretion to waive in -service training upon presentation of evidence by the sheriff demonstrating just cause for noncompletion of such training. The Colorado peace officers standards and training board shall have discretion to allow the substitution of any combination of education, experience, and training deemed by the board to be equivalent to such in -service training of at least twenty clock hours annually.

(3) The county shall only pay all reasonable costs and expenses of new sheriff and in -service training.

HISTORY: Source: L. 97: Entire section added, p. 926, § 2, effective May 21. FOCUS™ Terms Search Within Original Results (1 - 18) Selected Documents

Advanced...View Tutorial

1 - 10 of 18

1. C.R.S. 30-10-501.6 (2012), TITLE 30. GOVERNMENT - COUNTY, COUNTY OFFICERS, ARTICLE 10.COUNTY OFFICERS, PART 5. SHERIFF, 30 -10-501.6. Training, COLORADO REVISED STATUTES

CORE TERMS: training, peace officers, in-service, clock hours, certification, county sheriffs, training course, substitution

... sheriffs of Colorado, Incorporated, or any other training resource agency approved by the Colorado peace officers standards and training board, the first time such training course is given after the person's election or appointment. The Colorado peace officers standards and training board shall have discretion to allow the substitution of any combination of education, experience, and training deemed by the ...
... within one year of taking office. An extension may be granted by the Colorado peace officers standards and training board of up to one year to obtain such certification upon just cause shown. The Colorado peace officers standards and training board shall issue written findings of fact supporting such an extension. (2) Every sheriff ...
... county sheriffs of Colorado, Incorporated, every year during such sheriff's term. The Colorado peace officers standards and training board shall have discretion to waive in -service training upon presentation of evidence by the sheriff demonstrating just cause for noncompletion of such training. The Colorado peace officers standards and training board shall have discretion to allow the substitution of any combination of education, experience, and training deemed by the ...

2. C.R.S. 42-5-206 (2012), TITLE 42. VEHICLES AND TRAFFIC, AUTOMOBILE THEFT LAW, ARTICLE 5.AUTOMOBILE THEFT LAW - INSPECTIONOF MOTOR VEHICLE IDENTIFICATION NUMBERS, PART 2. VEHICLE IDENTIFICATION NUMBER INSPECTION, 42-5-206. Certification of inspectors, COLORADO REVISED STATUTES

CORE TERMS: peace officer, identification numbers, training course, certification, inspection, inspector, training, satisfactorily, dollars per, actual expenses, municipality, dollars

... shall be an inspector of vehicle identification numbers unless the peace officer has been certified by the peace officers standards and training board pursuant to section 24 -31-303 (1) (e), C.R.S. In order to be ...
... shall be certified as an inspector of vehicle identification numbers if the peace officer is able to demonstrate to the peace officers standards and training board that the peace officer has had sixteen hours or more of vehicle identification number inspection training which is ...
... complete a vehicle identification number inspection training course approved by the peace officers standards and training board and pay a fee to the board for the cost of the certification not to exceed twenty - ...

3. C.R.S. 24-7.5-106 (2012), TITLE 24. GOVERNMENT - STATE, ADMINISTRATION, ARTICLE 7.5. COLORADO HIGHER EDUCATION POLICE OFFICERS, 24 -7.5-106. Peace officers standards and training board evaluation and recommendation - legislative authorization of peace officer status required, COLORADO REVISED STATUTES

... not be designated as police officers after June 3, 2004, without completing the peace officers standards and training board processes described in sections 16 -2.5-201 and 16-2.5-202, ...

4. C.R.S. 24-7-106 (2012), TITLE 24. GOVERNMENT - STATE, ADMINISTRATION, ARTICLE 7. STATE SECURITY OFFICERS, 24 -7-106. Peace officers standards and training board evaluation and recommendation - legislative authorization of peace officer status required, COLORADO REVISED STATUTES

... not be designated as peace officers, after June 3, 2004, without completing the peace officer standards and training board processes described in sections 16 -2.5-201 and 16-2.5-202, ...

5. C.R.S. 16-2.5-101 (2012), TITLE 16. CRIMINAL PROCEEDINGS, CODE OF CRIMINAL PROCEDURE, ARTICLE 2.5. PEACE OFFICERS, PART 1. PEACE OFFICERS, 16 -2.5-101. Peace officer - description - general authority, COLORADO REVISED STATUTES

CORE TERMS: peace officer, carry firearms, concealed, employing, training

... article is a peace officer. A peace officer may be certified by the peace officers standards and training board pursuant to part 3 of article 31 of title 24, C.R.S., and, at a minimum, has the ...
... limited within this part 1. (2) A peace officer certified by the peace officers standards and training board shall have the authority to carry firearms at all times, concealed or otherwise, subject to the written firearms ...

6. C.R.S. 30-10-501.7 (2012), TITLE 30. GOVERNMENT - COUNTY, COUNTY OFFICERS, ARTICLE 10.COUNTY OFFICERS, PART 5. SHERIFF, 30 -10-501.7. Enforcement, COLORADO REVISED STATUTES

CORE TERMS: county commissioners, law requires, peace officers, training, notify

... 2) In any circumstances set forth in subsection (1) of this section, the Colorado peace officers standards and training board shall notify the board of county commissioners of the sheriff's failure to comply with the requirements of said subsection ( ...
... complied with. After the sheriff's compliance with the provisions of section 30 -10-501.6, the Colorado peace officers standards and training board shall immediately notify the board of county commissioners of the sheriff's compliance and that state law ...

7. C.R.S. 24-1-113 (2012), TITLE 24. GOVERNMENT - STATE, ADMINISTRATION, ARTICLE 1.ADMINISTRATIVE ORGANIZATION ACT OF 1968, 24 -1-113. Department of law - creation, COLORADO REVISED STATUTES

CORE TERMS: solicitor general, transferred, state constitution, attorney general, peace officers, training, atype

... transferred by atype 2 transfer, as a division thereof. (c) Repealed. (d) The peace officers standards and training board created in part 3 of article 31 of this title. The peace officers standards and training board shall exercise its powers and perform its duties under the department of law as if the same were transferred ...

8. C.R.S. 24-33.5-106 (2012), TITLE 24. GOVERNMENT - STATE, PRINCIPAL DEPARTMENTS, ARTICLE 33.5. PUBLIC SAFETY, PART 1. DEPARTMENT OF PUBLIC SAFETY, 24 -33.5-106. Witness protection board - creation - Javad Marshall-Fields and Vivian Wolfe witness protection program - witness protection fund, COLORADO REVISED STATUTES

CORE TERMS: law enforcement agencies, public safety, curriculum, training, district attorneys, potential witness, immediate family, peace officers, general assembly, general fund, executive director, prosecution witness, fiscal year, appropriations, transferred, credited

... witness protection curriculum developed by the witness protection board shall be provided to the peace officers standards and training board. The peace officers standards and training board shall provide the training curriculum to any law enforcement agency upon request and may ...
... in the state that develops its own witness protection curriculum may provide the curriculum to the peace officers standards and training board which shall make that curriculum available to any law enforcement agency in the state upon ...

9. C.R.S. 24-31-302 (2012), TITLE 24. GOVERNMENT - STATE, PRINCIPAL DEPARTMENTS, ARTICLE 31. DEPARTMENT OF LAW, PART 3. PEACE OFFICERS STANDARDS AND TRAINING, 24 -31-302. Creation of board, COLORADO REVISED STATUTES

CORE TERMS: peace officers, local government, appointment, training, governor, vacancy

(1) There is hereby created, within the department of law, the peace officers standards and training board, referred to in this part 3 as the "P.O.S.T. board". (2) The P.O.S.T. board shall ...

10. C.R.S. 16-2.5-102 (2012), TITLE 16. CRIMINAL PROCEEDINGS, CODE OF CRIMINAL PROCEDURE, ARTICLE 2.5. PEACE OFFICERS, PART 1. PEACE OFFICERS, 16 -2.5-102. Certified peace officer - P.O.S.T. certification required, COLORADO REVISED STATUTES

A 18

CORE TERMS: peace officer, police officer, marshal, deputy sheriff, deputy

... standards imposed by law on a peace officer and shall be certified by the peace officers standards and training board, referred to in this article as the "P.O.S.T. board": A chief of police; a police ...

11. C.R.S. 24 -7.5-105 (2012), TITLE 24. GOVERNMENT - STATE, ADMINISTRATION, ARTICLE 7.5. COLORADO HIGHER EDUCATION POLICE OFFICERS, 24 -7.5-105. Officers' qualifications, COLORADO REVISED STATUTES

... by the director. State higher education police officers shall be certified by the peace officers standards and training board.

12. C.R.S. 33-32-108 (2012), TITLE 33. PARKS AND WILDLIFE, OUTDOOR RECREATION, ARTICLE 32. RIVER OUTFITTERS, 33 -32-108. Enforcement, COLORADO REVISED STATUTES

CORE TERMS: river, outfitter, wildlife, cease, peace officer, order issued, cease and desist order, promulgated, violating, desist, authorized representative, division of parks, governmental entity, rescue efforts, cash fund, recreation, reimbursed, stemming, credited, outdoor

... wildlife officer or any sheriff or city and county law enforcement officer certified by the peace officers standards and training board pursuant to part 3 of article 31 of title 24, C.R.S. (2) (a) Any ...

13. C.R.S. 18-12-202 (2012), TITLE 18. CRIMINAL CODE, ARTICLE 12. OFFENSES RELATING TO FIREARMS AND WEAPONS, PART 2. PERMITS TO CARRY CONCEALED HANDGUNS, 18 -12-202. Definitions, COLORADO REVISED STATUTES

CORE TERMS: firearms, instructor, training, handgun, alcoholic, law enforcement agency, alcohol -related, certificate, concealed, designee, bureau, taught

... a) A county, municipal, state, or federal law enforcement agency; (b) The peace officers standards and training board created in section 24 -31-302, C.R.S.; (c) A federal ...

14. C.R.S. 24-31-102 (2012), TITLE 24. GOVERNMENT - STATE, PRINCIPAL DEPARTMENTS, ARTICLE 31. DEPARTMENT OF LAW, PART 1. ATTORNEY GENERAL, 24 -31-102. Offices, boards, and divisions, COLORADO REVISED STATUTES

... solicitor general, including the office of state solicitor general; (c) Repealed. (d) The peace officers standards and training board created in part 3 of this article.

15. C.R.S. 33-10-109 (2012), TITLE 33. PARKS AND WILDLIFE, PARKS, ARTICLE 10.PARKS - GENERAL PROVISIONS, 33-10-109. Powers and duties of director, COLORADO REVISED STATUTES

CORE TERMS: recreation, training, power to enforce, enforcement agencies, certification, agriculture, cooperation, personnel, cooperate, wildlife, card

... officer has satisfied the certification requirements established by the division, including basic certification from the peace officers standards and training board. Certified parks and recreation officers shall have the power to enforce the provisions of articles 10 to ...

16. C.R.S. 29-1-206 (2012), TITLE 29. GOVERNMENT - LOCAL, GENERAL PROVISIONS, ARTICLE 1.BUDGET AND SERVICES, PART 2. INTERGOVERNMENTAL RELATIONSHIPS, 29 -1-206. Law enforcement agreements, COLORADO REVISED STATUTES

CORE TERMS: bordering, law enforcement, peace officer, intergovernmental, municipality

... shall be certified as a peace officer in the other state and shall apply to the peace officers standards and training board created pursuant to section 24 -31-302, C.R.S., for recognition prior to an ...

17. C.R.S. 10-2-415.5 (2012), TITLE 10. INSURANCE, LICENSES, ARTICLE 2.LICENSES, PART 4. LICENSING AND APPOINTMENT OF INSURANCE PRODUCERS, 10 -2-415.5. Appointment of insurance producer - continuation - renewal - exceptions, COLORADO REVISED STATUTES

CORE TERMS: producer, bail, appointment, renewal, bail bonds, appointed, training, license, clock hours, discontinued, prelicensure, appointee, insurer's, invoice

... hours of training in bail recovery practices that complies with standards established by the peace officers standards and training board under section 24 -31-303 (1) (h), C.R.S. (II) This paragraph ( ...

18. C.R.S. 42-3-304 (2012), TITLE 42. VEHICLES AND TRAFFIC, TAXATION, ARTICLE 3.REGISTRATION, TAXATION, AND LICENSE PLATES, PART 3. FEES AND CASH FUNDS, 42 -3-304. Registration fees - passenger and passenger-mile taxes - clean screen fund - repeal, COLORADO REVISED STATUTES

CORE TERMS: registration, dollar, clean, screen, motor vehicle, license plates, highway, state treasurer, appropriation, fees imposed, registration fees, public health, annual, plates, air, general assembly, emissions, truck, users, years old, fiscal year, identification, manufacturer's, inspection, motorist, authorized agents, registered, dealer, transmitted, subaccount

... section 43-4-203, C.R.S., such fee shall be transmitted to the state treasurer, who shall credit the same to the peace officers standards and training board cash fund, created in section 24 -31-303 (2) (b), ...
... moneys in the fund that are collected pursuant to this subsection (24) shall be used by the peace officers standards and training board for the purposes specified in section 24 -31-310, C.R.S.

View Cite Custom Full KWIC TOC
11 - 18 of 18

Aug. 25 Arrest Hold
Muni Offense
1. Arrest Lawfully y ... or n
2. Hold Lawful y ... or n

C.R.S. 16-3-101 (2012)

1. 16-3-101. Arrest - when and how made 6.

(1) An arrest may be made on any day and at any time of the day or night.

(2) All necessary and reasonable force may be used in making an arrest.

(3) All necessary and reasonable force may be used to effect an entry upon any building or property or part thereof to make an authorized arrest.

HISTORY: Source: L. 72: R&RE, p. 197, § 1. C.R.S. 1963: § 39 -3-101.

Editor's note: Articles 1 to 13 of this title were numbered as articles 1 to 13 of chapter 39, C.R.S. 1963. The provisions of those articles were repealed and reenacted in 1972, resulting in the addition, relocation, and elimination of sections as well as subject matter. For amendments to those articles prior to 1972, consult the Colorado statutory research explanatory note beginning on page vii in the front of this volume. For a detailed comparison of those articles, see the comparative tables located in the back of the index.

Editor's note: This article was repealed and reenacted in 1972. For historical information concerning the repeal and reenactment, see the editor's note before the article 1 heading.

ANNOTATION

Persons and evidence may be protected. Police officers can, when in hot pursuit and when confronted with exigent circumstances, act to protect themselves and to prevent the destruction of evidence or injury to another. People v. Vaughns, 175 Colo. 369, 489 P.2d 591 (1971) (decided prior to enactment of § 39 -3-101, C.R.S. 1963, the earliest source of § 16 -3-101).

2. 16-3-102. Arrest by peace officer.

(1) A peace officer may arrest a person when:

(a) He has a warrant commanding that such person be arrested; or

(b) Any crime has been or is being committed by such person in his presence; or

(c) He has probable cause to believe that an offense was committed and has probable cause to believe that the offense was committed by the person to be arrested.

HISTORY: Source: L. 72: R&RE, p. 198, § 1. C.R.S. 1963: § 39 -3-102.L. 77: (1)(c) amended, p. 850, § 1, effective May 20.

ANNOTATION

I. General Consideration.
II. Arrest Pursuant to Warrant.
III. Warrantless Arrest.
 A. In General.
 B. Commission of Crime.
 C. Probable Cause.

I.GENERAL CONSIDERATION.

Law reviews. For article, "Criminal Law", see 32 Dicta 409 (1955). For article, "Highlights of the 1955 Legislative Session -- Criminal Law and Procedure", see 28 Rocky Mt. L. Rev. 69 (1955). For article, "One Year Review of Criminal Law and Procedure", see 39 Dicta 81 (1962). For comment, "Payton v. New York: The Supreme Court Reverses the Common Law Warrantless Arrest Requirements", see 58 Den. L.J. 197 (1980). For article, "The Demise of the Aquilar -Spinelli Rule: A Case of Faulty Reception", see 61 Den. L.J. 431 (1984). For comment, "People v. Thomas: Furtive Gestures as an Element of Reasonable Suspicion -- The Ongoing Struggle to Determine a Standard", see 61 Den. L.J. 579 (1984). For article, "Criminal Procedure", which discusses a Tenth Circuit decision dealing with stops and arrests, see 62 Den. U.L. Rev. 165 (1985). For article, "Using Local Police Powers to Protect the Environment", see 24 Colo. Law. 1063 (1995).

Annotator's note. Since § 16-3-102 is similar to repealed § 39-2-20, C.R.S. 1963, and CSA, C. 48, § 432, relevant cases construing those provisions have been included in the annotations to this section.

Unlawful arrest is not official act. If an arrest is not a lawful one, if it is made under a void warrant or without a warrant in a case where a warrant is required, or if it is not made in such circumstances as justify the arrest without a warrant, the officer is not acting in his official capacity, either by virtue of, or under color of, office; and they are merely his private or personal acts for which his sureties are not liable. Johnson v. Enlow, 132 Colo. 101, 286 P.2d 630 (1955).

And question is for jury. Where there is a dispute in the evidence as to whether there was in fact an unlawful arrest, the question is for the jury. McDaniel v. People, 179 Colo. 153, 499 P.2d 613, cert. denied, 409 U.S. 1060, 93 S. Ct. 558, 34 L. Ed.2d 512 (1972).

The probable cause requirement is applicable whether the arrest is made with or without a warrant. People v. Hoinville, 191 Colo. 357, 553 P.2d 777 (1976).

An arrest with or without a warrant must stand on firmer ground than mere suspicion. People v. Weinert, 174 Colo. 71, 482 P.2d 103 (1971).

Applied in People v. Apodaca, 38 Colo. App. 395, 561 P.2d 351 (1976), aff'd, 194 Colo. 1324, 571 P.2d 1109 (1977); People v. Conner, 195 Colo. 525, 579 P.2d 1160 (1978); People v. Lott, 197 Colo. 78, 589 P.2d 945 (1979); People v. Rothe, 43 Colo. App. 274 , 606 P.2d 79 (1979); People v. Smith, 620 P.2d 232 (Colo. 1980); People v. Eichelberger, 620 P.2d 1067 (Colo. 1980); People v. Wolf, 635 P.2d 213 (Colo. 1981); People v. Bustam, 641 P.2d 968 (Colo. 1982); People v. Roybal, 655 P.2d 410 (Colo. 1982); People v. Hamilton, 666 P.2d 152 (Colo. 1983); People v. Florez, 680 P.2d 219 (Colo. 1984).

II.ARREST PURSUANT TO WARRANT.

Even though an arrest warrant is invalid, the arrest may be upheld if the arresting officer had probable cause to believe that an offense had been committed by the defendant apart from the complaint and the officer was confronted with exigent circumstances. People v. Moreno, 176 Colo. 488, 491 P.2d 575 (1971).

III.WARRANTLESS ARREST.

A.In General.

Law reviews. For note, "The Evolution of the Police Officer's Right to Arrest Without a Warrant in Colorado", see 43 Den. L.J. 366 (1966).

Annotator's note. For further annotations concerning warrantless arrests, see § 7 of art. II, Colo. Const.

Authority to arrest outside territorial jurisdictions. All Colorado police officers have the power to make arrests, even when outside of their territorial jurisdictions, when a crime has been committed in their presence. People v. Bloom, 195 Colo. 246, 577 P.2d 288 (1978).

A peace officer has authority to make arrests without a warrant of persons committing or attempting to commit offenses in his presence, whether the offense be a felony or a misdemeanor, of persons who have committed felonies out of his presence, of persons he has reasonable cause to believe guilty of a felony that has been committed, and of persons charged, upon reasonable cause, with having committed a felony. Johnson v. Enlow, 132 Colo. 101, 286 P.2d 630 (1955).

An officer may make an arrest for violation of a misdemeanor without a warrant if the officer has probable cause or reasonable grounds to believe that an offense has been committed and probable cause or reasonable grounds to believe that a certain individual committed that offense. Beyer v. Young, 32 Colo. App. 273, 513 P.2d 1086 (1973).

Only probable cause and exigent circumstances will excuse statutory warrant requirements. People v. Henry, 195 Colo. 309, 578 P.2d 1041, appeal dismissed, 439 U.S. 961, 99 S. Ct. 445, 58 L. Ed.2d 419 (1978).

Absent exigent circumstances, it is necessary to obtain arrest warrant in order to justify entry into private home to make an arrest. People v. Williams, 200 Colo. 187, 613 P.2d 879 (1980).

Even where probable cause exists. Although police officers have probable cause to believe a suspect committed a crime, nevertheless they may not enter a private residence to effect an arrest in the absence of exigent circumstances. McCall v. People, 623 P.2d 397 (Colo. 1981).

Exigent circumstances encompasses compelling need for immediate police action. The doctrine of exigent circumstances encompasses those situations where, due to an emergency, the compelling need for immediate police action militates against the strict adherence to the warrant requirement. McCall v. People, 623 P.2d 397 (Colo. 1981).

1-6

A 20

People's burden to rebut presumption of unconstitutional arrest without warrant. An arrest without a warrant is presumed to have been unconstitutional, and the state has the burden of rebutting that presumption by showing both that the arrest was supported by probable cause and that it fell within a recognized exception to the warrant requirement. People v. Burns, 200 Colo. 387, 615 P.2d 686 (1980).

The lawfulness of an arrest without a warrant by state officers for a state offense must be determined by state law. People v. Navran, 174 Colo. 222, 483 P.2d 228 (1971).

Remedy for violation of arrest warrant requirement is the exclusion of evidence seized which is tainted as "fruit of the poisonous tree". People v. Henry, 195 Colo. 309, 578 P.2d 1041, appeal dismissed, 439 U.S. 961, 99 S. Ct. 445, 58 L. Ed.2d 419 (1978).

Officer not liable for false arrest and false imprisonment. Where police officer had both probable cause to believe that an offense had been committed and that the plaintiff was the person who had committed it, he was not civilly liable for false arrest and false imprisonment. Beyer v. Young, 32 Colo. App. 273, 513 P.2d 1086 (1973).

Failure of deputy to obtain arrest warrant was justified. People v. Fratus, 187 Colo. 52, 528 P.2d 392 (1974).

Voluntary consent by occupant may constitute valid waiver of warrant requirement. A voluntary consent by an occupant of premises authorizing entry by the police for the purpose of effecting an arrest inside the home may constitute, under appropriate circumstances, a valid waiver of the warrant requirement. McCall v. People, 623 P.2d 397 (Colo. 1981).

Entry into home by preconceived deception lacks consent. Where entry into the home is gained by a preconceived deception as to purpose, consent in the constitutional sense is lacking. McCall v. People, 623 P.2d 397 (Colo. 1981).

Appearance in open doorway may excuse warrant. Where defendant was arrested while standing in the open doorway of his apartment, the warrant requirement was excused. People v. Burns, 200 Colo. 387, 615 P.2d 686 (1980).

When detention by police permissible. The police may detain and require identification of a person if they have a reasonable suspicion, based on objective facts, that the person is involved in criminal conduct. People v. Archuleta, 616 P.2d 977 (Colo. 1980).

Applied in Stubert v. County Court, 163 Colo. 535, 433 P.2d 97 (1967).

B.Commission of Crime.

This section permits a police officer to arrest a person who has committed a crime in the officer's presence. Section 16 -2-201 does not limit that authority. An officer may arrest when a crime occurs in his or her presence. When that crime is a class two petty offense, the arresting officer may, pursuant to § 16-2-201, either take the arrested suspect before a judge or release the suspect after issuing a penalty assessment. Police compliance with both statutes is achieved because, even though they conduct a full custodial arrest and search, police "may" still release the offender without taking him before a judge. A custodial arrest and a discretionary release are not mutually exclusive under § 16 -2-201. People v. Triantos, 55 P.3d 131 (Colo. 2002).

Arrest not limited to where crime has in fact been committed. The theory that under this section a lawful arrest without a warrant cannot be made unless a crime has in fact been committed and that the person arrested committed it is without merit. Van Camp v. Gray, 440 F.2d 777 (10th Cir. 1971).

However, a court must determine whether the facts available to a reasonably cautious officer at the moment of arrest would warrant his belief that an offense has been or is being committed. People v. Navran, 174 Colo. 222, 483 P.2d 228 (1971).

Warrant is unnecessary where breach of peace witnessed. Schindelar v. Michaud, 411 F.2d 80 (10th Cir.), cert. denied, 396 U.S. 956, 90 S. Ct. 426, 24 L. Ed.2d 420 (1969).

C.Probable Cause.

This section permits warrantless arrests by an officer when a criminal offense had in fact been committed and the officer had reasonable grounds for believing the person to be arrested had committed the offense. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971); People v. Pickett, 194 Colo. 178, 571 P.2d 1078 (1977); People v. Saars, 196 Colo. 294, 584 P.2d 622 (1978).

And such is "constitutional". This section, which authorizes an officer to make an arrest without a warrant when a criminal offense has in fact been committed and he has reasonable grounds for believing that the person to be arrested has committed it, is consonant with the case law of the United States supreme court and the supreme court of Colorado. People v. Nelson, 172 Colo. 456, 474 P.2d 158 (1970).

The terms "probable cause" and "reasonable grounds" are substantially equivalent in meaning. Gonzales v. People, 156 Colo. 252, 398 P.2d 236, cert. denied, 381 U.S. 945, 85 S. Ct. 1788, 14 L. Ed.2d 709 (1965); People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970); People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971); Glass v. People, 177 Colo. 267, 493 P.2d 1347 (1972).

And so this section authorizing an arrest without a warrant is satisfied if the arresting officer has probable cause or reasonable grounds to believe that a crime has been committed and that the person arrested committed it. Van Camp v. Gray, 440 F.2d 777 (10th Cir. 1971).

For a warrantless arrest, officers must have probable cause to believe not only that an offense had been committed, but that the person to be arrested had committed it. People v. Boileau, 36 Colo. App. 157, 538 P.2d 484 (1975); People v. Hoinville, 191 Colo. 357, 553 P.2d 777 (1976).

Probable cause is the touchstone for measuring the right to arrest without a warrant. People v. Fratus, 187 Colo. 52, 528 P.2d 392 (1974).

And valid arrest by a peace officer must be supported by probable cause. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Violation of municipal ordinance included. Since the violation of a municipal ordinance is a criminal offense, then as a matter of law, where the police have reasonable ground for believing that defendants have committed such offense, an attempted arrest is altogether lawful and the police would be derelict in the performance of their duty if they refuse to act. Boyer v. Elkins, 154 Colo. 294, 390 P.2d 460, appeal dismissed, 379 U.S. 47, 85 S. Ct. 208, 13 L. Ed.2d 183 (1964).

Flight does not solely justify warrantless arrest. Where the arresting officer knew that a burglary had been committed, his dispatcher had told him of the burglars' purported return, and when he arrived back at the scene he observed the hasty departure of a man who had been talking with the son-in-law, flight may legitimately give rise to suspicion, and evidence of flight may be admissible at trial to show consciousness of guilt, but defendant's running was not in and of itself sufficient to justify a warrantless arrest. People v. Bates, 190 Colo. 291, 546 P.2d 491 (1976).

Exigent circumstances. A police officer may make a warrantless arrest where he has probable cause to believe that the suspect has committed a crime and where the officer is confronted by exigent circumstances. People v. Boileau, 36 Colo. App. 157, 538 P.2d 484 (1975).

Exigent circumstances obviously exist when suspects are speeding from the scene of the crime. To require a warrant would impose an impracticable burden. People v. Cox, 190 Colo. 326, 546 P.2d 956 (1976).

Exigent circumstances sufficient to justify warrantless arrest. People v. Litsey, 192 Colo. 19, 555 P.2d 974 (1976).

Exigent circumstances sufficient to justify warrantless entry into home to make arrest. People v. Williams, 200 Colo. 187, 613 P.2d 879 (1980).

Public security may outweigh warrant preference. When immediate police action is essential to protect the public safety, the warrant preference expressed by this section must, and does, give way to the public security. People v. Henry, 195 Colo. 309, 578 P.2d 1041, appeal dismissed, 439 U.S. 961, 99 S. Ct. 445, 58 L. Ed.2d 419 (1978).

Failure to obtain arrest warrant justified whenever circumstances require immediate action to protect the public safety; this includes the situation where the police are faced with the choice of arresting a suspect without a warrant or allowing him to escape. People v. Cardenas, 42 Colo. App. 61, 592 P.2d 1348 (1979).

Fact that officers may have probable cause to arrest someone else is of no consequence, for, where a defendant is arrested without a warrant, the burden of proving the existence of probable cause in defendant's case is on the prosecution. Mora v. People, 178 Colo. 279, 496 P.2d 1045 (1972).

And physical presence with others, in and of itself, does not provide probable cause to arrest, for guilt by association has never been an acceptable rationale. Mora v. People, 178 Colo. 279, 496 P.2d 1045 (1972).

The mere association with one who commits or has committed crimes, standing alone, does not amount to probable cause for arrest. People v. Crespin, 635 P.2d 918 (Colo. App. 1981).

Nor where one merely changes his direction upon seeing police. Where officers already had one suspect in their car and were questioning him when defendant approached, and at a distance of approximately one block from unmarked police car hesitated, then turned and walked the other way, disappearing around a corner, such circumstances did not show probable cause to arrest, especially where there was nothing in the testimony of the officer to indicate that he considered defendant a suspect in the crime in question or a suspect in any other known criminal act. People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970).

Probable cause deals with the probability that a crime has been or is being committed. People v. Martinez, 173 Colo. 17, 475 P.2d 340 (1970).

The burden of proving probable cause in justification of a warrantless arrest is upon the state. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971); People v. Vaughns, 175 Colo. 369, 489 P.2d 591 (1971); People v. Chacon, 177 Colo. 368, 494 P.2d 79 (1972).

But a belief beyond a reasonable doubt is not required. People v. Martinez, 173 Colo. 17, 475 P.2d 340 (1970).

Rather, probable cause deals with probabilities which are not technical, but rather the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Gonzales v. People, 156 Colo. 252, 398 P.2d 236, cert. denied, 381 U.S. 945, 85 S. Ct. 1788, 14 L. Ed.2d 709 (1965); Lavato v. People, 159 Colo. 223, 411 P.2d 328 (1966); People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970); People v. Clark, 173 Colo. 129, 476 P.2d 564 (1970); People v. Weinert, 174 Colo. 71, 482 P.2d 103 (1971); People v. Saars, 196 Colo. 294, 584 P.2d 622 (1978).

Consequently, probable cause exists where the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense

has been or is being committed. Gonzales v. People, 156 Colo. 252, 398 P.2d 236, cert. denied, 381 U.S. 945, 85 S. Ct. 1788, 14 L. Ed.2d 709 (1965); Lavato v. People, 159 Colo. 223, 411 P.2d 328 (1966); People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970); People v. Weinert, 174 Colo. 71, 482 P.2d 103 (1971); People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971); Glass v. People, 177 Colo. 267, 493 P.2d 1347 (1972); People v. Williams, 186 Colo. 72, 525 P.2d 463 (1974); People v. Boileau, 36 Colo. App. 157, 538 P.2d 484 (1975).

Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a person of reasonable caution to believe an offense has been or is being committed. People v. Rueda, 649 P.2d 1106 (Colo. 1982); People v. Martinez, 689 P.2d 653 (Colo. App. 1984).

Probable cause arises only where the facts and circumstances within the officer's knowledge suffice to warrant a reasonably prudent person in the belief that the person to be arrested committed or is committing a criminal offense. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Although precise point of officer's belief cannot be determined. If the circumstances at the time of an arrest are sufficient to justify a finding that probable cause existed, the court will so find even though the precise point at which the officer's hunch became suspicion and then progressed to reasonable belief is impossible to determine with certainty. Lanford v. People, 176 Colo. 109, 489 P.2d 210 (1971).

This level of probability must exist at the actual moment of arrest, and must be based on known facts, not on mere rumor or conjecture. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Suspicion and rumor alone would fall short of probable cause. Lucero v. People, 165 Colo. 315, 438 P.2d 693, cert. denied, 393 U.S. 893, 89 S. Ct. 217, 21 L. Ed.2d 173 (1968); People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).

It is basic that an arrest without a warrant must stand upon firmer ground than suspicion, though the arresting officer need not have in hand evidence which would suffice to convict. People v. Vaughns, 182 Colo. 328, 513 P.2d 196 (1973); People v. Gonzales, 186 Colo. 48, 525 P.2d 1139 (1974).

Mere suspicion does not constitute probable cause for a warrantless arrest. People v. Montoya, 189 Colo. 106, 538 P.2d 1332 (1975).

Information relied upon to satisfy a warrantless arrest is sufficient if it warrants a reasonably cautious and prudent police officer in believing, in light of his training and experience, that an offense has been committed and that the person arrested probably committed it. However, it need not be of that quality and quantity necessary to satisfy beyond a reasonable doubt. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).

All evidence within knowledge of arresting officer may be considered. In assessing probable cause to arrest without a warrant, all evidence within the knowledge of the arresting officer may be considered even though it may not be competent evidence at trial. People v. Gonzales, 186 Colo. 48, 525 P.2d 1139 (1974).

As well as officer's training and experience. Whether or not the arresting officer reasonably believed a crime had been or was being committed such as to make a warrantless arrest is to be considered in light of the officer's training and experience. People v. Boileau, 36 Colo. App. 157, 538 P.2d 484 (1975).

Same standards for determining probable cause for search or arrest. The same constitutional standards for determining probable cause apply whether a search or an arrest is being effected by police officers, and whether or not the officers have obtained a judicially authorized warrant to arrest or search. People v. Vaughns, 182 Colo. 328, 513 P.2d 196 (1973).

Probable cause standards applicable with or without warrant. Probable cause standards for searches or arrests are applicable whether of not the police have obtained a warrant. People v. Burns, 200 Colo. 387, 615 P.2d 686 (1980).

Probable cause is measured by facts of particular case. The quantum of information which constitutes probable cause for a warrantless arrest must be measured by the facts of the particular case. People v. Vaughns, 182 Colo. 328, 513 P.2d 196 (1973).

The circumstances in each case of warrantless arrest must be considered to determine the reasonableness of police action and the existence of probable cause. People v. Fratus, 187 Colo. 52, 528 P.2d 392 (1974).

Even if the information received by an officer from an informer is hearsay, such information from a reliable informer corroborated by the officers' own observations is sufficient to support a reasonable belief that a crime is being committed. Gonzales v. People, 156 Colo. 252, 398 P.2d 236, cert. denied, 381 U.S. 945, 85 S. Ct. 1788, 14 L. Ed.2d 709 (1965).

For the reasonably trustworthy information relied on may be based upon hearsay and need not be evidence sufficiently competent for admission at the guilt -finding process. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).

In fact, either heavy or almost exclusive reliance on hearsay does not destroy the validity of an arrest without a warrant. Lucero v. People, 165 Colo. 315, 438 P.2d 693, cert. denied, 393 U.S. 893, 89 S. Ct. 217, 21 L. Ed.2d 173 (1968).

The "Aguilar" test for determining probable cause for arrest based upon information received from a police informer is as follows: First, the officer must know the underlying circumstances from which the informant concluded that a crime was being or had been committed by the accused; and second, there must be underlying circumstances from which the officer concluded that information received was reliable. (Based upon Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed.2d 723 (1964)). People v. Martinez, 173 Colo. 17, 475 P.2d 340 (1970).

The test to measure probable cause to arrest, which is based upon information provided by a confidential informant, is met by setting forth the underlying circumstances which established that the informant had a basis in fact for his information and also provided facts which supported the reliability of the informant. People v. Fratus, 187 Colo. 52, 528 P.2d 392 (1974).

First prong of "Aguilar" met. Where informer was not just relying on suspicion or rumor but stated with particularity details of stolen check, such as, amount, payee, maker, and endorsement, and also stated that defendant had talked with him, showed him the check, and told him of defendant's own attempt to cash it, these underlying circumstances were sufficient to lead a reasonable person to believe that a crime had been or was being committed, as they met the first prong of the "Aguilar test" for determining probable cause for arrest. People v. Martinez, 173 Colo. 17, 475 P.2d 340 (1970).

And the second prong of the test was met by virtue of the following evidence: (1) That the informant had previously given reliable information to police; (2) verification by the officer that the stolen check was missing by talking to the payee before defendant's arrest; (3) defendant was riding in the same car described by the informant; and (4) prior to arrest defendant was seen by the officer putting an envelope in a small paper sack. Hence, when such evidence was considered as a whole, it was sufficient for the officer to reasonably believe that informant's information was reliable. People v. Martinez, 173 Colo. 17, 475 P.2d 340 (1970).

Totality of circumstances test. Since the Aguilar-Spinelli two-pronged test for determining probable cause has been abandoned by the United States supreme court in Illinois v. Gates (462 U.S. 213, 103 S.Ct. 2317, 76 L. Ed.2d 527 (1983)) in favor of the totality of the circumstances test, such test was used by the court to make the probable cause determination. People v. Gallegos, 680 P.2d 1294 (Colo. App. 1983); People v. Sullivan, 680 P.2d 851 (Colo. App. 1983).

No factor alone is conclusive in establishing exigent circumstances necessary for a warrantless arrest, as the totality of the circumstances must be examined. People v. Henry, 195 Colo. 309, 578 P.2d 1041, appeal dismissed, 439 U.S. 961, 99 S. Ct. 445, 58 L. Ed.2d 419 (1978).

Informant's information must be reliable. When a tip is received from a confidential informant, there must also be information supplied which establishes the credibility of the informant or indicates that the information was reliable. People v. Hubbard, 184 Colo. 225, 519 P.2d 951 (1974).

Uncorroborated accusation by an informant whose identity and reliability remains untested cannot constitute probable cause. People v. Williams, 186 Colo. 72, 525 P.2d 463 (1974).

When the source of the information is a citizen -informant who was an eyewitness to the crime and is identified, the information is presumed to be reliable, and the prosecution is not required to establish either the credibility of the informant or the reliability of his information. People v. Hubbard, 184 Colo. 225, 519 P.2d 951 (1974); People v. Saars, 196 Colo. 294, 584 P.2d 622 (1978).

Presumption as to trustworthiness of citizen-informant. Although one who qualifies as a "citizen -informant" is presumed trustworthy, this presumption only relates to the likelihood of truthfulness, not to the weight to be accorded the information provided. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Report to authorities does not make uncorroborated speculation probable. Uncorroborated speculation and conjecture by an inexperienced citizen is not transformed into probability by a report to the authorities. Different standards govern observations by experienced peace officers. People v. Severson, 39 Colo. App. 45, 561 P.2d 373 (1977).

Where there is conflicting evidence as to several critical points regarding an informant's information, the prerogative for deciding whether or not probable cause for arrest without a warrant is established is within the domain of the trial judge and, absent a showing of abuse of this prerogative, a reviewing court will not overturn a trial court's ruling. People v. Trujillo, 179 Colo. 428, 500 P.2d 1176 (1972).

Furthermore, details of the crime given to investigating officers by the victim of the crime can be relied upon by the officers and can furnish the basis for their conclusion that a crime had been committed and that certain described persons probably committed it. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).

And where, after investigation, an officer, by his own knowledge, knows that an offense has been committed and corroboration of the suspect's name is obtained by identifying photographs, the officer has probable cause for arrest without a warrant. Lucero v. People, 165 Colo. 315, 438 P.2d 693, cert. denied, 393 U.S. 893, 89 S. Ct. 217, 21 L. Ed.2d 173 (1968).

But it is not necessary for the arresting officer to know of the reliability of the informer or to be himself in possession of information sufficient to constitute probable cause, if he acts upon the direction of, or as a result of, communication with a brother officer or that of another police department and provided the police as a whole are in possession of information sufficient to constitute probable cause to make the arrest. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).

Thus, a police officer has the right to rely upon information relayed to him by his fellow law enforcement officers. People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).

As the fellow-officer rule permits a police officer to rely upon and accept information provided by another officer in determining whether there is probable cause for warrantless arrest. People v. Vaughns, 175 Colo. 369, 489 P.2d 591 (1971).

So when police officers are informed by a telephone call from officers in another jurisdiction from which a package of contraband was sent, the officers have probable cause to arrest a person without a warrant when he claims the package. People v. Hankin, 179 Colo. 70, 498 P.2d 1116 (1972).

All officers at arrest need not be informed. Where the officer who made the arrest had talked to the informant and had knowledge of all of the facts comprising probable cause, whether another officer who was present at the arrest was aware of the information given by the informant is immaterial. People v. Crespin, 635 P.2d 918 (Colo. App. 1981).

Illegal arrest cannot be justified. Neither the fellow-officer rule nor the validity of an exchange of information between police officers can justify an otherwise illegal arrest. People v. Hubbard, 184 Colo. 225, 519 P.2d 951 (1974); People v. Saars, 196 Colo. 294, 584 P.2d 622 (1978).

By claiming package, defendant becomes an active participant. Where officers had probable cause to believe that a course of criminal conduct involving packaged contraband had been initiated in another state in which defendant was likely to become involved and defendant appears to claim the package, then, under the circumstances, the defendant became an active participant in the criminal conduct for which his arrest could be lawfully effected without a warrant. People v. Hively, 173 Colo. 485, 480 P.2d 558 (1971).

Moreover, evidence in plain view can be relied on. Where police officers are in a place where they have a right to be, they are not required to close their eyes to evidence in plain view, and the sight of such evidence can properly form the basis for a determination of probable cause to make an arrest. People v. McGahey, 179 Colo. 401, 500 P.2d 977 (1972); Avalos v. People, 179 Colo. 88, 498 P.2d 1141 (1972).

And in a situation involving an "arrangement" by the police to purchase drugs, where an officer, by prearranged signal, flashed his brake lights to indicate to other officers hiding nearby that the deal was completed, whereupon the officers approached a v ehicle which had previously pulled up to the scene and ordered its driver to come out, and where, after arresting defendant as he stepped from the vehicle, the officer noticed that a package on the front seat was in plain view, which he seized and which later pr oved to contain additional quantities of illegal drugs, then, under the circumstances, the officer had probable cause to arrest the driver. People v. Clark, 173 Colo. 129, 476 P.2d 564 (1970).

Also, probable cause existed where marijuana seen while validly checking registration in vehicle. Where an officer detained defendant for an admitted traffic violation and while performing his duties in this regard inquired for the auto registration, whic h by statute must be either in the possession of the operator or in the vehicle, then, upon the defendant's failure to produce the registration, the officer had the right to look in the vehicle for the registration to inspect it, and when at this time he obser ved a plastic bag containing what he suspected was, and which turned out to be, marijuana, the officer had probable cause to believe a crime was being committed in his presence and had the right and duty to make an arrest. Marquez v. People, 168 Colo. 219, 450 P.2d 349 (1969).

However, facts must be available prior to arrest. The arrest of a defendant can only be justified by the information available to the officer immediately prior to the arrest, and the discovery of contraband on the person of one who is unlawfully arrested does not validate an arrest. People v. Nelson, 172 Colo. 456, 474 P.2d 158 (1970).

Hence, where the mistaken suspicion of an informant on one matter triggered a police investigation which discovered other illegal matters during a search, the officer had no knowledge of any offense being committed in his presence which would have justifi ed the arrest and he had had no report of any crime having been committed in the area by anyone resembling the defendant, and so, since the courts have a responsibility to guard against police conduct which is overbearing or harassing in order to protect the constitutional rights of the individual, the arrest of the defendant was "unreasonable" when tested by the need to arrest under the exigencies of the situation against the invasion of privacy which the arrest entailed, and any evidence obtained was not ad missible. People v. Nelson, 172 Colo. 456, 474 P.2d 158 (1970).

Probable cause for arrest without warrant held to exist. Gonzales v. People, 156 Colo. 252, 398 P.2d 236, cert. denied, 381 U.S. 945, 85 S. Ct. 1788, 14 L. Ed.2d 709 (1965)(marijuana); People v. Bengston, 174 Colo. 131, 482 P.2d 989 (1971)(marijuana); Peo ple v. Ramey, 174 Colo. 250, 483 P.2d 374 (1971); People v. Vaughns, 175 Colo. 369, 489 P.2d 591 (1971); People v. Vigil, 175 Colo. 421, 489 P.2d 593 (1971)(marijuana); Lanford v. People, 176 Colo. 109, 489 P.2d 210 (1971); Hafer v. People, 177 Colo. 52, 492 P.2 d 847 (1972); People v. Duncan, 179 Colo. 253, 500 P.2d 137 (1972); People v. Lucero, 182 Colo. 39, 511 P.2d 468 (1973); People v. Vaughns, 182 Colo. 328, 513 P.2d 196 (1973); People v. Duleff, 183 Colo. 213, 515 P.2d 1239 (1973)(marijuana); People v. Marquez, 183 Colo. 231, 516 P.2d 1134 (1973); People v. Hubbard, 184 Colo. 225, 519 P.2d 951 (1974); People v. Cruz, 186 Colo. 295, 526 P.2d 1315 (1974); People v. Crespin, 635 P.2d 918 (Colo. App. 1981).

If probable cause for arrest does in fact exist, the officer is entitled to make a reasonable search incident to arrest. People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970); People v. Hively, 173 Colo. 485, 480 P.2d 558 (1971); People v. Nanes, 174 Colo. 2 94, 483 P.2d 958 (1971); People v. Hankin, 179 Colo. 70, 498 P.2d 1116 (1972).

And may seize evidence. In a search conducted incident to warrantless arrest, the arresting officers have authority to search for instrumentalities or evidence of the specific crime for which they had probable cause to arrest. People v. Valdez, 182 Colo. 80, 511 P.2d 472 (1973).

If probable cause to arrest is present, evidence can be seized as incident to a lawful arrest. People v. Boileau, 36 Colo. App. 157, 538 P.2d 484 (1975).

An officer conducting a reasonable search, incident to a valid arrest, may seize contraband or articles, the possession of which gives the police officer reason to believe a crime has been committed, even though such articles do not relate to the crime fo r which the defendant was initially arrested. People v. Ortega, 181 Colo. 223, 508 P.2d 784 (1973).

Following Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), the search incident to arrest exception does not apply in this case, and the search of the passenger compartment of defendant's car was unconstitutional. Because statement s defendant made following the discovery of drugs were the fruit of the unlawful search, the evidentiary use of the statements must also be suppressed. Perez v. People, 231 P.3d 957 (Colo. 2010).

Probable cause for arrest for burglary without warrant not shown. People v. Trujillo, 179 Colo. 428, 500 P.2d 1176 (1972).

Where the court finds that probable cause for arrest without a warrant is not shown, the subsequent search and seizures are invalid. People v. Trujillo, 179 Colo. 428, 500 P.2d 1176 (1972).

Evidence obtained subsequent to illegal arrest need not be suppressed, if the taint of the official misconduct has been purged. People v. Henry, 195 Colo. 309, 578 P.2d 1041, appeal dismissed, 439 U.S. 961, 99 S. Ct. 445, 58 L. Ed.2d 419 (1978).

When persons are arrested for minor traffic violations or minor municipal offenses, the instrumentalities or evidence of such crimes is minimal or nonexistent, and thus the scope of a search incident to such a warrantless arrest would be quite limited. Pe ople v. Valdez, 182 Colo. 80, 511 P.2d 472 (1973).

3. 16-3-103. Stopping of suspect. 12:40 States dispatch received call possible DV this area

(1) A peace officer may stop any person who he reasonably suspects is committing, has committed, or is about to commit a crime and may require him to give his name and address, identification if available, and an explanation of his actions. A peace office r shall not require any person who is stopped pursuant to this section to produce or divulge such person's social security number. The stopping shall not constitute an arrest.

(2) When a peace officer has stopped a person for questioning pursuant to this section and reasonably suspects that his personal safety requires it, he may conduct a pat -down search of that person for weapons.

HISTORY: Source: L. 72: R&RE, p. 198, § 1. C.R.S. 1963: § 39 -3-103.L. 83: (1) amended, p. 663, § 2, effective July 1. L. 2001: (1) amended, p. 941, § 9, effective July 1.

Cross references: For the stopping of persons suspected of alcohol - or drug-related traffic offenses, see § 42-4-1302.

ANNOTATION

Law reviews. For comment, "People v. Thomas: Furtive Gestures as an Element of Reasonable Suspicion -- The Ongoing Struggle to Determine a Standard", see 61 Den. L.J. 579 (1984). For article, "Criminal Procedure", which discusses a Tenth Circuit decision dealing with stops and arrests, see 62 Den. U.L. Rev. 165 (1985). For article, "A DUI Primer", see 16 Colo. Law. 2179 (1987).

Different standards govern full-scale arrest and investigatory stops. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Limited, temporary detention permissible though no probable cause to arrest exists. A police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigation of possible criminal behavior even though th ere is no probable cause for arrest. People v. Lucero, 182 Colo. 39, 511 P.2d 468 (1973); People v. Martineau, 185 Colo. 194, 523 P.2d 126 (1974).

There is an area of proper police procedure in which an officer having less than probable cause to arrest may temporarily detain an individual for limited purposes. People v. Marquez, 183 Colo. 231, 516 P.2d 1134 (1973); People v. Schreyer, 640 P.2d 1147 (Colo. 1982).

A temporary police detention in the nature of "field investigation" can be justified by less than probable cause for arrest. People v. Stevens, 183 Colo. 399, 517 P.2d 1336 (1973).

Police officers may make a limited stop on less than probable cause. People v. Montoya, 185 Colo. 299, 524 P.2d 76 (1974).

In certain circumstances a police officer having less than probable cause to arrest may stop an individual for identification purposes and not violate the fourth amendment prohibition against unreasonable search and seizure. People v. Mascarenas, 726 P.2d 644 (Colo. 1986).

Where officer has a reasonable suspicion that an automobile temporary sticker has been altered, officer has authority to make a stop under this section since such alteration would constitute a misdemeanor traffic offense. People v. Thomas, 839 P.2d 1174 ( Colo. 1992).

In order to lawfully detain an individual for questioning: (1) A police officer must have a reasonable suspicion that the individual has committed, or is about to commit, a crime; (2) the purpose of the detention must be reasonable; and (3) the character of the detention must be reasonable when considered in light of the purpose. People v. Stevens, 183 Colo. 399, 517 P.2d 1336 (1973); People v. Montoya, 185 Colo. 299, 524 P.2d 76 (1974); People v. Mascarenas, 726 P.2d 644 (Colo. 1986); People v. Ratcliff, 778 P. 2d 1371 (Colo. 1989); People v. Wilson, 784 P.2d 325 (Colo. 1989); People v. Sutherland, 886 P.2d 681 (Colo. 1994); People v. Rodriguez, 924 P.2d 1100 (Colo. App. 1996), aff'd, 945 P.2d 1351 (Colo. 1997).

The first of these requirements is determined by whether there were specific and articulable facts known to the officer, which taken together with rational inferences from these facts, created a reasonable suspicion of criminal activity to justify the int rusion into the defendant's personal security. People v. Mascarenas, 726 P.2d 644 (Colo. 1986); People v. Wilson, 784 P.2d 325 (Colo. 1989).

Permissible purposes for investigatory stops. Investigatory stops constitute an intermediate response by the police between nondetention and arrest. These procedures are permissible only for the purpose of questioning a suspect, who might otherwise escape , regarding his identity or observed behavior in order temporarily to maintain the status quo while seeking to procure more information regarding possible wrongdoing. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Police may detain and require identification if reasonable suspicion of criminal conduct. The police may detain and require identification of a person if they have a reasonable suspicion, based on objective facts, that the person is involved in criminal conduct. People v. Archuleta, 616 P.2d 977 (Colo. 1980).

The reasonableness of an officer's suspicion is determined from the totality of the circumstances in which the suspicion arose. People v. Bell, 698 P.2d 269 (Colo. 1985); People v. Mascarenas, 726 P.2d 644 (Colo. 1986); People v. Coca, 829 P.2d 385 (Colo. 1992).

Officer's suspicion that the defendant's were connected to the reported criminal activity held reasonable given the defendants' evasive actions and their proximity to the location of the reported burglary shortly after the officer received the dispatch call. People v. Mascarenas, 726 P.2d 644 (Colo. 1986); People v. Sosbe, 789 P.2d 1113 (Colo. 1990).

Investigatory stops. A police officer, lacking probable cause to arrest, may stop a person for investigatory purposes if the officer has a reasonable suspicion that the person stopped is involved in criminal activity. People v. Sosbe, 789 P.2d 1113 (Colo. 1990).

An investigatory stop implicates a seizure that is based on less than probable cause and so it must be brief in duration, limited in scope, and narrow in purpose. People v. Tottenhoff, 691 P.2d 340 (Colo. 1984); Outlaw v. People, 17 P.3d 150 (Colo. 2001).

Construction of § 42-2-113 inconsistent with this section. A construction of § 42 -2-113, which requires that drivers' licenses be displayed to peace officers upon demand, which would give to a police officer unlimited discretionary authority to stop any car at any time for any reason as long as he asked contemporaneously for display of a driver's license would be inconsistent with this section, which specifically limits an officer's authority to stop persons for investigation in the absence of probable cause to arrest. People v. McPherson, 191 Colo. 81, 550 P.2d 311 (1976).

Limited searches of a person for weapons during an investigative detention, when probable cause for arrest is lacking, is permissible, but there must be: (1) Some reason for the officer to confront the citizen in the first place; (2) something in the circumstances, including the citizen's reaction to the confrontation, must give the officer reason to suspect that the citizen may be armed and, thus, dangerous to the officer or others; and (3) the search must be limited to a frisk directed at discovery and appropriation of weapons and not at evidence in general. People v. Martineau, 185 Colo. 194, 523 P.2d 126 (1974); People v. Shackelford, 37 Colo. App. 317, 546 P.2d 964 (1976).

In determining the reasonableness of a search in the situation where the search is not full blown but is rather just a protective search for weapons, the inquiry is a dual one: (1) Was the officer's action justified at its inception; and (2) was the search reasonably related in scope to the circumstances which justified the interference in the first place. People v. Burley, 185 Colo. 224, 523 P.2d 981 (1974).

So long as the officer is entitled to make a forcible stop and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose. People v. Burley, 185 Colo. 224, 523 P.2d 981 (1974).

Protective search for weapons is justified only when circumstances of an otherwise valid stop provides the officer with a reasonable basis to suspect person stopped may be armed and dangerous. People v. Ratcliff, 778 P.2d 1371 (Colo. 1989); People v. Sutherland, 886 P.2d 681 (Colo. 1994).

Based not on hunches and limited in scope. In order to uphold the stop and frisk as reasonable, both the initial confrontation and the subsequent search must have been prompted by the officers' reliance on particular facts, rather than on inarticulable hunches, and the scope of the frisk must be limited to that necessary for the discovery of weapons. People v. Shackelford, 37 Colo. App. 317, 546 P.2d 964 (1976).

Sufficient basis for weapons search to be excepted from warrant requirement. The reasonable apprehension of danger or injury to the police officers -- judged by objective standards -- provides a sufficient basis for a search to fall within the search for weapons exception to the fourth amendment's warrant requirement. People v. Burley, 185 Colo. 224, 523 P.2d 981 (1974).

Based on the totality of the circumstances, the trial court properly denied defendant's motion to suppress evidence obtained during a vehicle search. Trial court properly found that police officer had reasonable suspicion that defendant was engaged in drug trafficking sufficient to justify the investigatory stop. People v. Ramirez, 1 P.3d 233 (Colo. App. 1999).

Even if seizure of person is unconstitutional, evidence abandoned prior to that seizure is not the fruit of the seizure and should not be suppressed. People v. McClain, 149 P.3d 787 (Colo. 2007).

Even if the totality of police officers' conduct rose to the level of a show of authority to constitute a seizure, evidence abandoned prior to the seizure cannot be suppressed. People v. McClain, 149 P.3d 787 (Colo. 2007).

Reasonable grounds to fear suspect armed. Where the arresting officers stopped defendant because he matched description of a suspect who had allegedly committed an act of violence, these circumstances constituted reasonable grounds to fear that the suspect might well be armed, and thus, be potentially dangerous. The officers therefore acted properly in initiating a pat -down search for weapons. People v. Shackelford, 37 Colo. App. 317, 546 P.2d 964 (1976).

Doctrine of allowing investigative stops based upon "reasonable cause" was extended to include information supplied by informants' tips as well as the personal observations of police officers. People v. Lucero, 182 Colo. 39, 511 P.2d 468 (1973).

Stop, search, and seizure of evidence reasonable and justified under circumstances even though conduct was compatible with innocent activity. Informant told police there were three males in the area and that one was wearing a poncho and possibly carrying a rifle. When officers spotted three males, one wearing a poncho, they stopped them for questioning. People v. D.F., 933 P.2d 9 (Colo. 1997).

Officers do not have to observe criminal conduct to corroborate anonymous tip. People v. D.F., 933 P.2d 9 (Colo. 1997).

The record revealed no circumstances which could legitimate the stopping of defendant's vehicle as a temporary detention within the contemplation of this section, where the officers had never seen or heard of defendant before, did not even know if drug trafficking actually had taken place in the house under surveillance, and had no reason to believe the sack defendant carried contained drugs, and where defendant did not violate any traffic laws as he drove away. People v. McPherson, 191 Colo. 81, 550 P. 2d 311 (1976).

Stopping of defendant held not arrest but proper temporary detention in nature of field investigation. People v. Cruz, 186 Colo. 295, 526 P.2d 1315 (1974).

Detention held a full-scale arrest. People v. Severson, 39 Colo. App. 95, 561 P.2d 373 (1977).

Discovery of evidence of crime while searching for weapons. Where the search was limited to a frisk directed at the discovery and appropriation of weapons, and not to uncover evidence as such, evidence of a crime having thus been lawfully uncovered, it is competent and admissible in evidence as relevant proof of the charges of which defendant is accused. People v. Martineau, 185 Colo. 194, 523 P.2d 126 (1974).

Where police officer obtained probable cause to search a vehicle and seize evidence in the process of making a lawful stop for threshold investigatory purposes, the defendant's motion to suppress this evidence was properly denied. People v. Lucero, 182 Colo. 39, 511 P.2d 468 (1973).

Police officers are entitled to conduct an investigatory stop of a motorist if they have reasonable suspicion that the motorist has committed a traffic violation. Because the defendant had committed a traffic violation and that offense alone was sufficient to justify the police encounter, the trial court did not err in denying the defendant's motion to suppress. People v. Valencia -Alvarez, 101 P.3d 1112 (Colo. App. 2004).

Discovery of evidence of crime while responding to taxicab driver's plea. Where the search was the result of police responding to the plea of a taxicab driver who thought he was about to be robbed, but the search revealed that the defendant, who was the passenger, was in possession of narcotics, the defendant's motion to suppress was properly denied. People v. McNeal, 191 Colo. 490, 553 P.2d 757 (1976).

Seizure of heroin under plain-view doctrine held proper. Where police officer, who had legitimately stopped defendant, observed what he believed to be heroin in plain view on seat of automobile which defendant had just exited, he could seize the heroin under the "plain-view doctrine". People v. Montoya, 185 Colo. 299, 524 P.2d 76 (1974).

Trial court properly suppressed evidence seized during search of defendant when fact that defendant ran in opposite direction from companions did not satisfy constitutional requirement of reasonable suspicion for investigatory stop and scope of resulting search exceeded a pat down for weapons. People v. Wilson, 784 P.2d 325 (Colo. 1989).

There was no probable cause to stop defendant's vehicle where the officer observed a crack in the windshield but could not recall the severity or position of the crack and did not issue a citation for the crack. Evidence that defendant was driving on a suspended license obtained as a result of the unwarranted stop was therefore suppressed. People v. Cerda, 819 P.2d 502 (Colo. 1991).

Trial court properly denied motion to suppress statements made by the defendant between the time he was detained and the time he was actually placed under arrest. The record supported a finding that the defendant was not in custody at the time he was detained as part of a proper investigatory stop, but that he was placed in custody after the arresting officer had probable cause for the arrest based on identification of the defendant by the victim and the finding of an outstanding warrant for the defendant's arrest. People v. Young, 923 P.2d 145 (Colo. App. 1995).

Following Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), the search incident to arrest exception does not apply in this case, and the search of the passenger compartment of defendant's car was unconstitutional. Because statements defendant made following the discovery of drugs were the fruit of the unlawful search, the evidentiary use of the statements must also be suppressed. Perez v. People, 231 P.3d 957 (Colo. 2010).

Applied in People v. Taylor, 190 Colo. 144, 544 P.2d 392 (1975); People v. Derrera, 40 Colo. App. 86, 570 P.2d 558 (1977).

4. 16-3-104. Arrest by peace officer from another jurisdiction - definitions

(1) As used in this section:

(a) "State" means any state of the United States and the District of Columbia;

(b) "Peace officer" means any officer of another state having powers of arrest in that state;

(c) "Fresh pursuit" means the pursuit without unnecessary delay of a person who has committed a crime or who is reasonably believed to have committed a crime.

(2) Any peace officer of another state who enters this state in fresh pursuit and continues within this state in fresh pursuit of a person in order to arrest him on the ground that he has committed a crime in the other state has the same authority to arre st and hold such person in custody as a peace officer of this state has to arrest and hold a person in custody.

(3) Except as otherwise provided by law, if an arrest is made in this state by a peace officer of another state in accordance with the provisions of this section, he shall without unnecessary delay take the person arrested before the nearest available jud ge of a court of record. Such judge shall conduct a hearing for the purpose of determining the lawfulness of the arrest. If the judge determines that the arrest was lawful, he shall commit the person arrested to await the time provided by law for issuance of an extradition warrant by the governor of this state, or the waiver thereof, and shall set bail if the offense is bailable under the laws of the state of Colorado. If the judge determines that the arrest was unlawful, he shall order the discharge of the pers on arrested.

HISTORY: Source: L. 72: R&RE, p. 198, § 1. C.R.S. 1963: § 39 -3-104.

ANNOTATION

Law reviews. For article, "Criminal Procedure in Colorado -- A Summary, and Recommendations for Improvement", see 22 Rocky Mt. L. Rev. 221 (1950)(written under repealed CSA, C 48, § 564).

Three criteria used in determining "fresh pursuit". Three criteria are to be utilized in analyzing what police activity can be categorized as fresh pursuit. They are: (1) The police must act without unnecessary delay; (2) the pursuit must be continuous an d uninterrupted, but there need not be continuous surveillance of the suspect or uninterrupted knowledge of his whereabouts; and (3) the relationship between the commission of the offense, the commencement of the pursuit, and the apprehension of the suspect -- the greater the length of time, the less likely the police action constituted fresh pursuit. Charnes v. Arnold, 198 Colo. 362, 600 P.2d 64 (1979).

Characterization as "fresh pursuit" not precluded even though officer does not follow suspect's route. Where the police responded immediately to a call concerning a hit -and-run accident and promptly pursued the only lead available, the address of the owner of the vehicle, the fact that the officer did not follow the suspect's route did not preclude the characterization of his action as fresh pursuit. Charnes v. Arnold, 198 Colo. 362, 600 P.2d 64 (1979).

5. 16-3-105. Release by arresting authority

(1) When a person has been arrested without a warrant, he may be released by the arresting authority on its own authority if:

(a) The arresting officer or a responsible command officer of the arresting authority is satisfied that there are no adequate grounds for criminal complaint against the person arrested; or

(b) The offense for which the person was arrested and is being held is a misdemeanor or petty offense and the arresting officer or a responsible command officer of the arresting authority is satisfied that the person arrested will obey a summons commandin g his appearance at a later date.

(1.5) No person arrested for any crime or offense, the underlying factual basis of which includes an act of domestic violence as defined in section 18 -6-800.3 (1), C.R.S., shall be released at the scene of the alleged crime pursuant to subsection (1) of this section.

(2) If the person is released in accordance with subsection (1) (b) of this section, he shall be given a summons and complaint as provided for in sections 16 -2-104 and 16-2-106 and shall sign a written acknowledgment of its receipt and a promise to appear at the time and place specified.

HISTORY: Source: L. 72: R&RE, p. 199, § 1. C.R.S. 1963: § 39 -3-105.L. 94: (1.5) added, p. 2034, § 12, effective July 1.

ANNOTATION

The statutes and procedural rules do not require that person charged with a misdemeanor be given a copy of the complaint prior to being released on bail. Weld County Court v. Richards, 812 P.2d 650 (Colo. 1991).

Applied in People v. Rothe, 43 Colo. App. 274, 606 P.2d 79 (1979).

6. 16-3-110. Peace officers - duties

(1) For the purposes of this section, "peace officer" means:

(a) A peace officer as described in section 16 -2.5-101; or

(b) A federal law enforcement officer who, pursuant to federal statutes and the policy of the agency by which the officer is employed, is authorized to use deadly physical force in the performance of his or her duties.

(2) A peace officer shall have the authority to act in any situation in which a felony or misdemeanor has been or is being committed in such officer's presence, and such authority shall exist regardless of whether such officer is in the jurisdiction of th e law enforcement agency that employs such officer or in some other jurisdiction within the state of Colorado or whether such officer was acting within the scope of such officer's duties when he or she observed the commission of the crime, when such officer has been authorized by such agency to so act. The local law enforcement agency having jurisdiction shall be immediately notified of the arrest and any person arrested shall be released to the custody of the local law enforcement agency.

(3) This section shall not be construed to authorize any federal officer to use deadly physical force in excess of that authorized in section 18 -1-707, C.R.S.

HISTORY: Source:. L. 93: Entire section added, p. 703, § 1, effective July 1.L. 96: Entire section amended, p. 735, § 4, effective July 1.L. 2003: (1)(a) amended, p. 1624, § 43, effective August 6.

ANNOTATION

When officers stopped driver for a traffic infraction outside their jurisdiction, they violated subsection (2). Turning without a signal is a traffic infraction, not a felony or misdemeanor, under Colorado law. United States v. Gonzales, 535 F.3d 1174 (10 th Cir.), cert. denied, 555 U.S. 1077, 129 S. Ct. 743, 172 L. Ed. 2d 740 (2008).

7. 16-3-401. Treatment while in custody

(1) No unlawful means of any kind shall be used to obtain a statement, admission, or confession from any person in custody.

(2) Persons arrested or in custody shall be treated humanely and provided with adequate food, shelter, and, if required, medical treatment. Anyone receiving medical treatment while held in custody may be assessed a medical treatment charge as provided in section 17-26-104.5, C.R.S.

HISTORY: Source: L. 72: R&RE, p. 202, § 1. C.R.S. 1963: § 39 -3-401.L. 97: (2) amended, p. 192, § 2, effective April 1.

Editor's note: Articles 1 to 13 of this title were numbered as articles 1 to 13 of chapter 39, C.R.S. 1963. The provisions of those articles were repealed and reenacted in 1972, resulting in the addition, relocation, and elimination of sections as well as subject matter. For amendments to those articles prior to 1972, consult the Colorado statutory research explanatory note beginning on page vii in the front of this volume. For a detailed comparison of those articles, see the comparative tables located in the back of the index.

Editor's note: This article was repealed and reenacted in 1972. For historical information concerning the repeal and reenactment, see the editor's note before the article 1 heading.

ANNOTATION

Law reviews. For note, "The Admissibility of Confessions Obtained Before Arraignment -- Federal Rule", see 21 Rocky Mt. L. Rev. 98 (1948). For note, "Involuntary Confessions -- Fourth Stage in Colorado", see 31 Dicta 133 (1954).

The duty imposed by subsection (2) on a detaining governmental entity to provide medical treatment implies an inherent obligation on the part of the entity to pay the costs of such treatment. Poudre Valley Health Care, Inc. v. City of Loveland, 85 P.3d 55 8 (Colo. App. 2003).

A5

**Sec. 11-1-502. Interference.** Elements 1-3

1.

(a) It is unlawful for any person to knowingly obstruct, hinder or interfere with a police officer, fireman, Park Ranger, or any member of the police department, fire department, or city-county health department, acting under color of his or her official authority, in the discharge or apparent discharge of his or her duties: (Ord. No. 8352, 5-23-2011) 2. 3.

Without violence → 4. 5.

(2) By means of harassing conduct after being warned by a police officer or fireman that such conduct is unlawful and may result in the arrest of the person if such conduct is not discontinued.

Weakest → 5.

(b) Interference is a Class 2 municipal offense; except that interference by means of physical force or violence or by threats of physical force or violence is a Class 1 municipal offense.

B.2. C. → **Sec. 11-1-201. Disorderly conduct.** Elements 1-3

motion to dismiss continue Charge No.1 Due to Vague

1.

(a) A person commits disorderly conduct if he or she knowingly or recklessly:

? → (1) Makes loud or unreasonable noise in a public place or near a private residence which he or she has no right to occupy;

2. 3.

? → (2) Insults, taunts or challenges another in a manner likely to provoke and with the intention of provoking a breach of peace or violence; ← Plaintiff's weakest point

(3) Fights with another in a public place except as part of an authorized amateur or professional contest of athletic skill;

A.1.5 re Charge No.1 Dis. Condu. w/o Fighting, w/o Fighting is only one of a possible six subsections containing and all six separate and distinct Elements from each other

? → (4) Disturbs the peace and quiet of any apartment, building, condominium, townhouse or neighborhood by loud or unreasonable noise between the hours of 10:00 p.m. and 7:00 a.m., or, as owner or person in possession or control of any building or premises, permits or allows, when it is in such person's power to prevent, loud or unreasonable noises in or upon such building or premises between the hours of 10:00 p.m. and 7:00 a.m. which disturbs the peace and quiet of the neighborhood in which such building or premises is situate;

(5) Discharges a firearm within the City or within one-fourth (¼) mile of the corporate boundary of the City or causes an explosion of powder or other combustible material, unless licensed or authorized to do so by the Chief of Police or Fire Chief; or

B.1: The Plaintiff's Charging Document re: charge No.1 is statutorily and constitutionally too vague. Thus Deft. can not prepare a defense against all six subsections

(6) Operates or allows to be operated any radio, stereo, amplifier, loudspeaker, television, musical instrument or other sound producing device, in or from real property located within three hundred (300) feet of any dwelling, which is plainly audible to the human ear at a distance of twenty-five (25) feet or more from the curb line immediately adjacent to the private real property from which the sound is emanating. This Subsection (a)(6) of this Section shall not apply to noise emanating from any publicly owned parks or facilities, nor from public or private property at an event for which the City has issued a revocable permit or a special event permit.

A 24

(b) Disorderly conduct is a Class 1 municipal offense. (Ord. No. 5167, 7-23-84; Ord. No. 6060, 2-26-96; Ord. No. 8213 §1, 6-14-10)

A.1. Dicovery Violation re: Ct. Order/ Crim.R.16 (Part I) (a)(1)(VI) and (VIII) " electronic surveillance " and recorded statements" Dash cam statements Remedy: Continuance or Dismiss, or deemed Just.

CRla6.4

Closing Part I

~~OPENING~~ Statement

continued next pg. 3 bottom

Defendant's Case-in-chief

Is establish a 3 point Factual Basic that I the Defendant was:

1. An "Unlawful Suspect," and thus,
2. Was "Unlawfully Stopped and Investigated," and therefore,
3. An "Unlawful Arrest accured", where I the Defendant could not commit the elements of "Knowingly" for the alleged crimes; while I "Knew" I was an Unlawful Suspect, and acted only to protect ~~himself~~ myself from that illegal injury by Police Officers acting knowingly wrongful / illegally under the color of law.

A 25

Plaintiff Cross Exam

Preface: Do you know the procedures for arrest searches and seizures?
May I ask you some questions about those procedures ~~and~~ as they relate to my arrest by you?

Y or N(3) ~~1b I What does "Reasonable Force Means?"~~
* 1b II. Did you use "Reasonable Force" against me while making an arrest" or while assisting in making an arrest on Aug. 25 2012 approximately 1Am?

2. ~~repealed~~
~~3a I What does "Reasonably Suspected" mean?~~
* 3a II. Before you stopped me, did you "Reasonably Suspect" I had committed a crime", was committing a crime, or was about to commit a crime? Generally PPD makes rec/rep

* 3b. I Did you require I give my name, address, Identification and an explanation of my actions"? Generally Rec/rep. explanations?

3c. I ~~repealed~~
* 3d I Did you or someone assisting you "conduct a pat down search for weapons" on me because you or someone assisting you "Reasonably Suspected" your or their personal safety required it? Generally PPD rec/rep safety

* 4a I Did you "have a ground that I committed a crime for which you had "authority to arrest and hold me in custody for"? Generally rec/rep ...

~~4b I Has a judge determined you or someone assisting you arrested me unlawfully and ordered me discharged from~~

*5a II Did you report me as A 4hr Hold? / Generally 4hr Holds are released in less than 4hrs? rec/rep made ~~or assisted by you~~?
~~5a I Was I arrested without a warrant for a petty offense by you?~~
*5a. I Were you "satisfied that I would obey the summons" commanding my appearance at a later date? Generally PPD makes recs/reps "summ... appearance

* 6a I When you made or assisted in making my arrest were you employed by a municipality and certified by the Colorado Peace Officers Standards and Training Board"? Generally PPD are Post Trained to make De... rec/Re...

Q/A Pg 1 of 2

Yard Cont.

★ 6b. I | Did you or someone assisting you immediately notify "the county local law enforcement agency of my arrest and released to the custody of the county local law enforcement agency"? Generally PPD makes Rec/Rep of notifications?

★ 7a I | ~~last question~~ While I was in custody were any "unlawful means" of any kind used" to obtain a statements" from me?" Generally PPD makes Rec/Rep statements?

7b I | While I was arrested and in custody was I treated humanely?

Close Thus: | Taken As a whole, the PPD Generally as a regular coarse of Business makes very detailed recs/reps of alleged crimes? Does this generally include Event Reports, Times, Radio logs, Event Logs, call Source, location, nature of the report or call, phone numbers, Dispatched and arrival times and or Patrol car Dashcamera Vedio etc.? ← Were you Subpoena ed to produce all recs/reps including your car Dashcamera Vedio? Do you have with you Today?

Plaintiff Rests / Def. ~~Opening~~ Closing Statement part 1 — Plaintiff → Def. caused Subpoena Lack of Evid.

Def. 1st Wit. | Isha Roberts; - if no show, request contuence due to unfair prejudice

Def. 2st Wit. | Joshua Sutton; re. Def. Exh. 1-3 : admitt each at the close of each exh(s) line of questioning. also certify copies as true and location of origenals.

Def. Rests

Def. Closing part 2 | Brief Closing Statement Inre Plaintiff's repeated Reg. Coarse of Business Criminal Rule 16 (See) Violations amounting to (see) constitutional denial of my guerranteed due process rights: to prove my innocense and my fundalmental right to a fair trial on the merits of the case.

A 27

Q/A pg 2 of 2

A 28

CRla6.5



1A E41371 Muni.Ct.
Def. Exhibit —

Trial Exhibit (s)

~~A 4~~

~~3 of 8~~

A 29
pg 4 of 12

Credibility Evid.

| | |
|---|---|
| ☒ County Court ☐ District Court<br>Pueblo County, Colorado<br>Court Address: 320 W 10th St Pueblo, CO 81003 | FILED IN<br>2012 OCT 25 AM 9:21<br>PUEBLO COMBINED COURT CLERK OF COURT |
| Plaintiff(s): People State of colorado<br>v.<br>Defendant(s): Joshua Sutton | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Isha Roberts<br>415 W 8th St<br>Pueblo, CO 81003<br>Phone Number: E-mail: isharoberts1977@yahoo.com<br>FAX Number: Atty. Reg. #: | Case Number: 12CR1220<br><br>Division E Courtroom |

# AFFIDAVIT

On the night in question my husband Joshua Sutton and I were walking home from the hospital. I had just been released, I was suffering from a massive infection. The police stopped us stating that someone called in and reported a cupple fighting. They arrested my husband and said they would release him in four hours. The next day I called a number of times to find out why my husband had not been released yet. They continued to hold my husband. He ended up being held for about a week. This caused extreme stress. I was already extremly ill. I had no one to care for me while I recovered from my illness. Through this stress it caused me to relaps. I am a recovering drug addict. I started stealing from my husband and lying to him. When my husband found out and confronted me an altercation took place. This is case number 12-cr1336. On the night in question in this case my husband confronted me and I frieked out. I grabbed a knife from the kitchen and went at my husband. I had no intention of doing anything but my husband didn't know that. He defended himself. When I dropped the knife he stopped defending himself. The following day I had called my mother to come get me because I was ashamed of my actions. She took me to the hospital, they called the police. The officer that came told me if I had attacked my husband I would go to jail. I was scared and emotional. So under duress I made a false report. I left out my attacking my husband. I also had no intention of pressing charges I did not know that the choice would be taken from me. I told the officer I did not want to press charges. After reading the report a small time ago I do not stand by it, I feel a lot of things were blown out of proportion. I do not remember saying a lot of the things in the report. I was heavley medicated when the police were asking me questions. I know I signed papers but I honestly don't know what they said. I ask this honorable court to take this into consideration and lower my husbands bond

[signature]
Signature

Isha Roberts
Name (Print or type)

I. * My Copy
E41371 Muni. Ct.
Def. Exhibit A pg. 1 of 3
a. relevance: Sole Source of Factual Info.
b. admissible: CRE1005 + Admit at end of Self Exam re. related testimony

POSTED

Subscribed and affirmed, or sworn to before me in the County of Pueblo, State of Colorado, this 25th day of Oct, 2012.

My Commission Expires: ______

Notary Public
Deputy Clerk

[Seal: County Court, Pueblo County, Colorado — 1876]

10/25/12

1. of 3

1 of 4

A 30

| | |
|---|---|
| ☒ County Court ☒ District Court<br>Pueblo County, Colorado<br>Court Address: 320 West 10th Street<br>Pueblo, CO 81003 | FILED IN<br>2012 NOV -1 PM 3:08<br>PUEBLO COMBINED COURT<br>CLERK OF COURT |
| Plaintiff(s): People in the State of Colorado<br>v.<br>Defendant(s): Joshua Sutton | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number: 12CR1336<br><br>Division E Courtroom |

**AFFIDAVIT**

On the night in question my husband Joshua Sutton had confronted me. I am a recovering drug addict and had a relaps due to the stress of my husband being falsely imprisond in or around August of 2012. I had been lying and stealing money from my husband. When he confronted me about it I frieked out. I grabbed a knife from the kitchen and went tward him. My husband reacted and defended himself. He had pushed me into the wall or the chair, witch im not sure I still didn't drop the knife then he through me on the ground, at that point I still had the knife. Then he hit me and choked me at that point I dropped the knife. As soon as I dropped the knife my husband stopped defending himself. At that point he had asked me some questions. I answered his questions the best I could. The next day I had called my mother because I was ashamed of what I did. My mother came from Springs to get me. When we got back to Springs She took me to the hospital. The hospital called the Springs police. When the officer showed up he told me that if I attacked my husband I would be arrested. At that point I was scared and emotional, I didn't want to go to jail. This caused me to make a report under duress. I left out the lying and stealing out of the report and I left out me attacking my husband. On or about September 21 2012 I went to the Pueblo Police Department and talked to officer Gary Wyberg at the complaint desk. and amended the report. I read the report myself without the admendment I added on the 21st of September I got a copy from the courthouse. I do not stand by this report. I feel that a lot of things in the report may have been blown out of proportion. I was heavly medicated during the time that the pueblo police detective was asking me questions. Also I know that I sighned some papers however I have no idea what they said. I honestly don't remember saying a lot of the things in this report so therefore I do not stand by it. I wish this honorable court to take all these things into concideration when trying this case. I say all this of my own free will because it is the truth of what hapend that night. No one has threatened or intimidated me to make this report. I state all of this honestly for the court so they have all the facts and can make a decision based on the full truth. I thank this honorable court for its time and consideration

[signature]
Signature

Isha Roberts
Name (Print or type)

Subscribed and affirmed, or sworn to before me in the County of Pueblo, State of Colorado, this 1st day of November, 20 12.

My Commission Expires: ____

[signature]
Notary Public

2:4 F2

Defence's Exhibit C

DISCOVERY No. 63
DISTRICT ATTORNEY
10TH JUDICIAL DISTRICT
STATE OF COLORADO

A31

POSTED

UNIFORM SUMMONS & COMPLAINT OR PENALTY ASSESSMENT

CR # No. E041371

SUTTON JOSHUA 08/17/1977 34

265 W BEN HOGAN DR PUEBLO WEST CO 81007 (719) 582-5566

W M 5'10 150 BRO BRO

YOU ARE HEREBY SUMMONED AND ORDERED TO APPEAR AS INDICATED SEE BELOW FOR INSTRUCTIONS

Pueblo Municipal Court
200 S Main St., Pueblo, CO 81003
719-562-3810

on September 18 20 12 at 01:30 PM

IF THIS DATE FALLS ON A WEEKEND OR HOLIDAY YOU ARE TO APPEAR ON THE NEXT BUSINESS DAY

TO ANSWER CHARGES OF VIOLATION OF 1971 Pueblo Municipal Code (P.M.C.) as amended AND/OR Model Traffic Code as adopted by P.M.C.

| | | |
|---|---|---|
| NO 1 | 11-1-201 | DISORDERLY CONDUCT W/O FIGHTING |
| NO 2 | 11-1-502 | INTERFERENCE W/O VIOLENCE |
| NO 3 | | |

~~399 W 13TH ST/N GRAND AVE~~ ~~08/25/2012~~ 00:57

PAYABLE SUMMONS ( ) Traffic (X) Non-Traffic

PAYABLE SUMMONS OR PENALTY ASSESSMENT ( ) Traffic Infraction ( ) Traffic Offense ( ) Non-Traffic Offense

Served In Custody

1463 VAN LEEUWEN

X
X

DEFENDANT - MUNICIPAL

NOTICE TO DEFENDANT

READ THIS CAREFULLY

## ADVISEMENT OF RIGHTS

Under Rule 210 of the Colorado Municipal Court Rules of Procedure, you as the Defendant listed in this Summons and Complaint, have the following rights:

- The right to bail.
- The right to remain silent and that any statement made can and may be used against you.
- The right to be represented by counsel and, if indigent, the right to appointed counsel as applicable.
- ~~The right to the issuance of process issued by the Court without expense to you, to compel the attendance of witnesses on your behalf.~~
- The right to testify or not to testify in your own behalf.
- The right to a trial by jury where so triable by the municipal ordinance, together with the requirement that you, if desiring a jury trial, demand such in writing within twenty days after arraignment or entry of a plea, and the number of jurors allowed by law, and of the requirement that you, if desiring a jury trial, tender to the court within twenty days after arraignment a jury fee of $25 unless the fee be waived by the judge because of your indigence.
- The right to appeal.

~~12CR1220~~ Def. 5 Ex. C

## APPEARANCE OR RESPONSE REQUIRED

If you fail to appear as required by this Summons and Complaint, a warrant will be issued for your arrest.

The address of the Pueblo Municipal Court and the Office of the Court Clerk is: 200 S Main St, Pueblo, Colorado, 81003. Phone: (719) 562-3810

**Mandatory Appearance:** If you are charged with a traffic offense that carries six (6) or more points or any offense contained within the Municipal Court Fine and Fees Schedule which requires an appearance, you must appear before the Pueblo Municipal Court on the date and time that you are ordered to appear on the face of this Summons and Complaint. If you are charged with a non-traffic violation and you have two or more prior convictions of a similar nature, you must appear before the Pueblo Municipal Court on the date and time that you are ordered to appear on the face of this Summons and Complaint.

**Permissive Appearance at Office of the Court Clerk.** If you are charged with a traffic offense that carries less than six (6) points or if your appearance is not a mandatory appearance in Court as noted above, you may elect to appear and enter a plea at the Office of the Court Clerk anytime prior to the date and time that you are ordered to appear on the face of the Summons and Complaint but at least five (5) business days after the date this Summons and Complaint was issued. If you do not elect to appear before the Office of the Court Clerk, you must appear before the Pueblo Municipal Court on the date and time shown on the face of this Summons and Complaint.

**Payment by Mail without Personal Appearance.** If you are charged with an offense that does not require a mandatory Court appearance (see Mandatory Appearance above), or if the "Payable Summons or Penalty Assessment" box is checked on this Summons and Complaint, you may elect to plead Guilty and pay the appropriate fine by mail. If you choose this option, you must read, sign and date the section below entitled "Appearance, Plea of Guilty and Waiver of Rights" and mail this acknowledgment to Pueblo Municipal Court with full payment prior to the ordered appearance date and time. Checks or money orders must be made payable to City of Pueblo. If you do not choose the payment by mail option, you must appear before the Court or, if applicable, the Office of the Court Clerk in the manner provided herein.

**Minors.** If you are under the age of eighteen and are charged with a non traffic violation, you must appear (accompanied by a parent or legal guardian) before the Pueblo Municipal Court on the ordered date and time.

3 of 3

A32

## APPEARANCE, PLEA OF GUILTY AND WAIVER OF RIGHTS

The undersigned hereby enters his/her appearance, acknowledges guilt of the offense charged on the face of this Summons and Complaint, acknowledges that before that he/she reads and understands the Defendant's rights set forth above and further understands that by signing this acknowledgement he/she waives such rights. Undersigned acknowledges that if any charge pled to herein is a traffic violation, a certified record will be sent to the Colorado Department of Revenue (or the licensing authority of the state that issued Defendant's driver's license) and the points will be assessed against the Defendant's driving record. Undersigned acknowledges that if any charge pled to herein is a non-traffic offense, a criminal conviction will be entered against the Defendant in this matter.

Defendant's Signature ______________ Date ______________

# AFFIDAVIT in Support of WARRANTLESS ARREST

Name - Officer Affiant: Gowin, Brian

Law Enforcement Agency: Pueblo County Sheriff Office

Incident Case Number:12D3549

Date of Offense: 08/25/2012

Most Serious Crime: Assault in the second degree

Statute Number: 18-3-203(1)(f)

Class of Crime: 4F

Name - Person Arrested: Sutton, Joshua Lamont

Date of Birth: 08/17/1977

Social Security Number: 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

The above named officer/affiant, being duly sworn upon oath, says that the following facts support a probable cause finding for the warrantless arrest of the above named person arrested by the affiant for the charge listed above, and that the following facts are true and correct to the best of the affiant's knowledge, information and belief. Further, the affiant states that all incidents described herein occurred within the County of Pueblo and the State of Colorado.

The affiant arrested the above-named person because:

On August 25th 2012, at approximately 10:30 A.M. I affiant, Deputy Brian Gowin, was in uniform and working in intake at the Pueblo County Detention Facility located at 909 Court Street Pueblo, Colorado when the following incident occurred.

Affiant was placing an inmate into holding cell 5 when Joshua Sutton DOB 08/17/1977 approached the door and asked to talk to the "shift commander". Affiant asked Sutton what he needed to talk to the shift commander about and Sutton stated "You are holding me illegally". Affiant asked Sutton what he meant and he told Affiant that he was only supposed to be in jail for four hours then released. Sutton was lawfully being held in the Pueblo County Detention Facility for municipal charges of Disorderly Conduct and Interference. Affiant informed Sutton that it was a minimum of four hours and informed him that there were several people here from the night before and affiant hadn't had the opportunity to get to his paper work. Sutton again stated that we were holding him illegally and that some "Pig" had arrested him when he was leaving Parkview and told him that he would only be here for four hours. Affiant again informed Sutton of the four hour minimum and that there were several people in intake and that Affiant would take a look at his paper work. Sutton again stated that he was being help illegally and that he was arrested by some "Pig" for no reason.

Affiant told Sutton that the conversation was not going anywhere and that Affiant was going to close the door and we could talk later. Affiant was attempting to close the cell door to continue booking detainees which included Sutton. Affiant attempted to close the cell door at which point Sutton pushed it back open. Sutton kept his right hand on the door preventing Affiant from closing it. Affiant told Sutton to remove his hand from the door and step back,

my copy. E41371 Def. Exhibit — pg 1 of 8
3: a. Credibility b. admissible CRE 1005 + admitt at end of Self exam re. related testimony

DISCOVERY No. 6 A33

Sutton refused. Affiant again told Sutton to remove his hand from the door and step back, Sutton refused. Affiant told Sutton several more times to remove his hand from the door and step back, Sutton still refused.

Affiant placed my right hand on Sutton's chest attempting to push him back away from the cell door so the Affiant could close it. Sutton then knowingly applied violent physical force to Affiant's right forearm causing pain. Affiant attempted to take Sutton to the ground to gain compliance. Sutton broke Affiant's hold and attempted to grab Affiant. Affiant feared that Sutton was attempting to grab my Taser. Affiant was able to regain control of Sutton and he was taken to the floor. Affiant placed Sutton in hand cuffs and was placed into the restraint chair due do his aggressive behavior.

AFFIANT'S SIGNATURE: [signature]
Deputy Brian Gowin

Date, Time, Supervisor: Sat Aug 25 15:50:25 MDT 2012 Sgt. Brian Smith

Anna S. Guagliardo
NOTARY PUBLIC
STATE OF COLORADO

STATE OF COLORADO)
) SS
COUNTY OF PUEBLO )

Subscribed and sworn to before me this 25 day of August, 2012.

Notary Public or Judge: [signature]

Notary Public's Commission Expires: 6-16-14

The undersigned Judge of the Tenth Judicial District finds that the affidavit above provides:

(Circle): Probable Cause --- No Probable Cause

that the named defendant committed the crime listed.

1) Bond is hereby set in the amount of $____________ cash, property or surety.

2) Bond setting shall be before the Court assigned this case. ________ (Judge's Initials)

3) The defendant shall be immediately released. ________ (Judge's Initials)

A34

By the Court this _____ day of ____________, 201__.

DISCOVERY No. 7
DISTRICT ATTORNEY
10TH JUDICIAL DISTRICT
STATE OF COLORADO

Judge's Signature: ____________________



A 35

~~A~~ 4

pg 4 of 12

3 of 8

C2
11.

# PUEBLO COUNTY SHERIFF'S OFFICE
# DETENTION CENTER
# INMATE REQUEST FORM

12CR1220
12CR1220
Pueblo Combined Court
Filed 10.28.12

INMATE'S NAME Spolation AFFidavit
(Last) (First) (Middle)

~~DATE:~~ Short Hand Copy ~~Wing:~~ ~~Room:~~

~~Check one:~~ ~~( ) Request~~ ~~( ) Grievance~~ ~~( ) Appeal~~

Request: 1. 8/24 7pm to 8/25 12:50 Am Sutton/wife ER in camera view.
2. 12:52 Sut./wife stopped by male PPD said "I am here to harross you" also in camera view his Patrol Car Dash Camera.
3. PPD. Dispatch adios upto one hour before stop help prove harrassed.
4. Sut. was illegally stopped arrested illegally then many hours later charge this case while still illegally in custody.
Request Full protection/preservation of above camera/adio recordings to effect seevrement of crime scene.

Under Penalty of Perjury. Sutton
10-25-12

Received by: give to ~~Officer~~ Telfer on 10/28/12 9pm

Routed to: ( ) Programs ( ) Classifications ( ) Medical
( ) Administration ( ) Other

Answer: ( ) Approved ( ) Denied (State reason below):

By: ______________________ ______________________
Employee Name Employee Title

______________________
Inmate's Signature Date/Time

Copies to: White: Social File
Pink: Inmate
Yellow: Inmate Response
Goldenrod: ACA

Rev. 4/2000
# 44

A36

*Def. Copy

C2
6.

| | |
|---|---|
| **Pueblo Combined Court**<br>**320 West 10th Street, Pueblo, Co 81003**<br><br>**THE PEOPLE OF THE STATE OF COLORADO**<br>**v.**<br><br>**Joshua Sutton.** | Granted in Court September 7th, 2012<br><br>▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Joshua Sutton, 415 West 8th Street, Pueblo, Colorado 81003<br><br>Phone Number:(719)582-5566 E-mail: joshuasutton28@yahoo.com<br>FAX Number: n/a Atty. Reg. #: n/a | Case Number: 12CR 1220<br><br>Division Courtroom |
| Urgent **SPOLIATION** 3. | |

Pursuant to the Application of Bodkin, D.C.N.Y., 165 F. Supp. 25, 30 (See Black's Law Dictionary 5th Edition), **Spoliation; The destruction of evidence. It constitutes an obstruction of justice. The destruction, or the significant and meaningful alteration of a document or instrument.**

**Any chage made on a …instrument by a person not a party to the instrument. Such a change will have no effect, provided that the original tenor of the instrument can still be ascertained.**

## <u>REQUIRE PRESERVATION</u>

**Defendant ("Def.") moves this Honorable Court to Order the protection and Preservation of all evidence and possible evidence, to effect the securement of the alleged crime scene, and states the following as grounds;**

1. **On about 08-25-2012 at 12:57am, Def. was detained at the Pueblo County Sheriff's Jail Intake, and cell # 5, on a four (4) hour hold.**

A37

5 of 8

1.B

2. Def. was held in intake more then the 4 hours due to alligations by Pueblo County Sheriff's Jail Police Officers.

3. At about 2:00pm, Def. was charged by the same Pueblo County Sheriff's Jail staff for an alleged assault on a Police Officer.

4. During this entire period of time the Def., the Pueblo County Sheriff's Jail Intake Police Officers, Pueblo County Sheriff's Jail Intake, and cell # 5 was video recorded and audio recorded simultaneously.

5. All video and audio recordings stated above is evidence of the Def. innocence.

THEREFORE, Def. moves this HONORABLE COURT FOR AN ORDER of full protection and Preservation of all evidence and possible evidence, to effect the securement of the alleged crime scene.

Joshua Sutton

09-06-2012

A 38

Example of PPD Regular Course of Business Reports

User: MOOREC

# PUEBLO POLICE DEPARTMENT

11/14/2012 16:00:02

## Event Report

Event ID: **12-00108240** Call Ref #: 367 Date/Time Received: 09/27/2012 05:54:44

Rept #: Call Source: PHONE Prime Unit: 415 KOCHIS, DARREN P

Service Involved: LAW

Location: **415 W 8TH ST** (S)STATION 1 INSPECTION ZONE (N) DOWNTOWN

X-ST: *N GRAND AVE* / *N GREENWOOD ST*

Jur: CAD Service: LAW Agency: PPD

Business: Phone: St/Beat: Q1 District: QD1 RA: 0702

Nature: **WELFARE CHECK** Alarm Lvl: 1 Priority: 4 Medical Priority:

Caller: FARNSWORTH, LINDA Alarm: Call Taker: ATENCIOD

Addr: 415 W 8TH ST Phone: (719) 632-5174 Alarm Type: Console: COM04

Vehicle: St: Report Only: No Race: Sex: Age:

Geo-Verified Addr: Yes Nature Summary Code: Disposition: NR Close Comments:

Notes: Contacted resident who stated that Joshua was not home but does reside at this location. SB stated Joshua and Isha are together and he had seem them appx 2 days ago. SB told me that Joshua and Isha are staying at an unk location in the County. The only given description is a "Shack by a cattle farm" in the County. I attempted to contact Joshua and Isha with a provided phone number 719-994-8154 with negative contact. SB advises Joshua and Isha are driving an unk borrowed vehicle. Neg contact with Joshua or Isha. RP was contacted and advised of the above. [09/27/12 06:41:22 Unit:415] ****************************************************************************** *** CCIC PERSON OF INTEREST *** *** CICJIS COURT WARRANT -- NO CONFIRMATION REQUIRED *** MKE/FELONY - STATEWIDE EXTRADITION WANTED PERSON RTY/FEL FELONY - STATEWIDE EXTRADITION CIC/96399193 ORI/CO0510000 PUEBLO COUNTY SHERIFF OFFICE NAM/SUTTON,JOSHUA LAMONT SEX/M RAC/I DOB/19770817 HGT/601 WGT/180 EYE/BRO HAI/BLK POB/SD SOC/498800421 SID/1023888 MIS/NO BOND SET BOND TO BE SET BY ADVISING JUDGE MATTER RETURNABLE NEXT WORKINGMONDAY AT 10 AM IN DIV E FOLLOWING EXECUTION 320 W 10TH STREET PUEBLO CO81003 EXTRADITION LIMIT CONTIGUOUS /LXDBOND TYPE: NO BOND OFF/5005 FAILURETOCOMPLY EXL/SEE MISCELLANEOUS FIELD ON WARRANT BND/0 OCA/12D3549 DOW/20120820 EXP/NONEXP ADR/415 W 8TH ST CIS/PUEBLO,CO DKT/D0512012CR001220 IDN/13 CTI/CO051015J (CHARGE INFORMATION) CRS/18-3-203(1)(F) CRD/ASSAULT 2-IN CUSTODY/PEACE OFFICER CLS/F4 CNTS/1 DTE/20120920 TME/1329 TID/JBTC TOI/50000 DLU/20120920 TLU/1329 UTO/50000 ORI/CO0510000 PUEBLO COUNTY SHERIFF OFFICE ****************************************************************************** *** CCIC PERSON OF INTEREST *** *** CICJIS COURT WARRANT -- NO CONFIRMATION REQUIRED *** MKE/FELONY - STATEWIDE EXTRADITION WANTED PERSON RTY/FEL FELONY - STATEWIDE EXTRADITION CIC/96436560 ORI/CO0510000 PUEBLO COUNTY SHERIFF OFFICE NAM/SUTTON,JOSHUA SEX/M RAC/B DOB/19770817 HGT/600 WGT/170 EYE/BRO HAI/BLK POB/CO SOC/498800421 AKA/SUTTON,JOSHUA LAMONT MIS/DOMESTIC VIOLENCE NO BOND SET BOND TO BE SET BY ADVISING JUDGE MATTERRETURNABLE NEXT WORKING MONDAY IN DIV E FOLLOWING EXECUTION 320 W 10THSTREET PUEBLO CO 81003 EXTRADITION LIMIT CONTIGUOUS /LXDBOND TYPE: NO BOND OFF/1399 ASSAULT EXL/SEE MISCELLANEOUS FIELD ON WARRANT BND/0 OCA/1217730 DOW/20120925 EXP/NONEXP ADR/415 W 8TH ST CIS/PUEBLO,CO DKT/D0512012CR001336 IDN/4 CTI/CO051015J (CHARGE INFORMATION) CRS/18-3-203(1)(G) CRD/ASSAULT 2-CAUSE SERIOUS BODILY INJURY CLS/F4 CNTS/1 DTE/20120925 TME/1055 TID/JBTC TOI/50000 DLU/20120925 TLU/1055 UTO/50000 ORI/CO0510000 PUEBLO COUNTY SHERIFF OFFICE [09/27/12 06:01:47 ATENCIOD] rp stated that her daughter was involved in a dv and came from springs to pueblo to testify on the sus and hasnt returned to springs, the fem left springs friday morning, the fem is isha roberts the male sus is joshua sutton who lives at this location [09/27/12 05:56:18 ATENCIOD]

## Times

| | | Time From Call Received | | | |
|---|---|---|---|---|---|
| Call Received: | 09/27/2012 05:54:44 | | | | |
| Call Routed: | 09/27/2012 05:56:31 | 000:01:47 | Unit Reaction: | 000:04:07 | *(1st Dispatch to 1st Arrive)* |
| Call Take Finished: | 09/27/2012 05:56:31 | 000:01:47 | En-Route: | : : | *(1st Dispatch to 1st En-Route)* |
| 1st Dispatch: | 09/27/2012 06:08:27 | 000:13:43 *(Time Held):* | On Scene: | 000:30:05 | *(1st Arrive to Last Clear)* |
| 1st En-Route: | | : : | | | |
| 1st Arrive: | 09/27/2012 06:12:34 | 000:17:50 *(Reaction Time):* | | | |

000094

A39

4. my copy E41371 Muni. Ct. Def. Exhibit C, Pg 1 of 5



rel. credibility Habit/Impeach Admit at end of cross exam

Last Clear: 09/27/2012 06:42:39 000:47:55

## Radio Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| 415 | 1467 | D | Dispatched | 09/27/2012 06:08:27 | Stat/Beat: Q1 | | QUINTANAR |
| 445 | 2319 | D | Dispatched | 09/27/2012 06:08:28 | Stat/Beat: Q1 | | QUINTANAR |
| 415 | 1467 | A | Arrived | 09/27/2012 06:12:34 | | | QUINTANAR |
| 445 | 2319 | A | Arrived | 09/27/2012 06:12:38 | | | QUINTANAR |
| 415 | 1467 | C | Cleared | 09/27/2012 06:42:39 | | NR | QUINTANAR |
| 445 | 2319 | C | Cleared | 09/27/2012 06:42:39 | | BU | QUINTANAR |

## Event Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| | | TR | Time Received | 09/27/2012 05:54:44 | By: PHONE | | ATENCIOD |
| | | ENT | Entered Street | 09/27/2012 05:54:47 | 415 W 8TH ST | | ATENCIOD |
| | | ENT | Entered Nature | 09/27/2012 05:54:49 | WELFARE CHECK | | ATENCIOD |
| | | ARM | Added Remarks | 09/27/2012 05:56:18 | | | ATENCIOD |
| | | ENT | Entered Remarks | 09/27/2012 05:56:18 | | | ATENCIOD |
| | | ENT | Entered CallerName CallIn | 09/27/2012 05:56:26 | FARNSWORTH, LINDA | | ATENCIOD |
| | | ENT | Entered CallerPhone | 09/27/2012 05:56:30 | 7196325174 | | ATENCIOD |
| | | FIN | Finished Call Taking | 09/27/2012 05:56:31 | | | ATENCIOD |
| | | ARM | Added Remarks | 09/27/2012 06:01:47 | | | ATENCIOD |
| | | ENT | Entered memoNmComments | 09/27/2012 06:03:18 | 10-5 FEL PCSO FTC ASSLT NO BOND, CICJIS PCSO FEL A | | ATENCIOD |
| | | CHG | Changed memoNmComments | 09/27/2012 06:04:24 | 10-5 FEL PCSO FTC ASSLT NO BOND, CICJIS PCSO FEL A | | ATENCIOD |
| | | RECO | Unit Recommendation | 09/27/2012 06:08:27 | Plan: LAW Cat: 2P Lvl: 1 | | QUINTANAR |
| | | RECO | Unit Recommendation | 09/27/2012 06:08:27 | Recmnd:415 [PATROL], 445 [PATROL] | | QUINTANAR |
| | | ARM | Added Remarks | 09/27/2012 06:41:22 | | | Unit:415 |

2 of 5

000095

A40

Municipal Court

☐ District Court ☐ County Court

Pueblo County, Colorado

Court Address: Pueblo Municipal Court 200 S. Main St., Pueblo, Colorado 81003

~~PEOPLE OF THE STATE OF COLORADO~~ The City of Pueblo Colorado, and Officer VanLeeuwen

v.

Defendant Joshua Sutton.

Granted / Municipal Court 11-28-12

▲ COURT USE ONLY ▲

Attorney or Party Without Attorney (Name and Address): Joshua Sutton, Pueblo County Jail; AKA Pueblo County Detention Facility, 909 Court Street Pueblo, Co 81003

Phone Number: E-mail:

FAX Number: Atty. Reg. #:

Case Number: E041371

Division Courtroom

**MOTION AND AFFIDAVIT TO ISSUE SUBPOENA PER CRIM. P. 17(b)**

The Defendant requests this Court to issue the following subpoenas and states that the subpoenas are necessary as the witnesses and/or items listed are material and relevant to his/her case and must be present at trial for the following reasons.

1. The Officer will testify that I Joshua Sutton was not "legally" being questioned and did not commit the alleged offenses. The first onscene Patrol Car's Dash Camera Video and Audio Recording that arrived at the location of 399 W. 13th St. Pueblo Co. On 08-25-12 at 12:50 Am to 1 Am and made first contact with Joshua Sutton and his wife will prove that Joshua Sutton was "not" legally "being questioned and did not commit offenses charged.

2. 11/28 also Granted Doc-recum and Dispatch's "Ring"

| Name of Witness | Type of Item |
|---|---|
| 1. Pueblo City Officer VanLeeuwen | 1. Dash Camera Video "Patrol Car" |
| 2. Isha L. Roberts "Wife" | 2. |
| 3. | 3. |
| 4. | 4. |
| 5. | 5. |
| 6. | 6. |
| 7. | 7. |

*I swear/affirm under oath that I have read the foregoing motion and that the statements set forth therein are true and correct to the best of my knowledge.*

Joshua Sutton

Signature of Defendant

Subscribed and affirmed, or sworn to before me in the County of Pueblo, State of Colorado, this 21st day of November, 2012.

My commission expires: 07/19/2015

[signature]

Notary Public/Deputy Clerk

Upon consideration of the Motion and Affidavit to Issue Subpoena per Crim. P. 17(b), it is hereby ordered that the Clerk ☐ will ☐ will not issue the subpoenas as requested.

Dated: ____________

BY THE COURT:

My copy E41371 Muni. Ct. Def. Exhibit pg. 1 of 3 3 of 5 A41

☐ Judge ☐ Magistrate



relevance Credibility

4

## Windows Network Diagnostics

**Issues found**

| | | |
|---|---|---|
| "Local Area Connection" doesn't have a valid IP configuration | Not fixed | ⊗ |
| Investigate router or broadband modem issues | *Failed* | |
| Reset the "Local Area Connection" adapter | *Completed* | |

## Issues found

- **"Local Area Connection" doesn't have a valid IP configuration** — Not fixed ⊗

**Investigate router or broadband modem issues** — *Failed*

If you're connected to a hotspot or domain network, contact the network administrator. Otherwise: 1. Unplug or turn off the device. 2. After all the lights on the device are off, wait at least 10 seconds. 3. Turn the device on or plug it back into the power outlet. To restart a router or modem that has a built-in battery, press and quickly release the Reset button.

**Reset the "Local Area Connection" adapter** — *Completed*

This can sometimes resolve an intermittent problem.

Network Diagnostics Log

File Name: 27DD4275-E6ED-438B-97BA-63C3F3E4AC4A.Repair.Admin.1.etl

This is the same problem as last week, As of 12-21-12 none has been fixed.

## Detection details

Network Diagnostics Log

File Name: 27DD4275-E6ED-438B-97BA-63C3F3E4AC4A.Diagnose.Admin.0.etl

Other Networking Configuration and Logs

File Name: NetworkConfiguration.cab

**Collection information**

Computer Name: LAWLIBRARY4

Windows Version: 6.1

Architecture: x86

Time: Thursday, December 20, 2012 6:26:27 PM

## Publisher details

**Windows Network Diagnostics**

Detects problems with network connectivity.

Package Version: 1.0

Publisher: Microsoft Windows

4 of 5

A42

Municipal Court

| | |
|---|---|
| ☐District Court ☐County Court<br>Pueblo County, Colorado<br>Court Address: Pueblo City Municipal Court<br>200 S. Main St.<br>Pueblo Co 81003<br><br>Plaintiff(s)/Petitioner(s): City of Pueblo, Colorado and Officer Leewan<br>v.<br><br>Defendant(s)/Respondent(s): Joshua Sutton<br>Pro Se, Josh Sutton Pueblo County Jail<br>909 Court St. Pueblo Co 81003 | ▲ COURT USE ONLY ▲<br><br>Case Number: E041371<br><br>Division: Courtroom: |
| Motion For **SUBPOENA TO ☒APPEAR ☒PRODUCE** | |

To: ~~Pueblo City Police Officer~~ Deborah Romano

You are ordered to attend and give testimony at Pueblo Municipal Court (Court), – (Division)
200 S. Main Street, Pueblo, Colorado 81003 (Address)
on December 27, 2012 (Date) at 10 AM (Time) as a witness for the ☐Plaintiff(s)/Petitioner(s)
☒Defendant(s)/Respondent(s) in this action.

At that time and place, you also shall produce the following items now in your custody or control:
Any/All "Event Reports" "Radio Logs" "Event Logs" "Dispatch Reports" Video or other Report(s) made in the regular course of business by Pueblo Police regarding Aug. 25, 2012 1200 Am to 1 Am within five mile radius of Parkview Hospital

Dated: ______________________

Respectfully Joshua Sutton 12-21-2012 mailed

Clerk/Deputy Clerk or Attorney

## AFFIDAVIT OF SERVICE

I declare under oath that, I am 18 years or older and not a party to the action and that I served this Subpoena to ☐Appear ☐Produce to the Witness in ______________ (County) ______________ (State) on ______________ (date) at the following location: ______________________

Check one:

- ☐ By handing it to a person identified to me as the Witness or by leaving it with the Witness who refused service.
- ☐ By leaving it with one of the following:
  - ☐ the person's usual place of abode or workplace;
  - ☐ with any person who is 18 years or older and who is a member of the person's family;
  - ☐ with the person's secretary, administrative assistant, bookkeeper, or managing agent; or
  - ☐ by delivering a copy to an agent authorized by appointment or by law to receive service of process.
- ☐ I attempted to serve the Witness on _______ occasions but have not been able to locate the Witness.
- ☐ Private process server
- ☐ Sheriff, ______________ County

Fee $ __________ Mileage $ ________

______________________
Signature of Process Server

5 of 5

______________________
Name (Print or type)

A 43

My Commission Expires: ______________

______________________
Notary Public /Deputy Clerk Date



6

# INSTRUCTIONS FOR FILING A COUNTY COURT CRIMINAL APPEAL (FOR DEFENDANT/APPELLANT ONLY)

**These standard instructions are for informational purposes only and do not constitute legal advice about your case. If you choose to represent yourself, you are bound by the same rules and procedures as an attorney.**

## GENERAL INFORMATION

- The district attorney may appeal a question of law and the defendant may appeal a judgment of the County Court to the District court of that county under the simplified procedure.
- These instructions are for use only when the Defendant who was found guilty is appealing an issue to the District Court.
- An appeal is not a new trial, but an opportunity to request a higher court to review the findings/judgment of a lower court.
- The Defendant/Appellant has 35 days after the date of entry of judgment or the denial of post trial motions, whichever is later, to file the notice of appeal in the County Court, pay advance costs for the preparation of the record, and serve a copy of the Notice of Appeal and Designation of Record on the District Attorney.
- The Appellant must also file the Notice of Appeal and Designation of Record in the District Court within the 35 days.
- If the Municipal Court is not a qualified municipal court of record, the appeal must be filed in the County Court of the county and will be tried *de novo* in the appellate court.
- For additional information, please review Colorado Rules of Criminal Procedure - Rule 37 – Appeals from County Court.
- If you have a disability and need a reasonable accommodation to access the courts, please contact your local ADA Coordinator. Contact information can be obtained from the following website: **http://www.courts.state.co.us/chs/court/ada/coordinators.htm**

## COMMON TERMS

| | |
|---|---|
| ☒ Appellee: | The person or entity responding to the appeal in a criminal case, usually the State of Colorado. |
| ☒ Appellant: | The person or entity filing the appeal, usually the Defendant in a Criminal Case. |
| ☒ *De novo:* | New trial, as though not heard before. |
| ☒ Brief: | A written statement summarizing the facts of the case, the applicable laws, and arguments of how the law applies to the facts supporting your position. |
| ☒ Stay of Execution: | An order stopping a judicial proceeding or execution of a judgment. |
| ☒ Service of Process: | The official means by which a party is notified that an appeal has been filed. |
| ☒ May: | In legal terms, "may" is defined as "optional" or "can." |
| ☒ Shall: | In legal terms, "shall" is defined as "required." |

**If you do not understand this information, please contact an attorney.**

## FEES

The filing fee is $53.00. If you are unable to pay, you must complete the Motion to File without Payment and Supporting Financial Affidavit (JDF 205) and submit it to the Court. Once you submit the completed JDF 205 form and a blank Order (JDF 206), the Court will decide if you need to pay the filing fee.

Other fees that a party to the case may encounter are as follows:

| | |
|---|---|
| ☑ Appeal Bond | Varies |
| ☐ Certification Fee | $13.00 |
| ☐ Copies of Documents (Documents on File) | $ .75 per page or $1.50 if double-sided |
| ☐ Copies of Documents (Documents not on File) | $ .25 per page or $.50 if double –sided |

☑ If fines and costs have been imposed, a deposit of the total amount may be required by the County Court.

coo! A44


© 2012 Colorado Judicial Department for use in the Courts of Colorado

## FORMS

To access a form online go to www.courts.state.co.us and **click on the "Self-Help Center"**. The packet/forms are available in PDF or WORD by selecting **"Appeals - County Court Criminal Appeal"**. You may complete a form online or you may print them and type or print legibly in black ink.

- [x] JDF 222 Notice of Appeal and Designation of Record - Criminal

## STEPS TO FILING YOUR APPEAL

### Step 1: Complete the Notice of Appeal and Designation of Record (JDF 222)

- [x] Complete all sections of the Notice.
- [x] A stay of execution on the Judgment/Sentence can only be granted by the County Court upon request. As a condition of a stay of execution, you may be required to post a bond or deposit the amount of fines and costs assessed.
- [ ] Prepare two originals: one for the County Court to be placed in the original case file; and one for the District Court to open a new District Civil (CV) case.
- [ ] Make two copies: one to provide to the District Attorney; and one for your records.

### Step 2: File the Notice of Record and Designation of Record

- [ ] Many courts are combined, so you can provide the Combined Court with both originals of the Notice of Appeal and Designation of Record form **or** provide the County Court and the District Court each with an original Notice of Appeal and Designation of Record.
- [ ] Pay the filing fee of $53.00.
- [ ] Pay the Appeal Bond, if required by the Court.
- [ ] Check with the Court to determine what their procedure is for ordering the transcripts. You may need to talk directly with the County Court judicial assistant assigned to the courtroom where your case was heard.
- [ ] Provide the Combined/District Court with a self-addressed stamped envelope to receive the written ruling from the District Court.

### Step 3: Provide the District Attorney's Office with a copy of the Notice of Appeal/Designation of Record

## AFTER YOU FILE YOUR NOTICE

- [ ] The County Court will prepare the court record per the Designation of the Record and provide the information to the District Court within 42 days or within such additional time as may be granted by the County Court.
- [ ] Prepare a Written Opening Brief:
  - [ ] Once the District Court receives the record from County Court, you will have 21 days to file a written brief.
  - [ ] The written brief should outline any issues constituting errors and outline any arguments to support your issues.
  - [ ] You must also provide a copy of your written brief to the District Attorney.
  - [ ] The District Attorney may file an answering brief within 21 after you provide them a copy of the written opening brief. If you should receive an answering brief, you may file a reply brief within 14 days after you receive a copy of the answering brief.
- [ ] Once all of the timeframes have passed for filing briefs, answering, etc, the District Court will review the case file and transcript. There is no hearing in District Court for you to present your issues regarding your appeal.
  - [ ] The District Court will enter a written ruling.
  - [ ] You and the District Attorney will receive a copy of the written ruling.

A45


© 2012 Colorado Judicial Department for use in the Courts of Colorado

# APPEALS

CITY OF PUEBLO, COLORADO
UNDER FIVE FLAGS

MUNICIPAL COURT

PUEBLO CRIME STOPPERS 542-STOP www.pueblocrimestoppers.com

city of PUEBLO

Municipal Court
200 South Main Street
Pueblo, Colorado 81003
Phone (719) 562-3810
FAX: (719) 562-3811

A46

# APPEALS

Pueblo Municipal Court is a Court of Record

Colorado Municipal Court Rules of Procedure
RULE 237 - APPEALS

(b) Appeals From Courts of Record. Appeals from courts of record shall be in accordance with Rule 37 of the Colorado Rules of Criminal Procedure.

Colorado Rules of Criminal Procedure,
RULE 37 – APPEALS FROM COUNTY COURT
(And Municipal Courts of Record)

(a) Filing Notice of Appeal and Docketing Appeal. The district attorney may appeal a question of law, and the defendant may appeal a judgment of the county court in a criminal action under simplified procedure to the district court of the county. To appeal the appellant shall, within 35 days after the date of entry of the judgment or the denial of posttrial motions, whichever is later, file notice of appeal in the county court, post such advance costs as may be required for the preparation of the record and serve a copy of the notice of appeal upon the appellee. He shall also, within such 35 days, docket the appeal in the district court and pay the docket fee. No motion for new trial or in arrest of judgment shall be required as a prerequisite to an appeal, but such motions if filed shall be pursuant to Rule 33(b) of these Rules.

(b) Contents of Notice of Appeal and Designation of Record. The notice of appeal shall state with particularity the alleged errors of the county court or other grounds relied upon for the appeal, and shall include a stipulation or designation of the evidence and other proceedings which the appellant desires to have included in the record certified to the district court. If the appellant intends to urge upon appeal that the judgment or a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. The appellee shall have 14 days after service upon him of the notice of appeal to file with the clerk of the county court and serve upon the appellant a designation of any additional parts of the transcript or record which he deems necessary. The advance cost of

E re 12C Insufficient Evid
re E4
Jury
Isha
Dash cam due Process

preparing the additional record shall be posted by the appellant with the clerk of the county court within 7 days after service upon him of the appellee's designation, or the appeal will be dismissed. If the district court finds that any part of the additional record designated by the appellee was unessential to a complete understanding of the questions raised by the appeal, it shall order the appellee to reimburse the appellant for the cost advanced for the preparation of such part without regard to the outcome of the appeal.

(c) Contents of Record on Appeal. Upon the filing of a notice of appeal and upon the posting of such advance costs by the appellant, as may be required for the preparation of a record, unless the appellant is granted leave to proceed as an indigent, the clerk of the county court shall prepare and issue as soon as may be possible a record of the proceedings in the county court, including the summons and complaint or warrant, the separate complaint if any has been issued, and the judgment. The record shall also include a transcription or a joint stipulation of such part of the actual evidence and other proceedings as the parties may designate. If the proceedings have been electrically recorded, the transcription of designated evidence and proceedings shall be prepared in the office of the clerk of the court, either by him or under his supervision, within 42 days after judgment or within such additional time as may be granted by the county court. The clerk shall notify in writing the opposing parties of the completion of the record, and such parties shall have 14 days within which to file objections. If none are received, the record shall be certified forthwith by the judge. If objections are made, the parties shall be called for hearing and the objections settled by the county judge and the record then certified.

(d) Filing of Record. When the record has been duly certified and any additional fees therefor paid, it shall be filed with the clerk of the district court by the clerk of the county court, and the opposing parties shall be notified by the clerk of the county court of such filing.

(e) Briefs. A written brief setting out matters relied upon as constituting error and outlining any arguments to be made shall be filed in the district court by the appellant within 21 days after certification of the record. A copy of the appellant's brief shall be served upon the appellee. The appellee may file an answering brief within 21 days after such service. A reply brief may be filed within 14 days after service of the answering brief. In the discretion of the district court, the time for filing briefs and answers may be extended.

A47

(f) Stay of Execution. Pending the docketing of the appeal, a stay of execution shall be granted by the county court upon request. If a sentence of imprisonment has been imposed, the defendant may be required to post bail, and if a fine and costs have been imposed, a deposit of the amount thereof may be required by the county court. Upon a request for stay of execution made any time after the docketing of the appeal, such action may be taken by the district court. Stays of execution granted by the county court or district court and, with the written consent of the sureties if any, bonds posted with such courts shall remain in effect until after final disposition of the appeal, unless modified by the district court.

(g) Trials de Novo; Penalty Not Increased. If for any reason an adequate record cannot be certified to the district court the case shall be tried de novo in that court. No action on appeal shall result in an increase in penalty.

(h) Judgment; How Enforced. Unless there is further review by the Supreme Court upon writ of certiorari pursuant to the rules of such court, after final disposition of the appeal the judgment on appeal entered by the district court shall be certified to the county court for action as directed by the district court, except in cases tried de novo by the district court or in cases in which the district court modifies the county court judgment, and in such cases, the judgment on appeal shall be that of the district court and so enforceable.

(i) Appeals to Superior Court. In counties in which a superior court has been established, appeals from the county court shall be taken to the superior court rather than the district court. All of the provisions of this section governing appeals from the county court to the district court are applicable when the appeal is taken to the superior court, and the term "district court" as used in this section shall be understood to include the superior court.

## Inmate Motion/Order re: Prepayment of Filing Fees Forms

**Description:**

**Inmates are required to complete JDF 201 and JDF 202 if they are unable to pay the filing/services fees purusant to 13-17.5-103, C.R.S. A certified copy of the Inmate Account must be filed along with JDF 201 (Motion).**

We are in the process of translating many of our forms in Spanish. You may find that some Instructions and Forms, for example Adoption, Adult and Minor Name Change, etc., are not translated at this time. All forms must be completed in English pursuant to Colorado law, see §13-1-120, C.R.S.
Sections with Spanish Forms

= Excel Document  = Word Template  = Word Document  = PDF Document

| Form #: | Form Name: | Revision |
|---|---|---|
| JDF 201 | Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees | R09/11 |
| JDF 202 | Finding and Order Concerning Inmate Motion | 09/11 |

If you would like to provide comments about this site, please contact us. **Please note** - By law, we cannot provide legal advice. Should you need additional assistance or forms that are not provided on this site, you may wish to consult an attorney.



A 48

C/A 2.

Municipal Court

| | |
|---|---|
| ☒ County Court ☒ District Court<br>Pueblo County, Colorado<br>Court Address:<br>200 S. Main St., Pueblo Co 81003<br>~~[crossed out]~~/Appellee: Officer Van Leeuwen<br>Plaintiff<br>v.<br>Defendant/Appellant: Joshua Sutton | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Joshua Sutton, Pueblo County Jail 909 Court St. Pueblo Co 81003<br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number:<br>E041371<br>Division K Courtroom |

**NOTICE OF APPEAL AND DESIGNATION OF RECORD - CRIMINAL**

The Defendant hereby files an appeal in E041371 (County Court case number) for the following reason(s):
1. Suppression or Destruction of Dash Camera Video by Leeuwen, 2. Dash Camera Video to Impeach all of Leeuwen's Trial testimony 3. Exculpitory and material to the guilt or punishment of the Defendant at Trial.

☒ At this time, I request a stay of execution. I understand that as a condition of the stay of execution, I may be required to post a bond or deposit the amount of fines and costs assessed.

**Current information about the Appellant/Defendant:**

Full Name: Joshua Jamont Sutton

Mailing Address: Pueblo County Detention Facility, 909 Court Street

City & Zip: Pueblo, Colorado 81003

Home Phone #: none Work Phone #: none Cell #: none

**Designation of Record:**

The clerk of court will prepare the record on appeal, pursuant to Rule 37, Rules of Criminal Procedure and will include the following items:

☒ The county court case file, including all pleadings, motions, reports, exhibits, orders of the court, and jury instructions, if applicable.

☒ The original transcript; (identify proceedings).
1. 10-26-12 Not Guilt Plea and Statement regarding Dash Camera Video,
2. 11-28-12 Pre Trial Conferrance regarding Suppeona Dash Camera Video,
3. 12-10-12 and 12-27-12 Trial Continuance/Trial regarding Dash Camera Video.

Date: 01-05-2013

Joshua Sutton Pro Se

Signature of Defendant/Appellant Signature of Attorney for Defendant/Appellant, if applicable

**CERTIFICATE OF SERVICE**

I certify that on 01-07-2013 (date) an original was filed with the Court and that a true and accurate copy of this *NOTICE OF APPEAL/DESIGNATION OF RECORD - CRIMINAL* was provided to other party by:
☐ Hand Delivery **or** ☐ Faxed to this number ______ **or** ☒ by placing it in the United States mail, postage pre-paid, and addressed to the following:

To: Officer Van Leeuwen
200 S. Main Street
Pueblo, Co 81003

Joshua Sutton
(Your signature)

A49

Municipal Court

| | |
|---|---|
| ☒ County Court ☒ District Court ❑ Denver Juvenile Court ❑ Denver Probate Court<br>Pueblo County, Colorado<br>Court Address:<br>200 S. Main St., Pueblo, Co. 81003<br>Plaintiff/Petitioner: Appellee ... Officer Van Leeuwen<br>v.<br>Defendant/Co-Petitioner/Respondent: Appellant: Joshua Sutton | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Joshua Sutton, Pueblo Count Jail<br>909 Court Street<br>Pueblo, Co 81003<br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number:<br>E041371<br>Division Courtroom |

**INMATE MOTION REQUESTING TO:**
**FILE WITHOUT PREPAYMENT OF FILING/SERVICE FEES PURSUANT TO §13-17.5-103, C.R.S**

***Information to Applicant***

Any inmate who is allowed to proceed in a civil action as a poor person shall be required to pay the full amount of the filing fee and service of process fees previously paid by the Court as follows:

- The Court will require an initial partial payment if the inmate has ten dollars or more in his/her account.
- The Court will require continuous monthly payments equal to 20% of the preceding month's deposit in the inmate account until the filing fee and service of process fees are paid in full.

I, Joshua Sutton, Appellant respectfully move the Court for an order to proceed without a prepayment of the following filing fees: ❑ complaint ☒ petition ❑ answer ☒ response ❑ motion to modify ☒ service fees ☒ other: 12-10-12 Hearing Free Transcript, as grounds that I do not have adequate funds available in my inmate account and have a meritorious claim. → Designation of Record and the District Court Docket Fee, and all other necessary Fees.

***All items must be fully completed. Print or type neatly.***

1. **Information about the Applicant:**

Name: Joshua Sutton Inmate/DOC #: 302115
Name of Facility: Pueblo County Detention Facility
Address: 909 Court Street
City: Pueblo State: Co Zip Code: 81003

2. **Amount of funds currently held in Inmate Account:**

Balance is $ 0.08 as of 01-5-2013 (date).

need → and copies ☒ Attached is a copy of my inmate account for six-months preceding the filing of this Motion. **This copy must be certified by an appropriate official at the detention facility.**

**I swear under penalty of perjury that all information provided is true and complete.**

Date: 01-5-2013

Joshua Sutton
Signature of Applicant

A 50

Date : 01/08/2013
Time : 08:27

# Account Activity Ledger

**From: 10/22/2012 To: 01/08/2013**

ID 302115 Name SUTTON, JOSHUA LAMONT Block 4C#3 Previous Balance 0.00

| Comment | Trx Date | Time | Batch /Inv # | Trx # | Trx Type | Invoice | Deposit | Withdrawal | Balance Forward |
|---|---|---|---|---|---|---|---|---|---|
| Imported Entry | 10/22/2012 | 12:37 | B#43581 | 121374 | D | | 0.00 | | 0.00 |
| Bonding fee in - Jan | 10/22/2012 | 16:34 | B#43668 | 121604 | D | | 10.00 | | 10.00 |
| Bond Fee | 10/22/2012 | 16:34 | B#43668 | 121605 | W | | | -10.00 | 0.00 |
| EZDep. Unknown | 10/23/2012 | 15:34 | B#43873 | 122158 | D | | 50.00 | | 50.00 |
| Booking Fee | 10/23/2012 | 15:34 | B#43873 | 122159 | W | | | -30.00 | 20.00 |
| Sales Transaction | 10/23/2012 | 19:05 | I#14078 | | I | 10.00 | | | 10.00 |
| Sales Transaction | 10/23/2012 | 19:11 | I#14080 | | I | 10.00 | | | 0.00 |
| EZDep. Unknown | 10/24/2012 | 15:34 | B#44040 | 122644 | D | | 50.00 | | 50.00 |
| Sales Transaction | 10/27/2012 | 07:49 | I#14391 | | I | 10.00 | | | 40.00 |
| Sales Transaction | 10/29/2012 | 12:37 | I#14523 | | I | 4.50 | | | 35.50 |
| Sales Transaction | 10/30/2012 | 07:52 | I#14605 | | I | 10.00 | | | 25.50 |
| Sales Transaction | 11/01/2012 | 08:57 | I#14798 | | I | 10.00 | | | 15.50 |
| Sales Transaction | 11/03/2012 | 07:57 | I#15092 | | I | 10.00 | | | 5.50 |
| EZDep. Unknown | 11/04/2012 | 16:33 | B#45813 | 127626 | D | | 53.50 | | 59.00 |
| Sales Transaction | 11/05/2012 | 08:03 | I#15177 | | I | 10.00 | | | 49.00 |
| Sales Transaction | 11/05/2012 | 08:04 | I#15178 | | I | 20.00 | | | 29.00 |
| Sales Transaction | 11/05/2012 | 08:05 | I#15179 | | I | 20.00 | | | 9.00 |
| Sales Transaction | 11/05/2012 | 12:31 | I#15263 | | I | 8.19 | | | 0.81 |
| EZDep. Unknown | 11/09/2012 | 08:48 | B#46973 | 130868 | D | | 60.50 | | 61.31 |
| Sales Transaction | 11/10/2012 | 08:03 | I#15836 | | I | 10.00 | | | 51.31 |
| Sales Transaction | 11/11/2012 | 08:02 | I#15886 | | I | 10.00 | | | 41.31 |
| Sales Transaction | 11/11/2012 | 08:17 | I#15887 | | I | 10.00 | | | 31.31 |
| Sales Transaction | 11/11/2012 | 08:40 | I#15888 | | I | 20.00 | | | 11.31 |
| Sales Transaction | 11/12/2012 | 12:55 | I#16011 | | I | 11.15 | | | 0.16 |
| EZDep. Unknown | 11/12/2012 | 18:47 | B#47499 | 132462 | D | | 60.50 | | 60.66 |
| Sales Transaction | 11/19/2012 | 12:40 | I#16660 | | I | 16.22 | | | 44.44 |
| Sales Transaction | 11/25/2012 | 08:02 | I#17259 | | I | 30.00 | | | 14.44 |
| Sales Transaction | 11/26/2012 | 12:39 | I#17343 | | I | 14.36 | | | 0.08 |
| Sales Transaction | 12/31/2012 | 09:12 | I#21140 | | I | 0.00 | | | 0.08 |

| | | | |
|---|---|---|---|
| Deposits | 7 | For $ | 284.50 |
| Withdraws | 2 | For $ | -40.00 |
| Invoices | 20 | For $ | 244.42 |
| Savings Balance | | $ | 0.00 |
| Bond Balance | | $ | 0.00 |

A True Copy
Certified by name: [signature] 1-8-13
Date: ______

A51

Joshua Sutton
909 Court Street
Pueblo, Co 81003

Clerk of the Court
Pueblo Combined Court
320 W. 10th Street
Pueblo, Co 81003

Regarding Municipal Court Case E41371

Dear Clerk,

1. On Dec. 27, 2012, in Pueblo Municipal Court Case # E41371, I was found guilty by bench trial.

2. The judge instructed that pursuant to Colorado Municipal Court Rules of Procedure **Rule 237 APEALS (b)** "Appeals From Courts of Record. Appeal from courts of record shall be in accordance with **Rule 37** of the Colorado Rule of Criminal Procedure.

3. However, on 01-28-2013, you received the enclosed appeal and then sent it back to me stating, "E041371 is not a Court case member"...

Therefore it was a clerical error not to file my appeal from the Pueblo Municipal Court to the Pueblo District Court. Please expediate my appeal.

Respectfully Submitted by
Joshua Sutton 01-29-13

A 52

| | |
|---|---|
| ~~County Court~~ ☒ District Court<br>Pueblo County, Colorado<br>Court Address:<br>320 West 10th St Pueblo Co 81003<br>~~Plaintiff~~/Appellee: Officer Van Leeuwen<br>plaintiff<br>v.<br>Defendant/Appellant: Joshua Sutton | FILED IN<br>2013 JAN 28 PM 1:43<br>PUEBLO COMBINED COURT<br>CLERK OF COURT<br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Joshua Sutton, Pueblo County Jail 909 Court St. Pueblo Co 81003<br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number: E041371<br><br>Division Courtroom |

**NOTICE OF APPEAL AND DESIGNATION OF RECORD – CRIMINAL**

The Defendant hereby files an appeal in E041371 (County Court case number) for the following reason(s):

1. Suppression or Destruction of Dash Camera Video by Leeuwen, 2. Dash Camera Video to impeach all of Leeuwen's Trial testimony 3. Exculpitory and material to the guilt or punishment of the Defendant at Trial.

☒ At this time, I request a stay of execution. I understand that as a condition of the stay of execution, I may be required to post a bond or deposit the amount of fines and costs assessed.

**Current information about the Appellant/Defendant:**

Full Name: Joshua Jamont Sutton

Mailing Address: Pueblo County Detention Facility 909 Court Street

City & Zi[p] ... 8

Home Ph[one]

**Designa[tion]**

The cler[k] ...sua[nt] ... will include t[he] ...ing ... and

1. 1[2] ...

2. 11- ...

3. 12- ...

Date:

Signature ... Sig[nature] ...

E041371 is Not a Court Case # Thank you..

Please Provide the Court With the Dist Court Case #.

**CERTIFICATE OF SERVICE**

I certify that on 01-07-2013 (date) an original was filed with the Court and that a true and accurate copy of this *NOTICE OF APPEAL/DESIGNATION OF RECORD - CRIMINAL* was provided to other party by:
☐ Hand Delivery or ☐ Faxed to this number ________ or ☒ by placing it in the United States mail, postage pre-paid, and addressed to the following:

To: Officer Van Leeuwen
200 S. Main Street
Pueblo, Co 81003

Joshua Sutton
(Your signature)

53