IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-GPG

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

THE UNITED STATES,
RODNEY FOURACHER,
ANDREW HAYDEN,
MATTHEW WALLACE,
THE CITY OF PUEBLO,
CHRISTINE GUERIN,
BRIAN GOWIN,
ANTHONY RODERICK,
BILL THIEBOUT,
STEPHEN TALBOT,
ATELLE JONES,
RICK RAEMISCH,
FRAN LaPAGE,
BOBBY BONNER, and
SEVERAL UNKNOWN PERSONS,

Defendants.

---

ORDER TO FILE SECOND AMENDED COMPLAINT

---

At issue before the Court is Plaintiff Joshua Lamont Sutton's Amended Complaint filed on November 26, 2014, pursuant to Magistrate Judge Boyd N. Boland's Order to File Amended Complaint. In the October 24, 2014 Order, Magistrate Judge Boland directed Plaintiff to amend his Complaint in compliance with Fed. R. Civ. P. 8. Magistrate Judge Boland found that Plaintiff's claims were conclusory and vague and failed to state how each named defendant violated his rights. Plaintiff was told to state what each defendant did to him, when the act was done, how the action harmed him,

and what specific legal right was violated.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

In the Nature of the Case section of the Amended Complaint, Plaintiff has identified fourteen different incidents that have taken place since December 1985. The incidents involve the alleged actions of various defendants and raise a wide range of issues including: (1) inappropriate treatment when he was a foster child, including rape, from 1985 to 1995; (2) false criminal charges on or about August 26, 1995; (3) sexual assault by another inmate on August 1, 1999; (4) failure by prison staff to move him to another cell resulting in Plaintiff's need to defend himself against another inmate on December 1, 2002, almost killing the other inmate, for which he was convicted and sentenced to five years of incarceration; (5) denial of social security benefits and false criminal charges on or about September 1, 2009; (6) conviction of third degree assault against girlfriend's x-boyfriend and attempted menacing of girlfriend based on false medical record and an attack after he was incarcerated on or about February 1, 2010; (7) cell placement on or about January 1, 2011, with another inmate who had sexually assaulted him in 1999, sexual abuse by other inmates, and incorrect diagnosis as psychotic based on his stress symptoms; (8) denial of social security and continued harassment by policeman for about eight months when Plaintiff was walking or riding his bike with his girl friend on or about October 1, 2011, based on racial profiling; (9) a stop by police on or about August 24, 2012, without reason, falsely charged with interfering

with police questioning, accused of domestic violence, subjected to excessive force without cause when arrested, and wrongly convicted based on the judge and police officer's decision to destroy exculpatory evidence; (10) subjected to excessive force on or about August 25, 2012, after his arrest and to false charges of assaulting a police officer, and then placed in solitary confinement without a finding of a disciplinary infraction for seven months; (11) after finding he was to be prosecuted for assaulting a police officer on September 1, 2012, he assaulted his wife, was returned to jail, and again placed in isolation where he was tasered multiple times; (12) policeman and nurse examiner worked together to charge Plaintiff on September 8, 2012, with attempted murder; (13) the prosecutor then filed attempted murder charges on October 25, 2012, so that Plaintiff could not have his bail reduced and be released; and (14) his friends stopped helping him in November 2012 because the prosecutors continued to add more charges against him and threatened his wife that she would do jail time if she did not testify against him.

In the Cause of Action section of the Amended Complaint, Plaintiff asserts three claims: (1) Federal Tort Claims Act violation; (2) Equal rights violation; and (3) and a civil rights deprivation of his rights. Plaintiff seeks money damages.

Like the original Complaint, Plaintiff's Amended Complaint generally fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rather than provide a short and concise statement under the Cause of Action section of the Complaint that identifies a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation, Plaintiff asserts a conclusory and vague statement against defendants and refers to his

narrative statement in the Nature of the Case section of the Complaint form. The narrative statement does not comply with the pleading requirements stated in Rule 8.

Nonetheless, the Court has reviewed the claims as presented. Based on the following findings, the Court will dismiss the Complaint in part and direct Plaintiff to submit a Second Amended Complaint that complies with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.

First, several of the individuals Plaintiff has named as defendants are immune from suit. Defendants Rodney Fouracher, District Attorney; Andrew Hayden, Deputy Prosecutor; Bill Thiebout, District Attorney; Stephen Talbot, District Attorney; and Atelle Jones, Prosecutor, are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). The Supreme Court has held that absolute immunity applies when a prosecutor appears in court in support of an application for a search warrant as a lawyer for the State, *Burns v. Reed,* 500 U.S. 478, 487 (1990); and when a prosecutor prepares and files an information and motion for an arrest warrant, *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997). The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process. *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

In *Peterson v. Rasmussen*, 91 F.3d 159, Nos. 95-2246, 95-220, (10th Cir. July

26, 1996) (unpublished), the Tenth Circuit found that a decision not to prosecute the criminal complaint against a corrections officer, is an act "intimately associated with the judicial phase of the criminal process." *See id.* at *2, and relied on *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir.1996) ("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."); *Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir.1988) ("[T]he decision not to prosecute criminal charges is similar to the decision to prosecute and should therefore be protected by absolute immunity." (citing *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir.), cert. denied, 459 U.S. 826 (1982))); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) ("We think that conferring with potential witnesses for the purpose of determining whether to initiate proceedings is plainly a function 'intimately associated with the judicial phase of the criminal process.' " (quoting *Imbler*, 424 U.S. at 430)), *cert. denied*, 469 U.S. 1127 (1985), for their conclusion.

Plaintiff asserts that in September 2009 Mr. Fouracher and Mr. Hayden did not arrest and prosecute the individuals who were responsible for having Plaintiff arrested and the individuals responsible for destroying his RV. Plaintiff also asserts that Mr. Fouracher and Mr. Hayden prosecuted him in February 2010 for attempted murder based on false medical records. He further asserts that Defendants Fouracher and Hayden then refused to arrest the victim of the menacing charge against Plaintiff for stealing his jeep, wallet, cell phone, and other exculpatory evidence, and to arrest the three inmates who assaulted him days after he was falsely arrested for the attempted murder charges.

Defendants Fouracher and Hayden actions fall within the scope of their prosecutorial duties. They, therefore, are absolutely immune from suit for prosecuting Plaintiff for attempted murder charges and for not prosecuting the victim who alleged stole items from Plaintiff or the three inmates who allegedly assaulted him.

Plaintiff also asserts that Defendants Thiebout, Talbot, and Jones, in September 2012, elected to falsely prosecute him for assaulting a Pueblo County Deputy Sheriff and that Defendants Talbot and Jones then in November 2012 filed attempted murder charges against him based on a false medical report.

Defendants Thiebout, Talbot, and Jones' actions also fall within the scope of their prosecutorial duties and they are absolutely immune from suit for prosecuting Plaintiff for an assault on a county sheriff and for attempted murder.

The claims against Defendants Fouracher, Hayden, Thiebout, Talbot, and Jones, therefore, will be dismissed as legally frivolous; and these defendants will be dismissed from the action.

Second, municipalities and municipal entities, such as the City of Pueblo, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against the City of Pueblo under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694.

The only claim Plaintiff asserts against the City of Pueblo is stated in Claim One

under the Cause of Action section of the November 16, 2014 Amended Complaint. ECF No. 20 at 25. Plaintiff states that federal agencies "failed to protect him from state action(s) of discrimination, abuse of official power, excessive force, excessive force implemented by the City of Pueblo-Colorado . . . ." *Id.* Nothing Plaintiff asserts against Christine Guerin, Pueblo County Sheriff's Deputy; Brian Gowin, Pueblo County Sheriff's Deputy; Anthony Roderick, Pueblo County Sheriff's Deputy (Case Manager); and Fran LaPage, Pueblo County Sheriff's Deputy (Religious Coordinator) states that their actions were a direct link to the City of Pueblo's policy or custom and the injury alleged. The claims against the City of Pueblo, therefore, are dismissed as legally frivolous.

Third, the only claim Plaintiff asserts against Defendant Matthew Wallace is he made false statements that contributed to a false medical record, which were used in charging him with attempted murder charges in February 2010. ECF No. 20 at 10. Plaintiff asserts that he was found to have committed third degree assault and menacing, but Defendant Wallace, among others, later admitted that the he was falsely prosecuted for attempted murder. *Id.*

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence is reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. Here, there is an underlying conviction of attempted menacing and third degree assault that would be subject to invalidation based on Plaintiff's false medical report claim. *See Butler v.*

*Compton*, 482 F.3d 1277, 1280 (10th Circuit 2007) (court found *Heck* was not implemented in this case but stated that when there is related underlying conviction there would be invalidation and *Heck* applies). If the Court were to find that the medical records were false, as suggested by Plaintiff, that finding would imply the invalidity of his attempted menacing and third degree assault convictions. The claim against Defendant Wallace will be dismissed as barred by *Heck*.

Fourth, the claims asserted against Defendant Rick Raemisch are a challenge to the execution of Plaintiff's sentence and are more properly addressed in a habeas corpus action. If Plaintiff wishes to challenge the execution of his sentence, he may do so in a separate action in this Court only by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez* , 411 U.S. 475, 484 (1973). Defendant Raemisch will be dismissed as an improperly named party to this action.

Fifth, with respect to remaining Defendants United States, Christine Guerin, Brian Gowin, Anthony Roderick, Fran LaPage, and Bobby Benner, Plaintiff has improperly combined a number of separate and unrelated claims against different defendants. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)). Nonetheless, the Court will refrain from dropping or severing parties at this time because Plaintiff must submit a Second Amended Complaint that complies with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.

Finally, an action against the United States under the FTCA "shall not be instituted" "unless the claimant shall have first presented his claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or agency mail. 28 U.S.C. § 2675(a). The agency's failure to make a

final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim. *Id.* Plaintiff must allege sufficient facts, or submit documentation to show, that he complied with the FTCA's pre-suit administrative requirements.

"Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirement established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). A tort claim against the government, however, is "forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Accordingly, it is

ORDERED that the claims asserted against Defendants Rodney Fouracher, Andrew Hayden, Bill Thiebout, Stephen Talbot, Atelle Jones, and The City of Pueblo are legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and these claims and associated named defendants will be dismissed from the action. It is

FURTHER ORDERED that the claims asserted against Defendant Matthew Wallace are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Defendant Rick Raemisch is dismissed as an inappropriate party to this action. It is

FURTHER ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file a Second Amended Complaint as directed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the misjoinder of parties and claims pursuant to Fed. R. Civ. P. 21 and address the merits of any remaining claims.

DATED December 18, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court