IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-GPG

JOSHUA LAMONT SUTTON,

    Plaintiff,

v.

MATTHEW VanLEEUWEN,
BRIAN GOWIN,
ANTHONY RODERICK, and
FRAN LaPAGE,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO
DRAW IN PART

---

On August 27, 2014, Plaintiff Joshua Lamont Sutton initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 and then, on October 24, 2014, directed Plaintiff to amend the Complaint in compliance with Fed. R. Civ. P. 8. Specifically, Magistrate Judge Boland found Plaintiff's claims include a rambling chronology of events, were conclusory and vague, and failed to state how each named defendant violated his rights. Plaintiff was directed to assert personal participation by each named defendant in the alleged constitutional violation and that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. Finally, Magistrate Judge Boland noted that Plaintiff had filed two other prisoner complaints, *Sutton v. Roberts, et al.*, No. 14-cv-02586-BNB (D. Colo. Filed Sept. 17, 2014), and *Sutton v. Thiebout, et al.*, No.

14-cv-2579-BNB (D. Colo. Filed Sept. 17, 2014), that address the same incident Plaintiff has identified in this case. Magistrate Judge Boland told Plaintiff that the Amended Complaint he is directed to file in this case must not be repetitious of the cause of action he states in Case No. 14-cv-02586-LTB or in Case No. 14-cv-02579-LTB.

Plaintiff filed an Amended Complaint on November 26, 2014. This Court reviewed the Amended Complaint and found as follows. In the Nature of the Case section of the Amended Complaint, Plaintiff identified fourteen incidents that have taken place since 1985. The incidents alleged involved actions by various named defendants and raised a variety of issues. The Court told Plaintiff that the Amended Complaint, like the original Complaint failed to comply with Rule 8. Plaintiff's claims are conclusory and vague and not presented in a simple and concise statement.

The Court dismissed the Amended Complaint in part and directed Plaintiff to file a Second Amended Complaint. The Court found several named defendants are immune from suit and dismissed the claims against them as legally frivolous. The Court also found that Plaintiff failed to state a claim against the City of Pueblo, that certain claims were barred by *Heck V. Humphrey*, 512 U.S. 477 (1994), and that the challenges to the execution are properly raised in a 28 U.S.C. § 2241 and not in a civil complaint. Finally, the Court found that Plaintiff had improperly combined a number of separate and unrelated claims against different defendants.

Regardless of the numerous deficiencies in the Amended Complaint, the Court, on December 18, 2014, afforded Plaintiff one last opportunity to cure the deficiencies by submitting a Second Amended Complaint that complies with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.

Plaintiff filed a Second Amended Complaint on January 20, 2015. Plaintiff also

filed motions to dismiss in each of the three other complaints that he either filed simultaneous with this action or shortly thereafter, which had been dismissed for failure to prosecute prior to the filing of the motions to dismiss. *See Sutton v. Roberts, et al.*, No.14-cv-02586-LTB (D. Colo. Dec. 8, 2014); *Sutton v. Thiebout, et al.*, No. 14-cv-02579-LTB (D. Colo. Dec. 8, 2014); *Sutton v. LaPage, et al.*, No. 14-cv-02387-LTB (D. Colo. Dec. 5, 2014).

Before the Court had the opportunity to complete a review of the seventeen claims raised in the Second Amended Complaint, asserted against twenty-four defendants, and enter an order, Plaintiff filed a Third Amended Complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, 18 U.S.C. §§ 1621 and 3571, and Colo. Rev. Stat. §§ 18-8-502 and -707.  Plaintiff pursuant to Fed. R. Civ. P. 15(a), may amend his Complaint once as a matter of course without seeking leave of court.  Nonetheless, the Third Amended Complaint " 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).  The Court, therefore, will address only the merits of the Third Amended Complaint.

In the third Amended Complaint, Plaintiff asserts the following twelve claims.

Claim One-All named defendants violated his equal rights under 42 U.S.C. § 1981;

Claim Two-All named defendants violated his rights under 42 U.S.C. § 1983;

Claim Three-All named defendants conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985;

Claim Four-All named defendants deprived him of his right to free exercise of religion under the First Amendment by forcing him to eat meat;

> Claim Five-Defendants Matthew VanLeeuwen, Brian Gowin, and Anthony Roderick violated his Fourth Amendment rights by "describing [Plaintiff] as the person to be seized";
>
> Claim Six-Defendants Matthew VanLeeuwen, Brian Gowin, and Anthony Roderick violated his Fifth Amendment rights by holding him in solitary confinement without a hearing or due process;
>
> Claim Seven-Defendants Matthew VanLeeuwen and Anthony Roderick violated his Sixth Amendment rights by denying him the right to confront witnesses, have assistance of counsel, and receive a speedy trial;
>
> Claim Eight-All named defendants violated his Eighth Amendment rights;
>
> Claim Nine-Defendants Matthew VanLeeuwen, Brian Gowin, and Anthony Roderick violated his Fourteenth Amendment rights to due process and equal protection;
>
> Claim Ten-Defendants Matthew VanLeeuwen and Brian Gowin made false statements in support of the affidavit for a warrantless arrest and at the December 10, 2012 trial in violation of Colo. Rev. Stat. § 18-8-502 and 18 U.S.C. § 1621;
>
> Claim Eleven-Defendant Anthony Roderick violated Colo. Rev. Stat. § 18-8-707 when he attempted to keep Plaintiff from testifying regarding Plaintiff's solitary confinement that was done without due process; and
>
> Claim Twelve-All named defendants failed to execute their oath of office in violation of 18 U.S.C. § 3571.

Third Am. Compl., ECF No. 30, at 6-15.

The twelve claims Plaintiff sets forth in the Cause of Action Section of the Third Amended Complaint are not supported with facts. The claims either are conclusory and vague, legally frivolous, or barred as discussed below. The only properly asserted claims in the Third Amended Complaint are found in the Nature of the Case section of the complaint form, where Plaintiff asserts that on August 25, 2012, he and his wife were stopped because they fit the description of "domestic violence suspects." ECF No. 30 at 4. Plaintiff further asserts that he was improperly arrested by Defendant VanLeeuwen for using a curse word, was then wrongly held for a total of nine hours by

4

Defendant Gowin and falsely accused of assaulting Defendant Gowin, which resulted in his placement in solitary confinement by Defendant Roderick for seven months without due process and being repeated denied of his religious diet by Defendant LaPage during this time.  Plaintiff also asserts that the assault charge against him was dismissed.  In the Request for Relief section of the Third Amended Complaint, Plaintiff seeks declaratory and injunctive relief and money damages.

The Court, therefore, finds that only those claims stated in the Nature of the Case section, as described above, comply with Rule 8.  Claims One through Twelve, in the Cause of Action section of  the Third Amended Complaint will be dismissed for failure to comply with Rule 8 or for the reasons stated below.

To the extent Plaintiff is challenging the conviction in his Colorado criminal case, that he asserts is pending in the Colorado Supreme Court (Case No. 2015SC36), his claims for money damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

Based on Plaintiff's description of the nature of this case, it is apparent that he has not invalidated the conviction and sentence at issue.  The Court, therefore, finds that Plaintiff's claims for damages challenging the validity of his criminal case pending on appeal is barred by the rule in *Heck* and must be dismissed.  Although these claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed.*

5

*Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

Plaintiffs' Fourth Amendment claim regarding a lack of probable cause for his arrest, however, as asserted against Defendant VanLeeuwen, does do not appear to be barred by *Heck*.

To the extent that Plaintiff seeks injunctive and declaratory relief regarding the validity of his conviction, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action. If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action. Before seeking habeas corpus relief in federal court, Plaintiff, however, must exhaust state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The Court further finds no basis for Plaintiff's claims asserted pursuant to 18 U.S.C. §§ 1621 and 3571 or pursuant to Colo. Rev. Stat. §§ 18-8-502 and -707. Plaintiff fails to assert any factual basis that falls within the purview of these statutes. Three of these statutes, § 1621,and §§ 18-8-502 and -702 address criminal violations. Section 1621 concerns a federal crime. None of these statutes provide for a private civil cause of action. Finally, Section 3571 concerns fines that may be assessed in a federal criminal conviction and like the other three statutes does not provide for a private cause of action. Any claim that Plaintiff asserts pursuant to these statutes is legally frivolous. Accordingly, it is

ORDERED that Claims One through Twelve as stated in the Cause of Action section of the third Amended Complaint are dismissed pursuant to

Fed. R. Civ. P. 8.  It is

FURTHER ORDERED that to the extent Plaintiff is challenging the validity of his conviction, in which an appeal is pending in the Colorado Supreme Court, Case No. 2015SC36 the claim is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).  It is

FURTHER ORDERED that all claims asserted pursuant to 18 U.S.C. §§ 1621 and 3571, and Colo. Rev. Stat. §§ 18-8-502 and 707, are dismissed as legally frivolous.  It is

FURTHER ORDERED that the claims as stated in the Nature of the Suit section of the Third Amended Complaint, and as described in this Order, against Defendants Matthew VanLeeuwen, Brian Gowin, Anthony Roderick, and Fran LaPage are drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this  25th  day of   February   , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court