IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

MATTHEW VAN LEEUWEN,
BRIAN GOWIN,
ANTHONY RODERICK, and
FRAN LAPAGE,

Defendants.

### REPORT & RECOMMENDATION ON

### DEFENDANT BRIAN GOWIN'S COMBINED MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF
(Docket No. 59)
&

### MOTION TO DISMISS ON BEHALF OF DEFENDANT VAN LEEUWEN
(Docket No. 62)

**Michael J. Watanabe**
**United States Magistrate Judge**

Following several docketed cases, amended pleadings, and summary review under 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff's Third Amended Complaint was drawn to a district judge upon the following order:

> The twelve claims Plaintiff sets forth in the Cause of Action Section of the Third Amended Complaint are not supported with facts. The claims either are conclusory and vague, legally frivolous, or barred . . . . The only properly asserted claims in the Third Amended Complaint are found in the Nature of the Case section of the complaint form, where Plaintiff asserts that on August 25, 2012, he and his wife were stopped because they fit the description of "domestic violence suspects." ECF No. 30 at 4. Plaintiff further asserts that he was improperly arrested by Defendant Van Leeuwen for using a curse word, was then wrongly held for a total of nine hours by Defendant Gowin and falsely accused of assaulting Defendant

> Gowin, which resulted in his placement in solitary confinement by Defendant Roderick for seven months without due process and being repeated[ly] denied of his religious diet by Defendant LaPage during this time. Plaintiff also asserts that the assault charge against him was dismissed. In the Request for Relief section of the Third Amended Complaint, Plaintiff seeks declaratory and injunctive relief and money damages.
>
> The Court, therefore, finds that only those claims stated in the Nature of the Case section, as described above, comply with Rule 8. Claims One through Twelve, in the Cause of Action section of the Third Amended Complaint will be dismissed . . . .

(Docket No. 31, pp.4–5.) Defendants Roderick and LaPage filed an answer. (Docket No. 60.) Defendants Van Leeuwen and Gowin, however, filed motions to dismiss— which District Judge Raymond P. Moore referred to the undersigned. (Docket Nos. 59, 62 & 64.)

The Court has reviewed the parties' filings (Docket Nos. 59, 62, 63, & 71), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following report and recommendation that both motions be granted.

### Factual Background

**I.    As Alleged in the Complaint**

On August 25, 2012, Plaintiff and his then-wife were walking home, when several police cars surrounded them. (Docket No. 30, p.4.) The officers claimed that the couple met the description of the individuals in a reported domestic violence incident. (*Id.*) The officers posed the same questions over and over; after ten minutes, Plaintiff and his then-wife began arguing that they had established they weren't the people the officers were looking for and had a right to leave. (*Id.*) Plaintiff cursed. (*Id.*) Defendant Van Leeuwen arrested Plaintiff and put him on a "four hour hold." (*See id.*)

3

Defendant Gowin then caused Plaintiff to be held for an additional five hours (for a total of nine hours). (*Id.*) At the end of that period:

> I [Plaintiff] began arguing with him that I had a right to leave, he became angry, repeatedly pushed me, tried to choke me, shoved my face into the ground, wrote a statement about the incident, later made changes to his statement that were false, used the false charges to charge me with assaulting him, and then deceived a judge into approving the charge based on the false charges.

(*Id.*) Later, Plaintiff was held for seven months in solitary confinement without any kind of hearing. (*Id.*) After those seven months, the District Attorney's office reviewed a video of the altercation between Gowin and Plaintiff and dismissed the assault charges. (*Id.* at 5.)

## II.     As Reflected in Official Records

Generally speaking, only the Complaint is to be considered when ruling on a motion to dismiss. *See Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008). However, the Court may take judicial notice (if otherwise appropriate under Federal Rule of Evidence 201) of the existence and contents of certain public records, although the Court may not rely on truth or falsity of the contents of those records. *See, e.g.*, *ASARCO LLC v. Union Pac. R. Co.*, 755 F.3d 1183, 1188 n.5 (10th Cir. 2014); *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

The parties have relied on several documents from Plaintiff's arrest, and the Court will take notice of those documents:

- Document 59-1 is an August 25, 2012, Affidavit in Support of Warrantless Arrest, sworn by Defendant Gowin. It shows that Plaintiff was arrested on August 25, 2015, for assault in the second degree based on the altercation between Plaintiff and Gowin. It bears a Pueblo County Combined Courts case number of 12CR1220.

- Document 59-2 is an August 25, 2015, incident report written by Defendant Gowin.  It repeats the same basic factual narrative as the warrantless-arrest affidavit, but makes no mention of specific criminal charges.

- Document 71, p.16, is an October 25, 2012, affidavit from Plaintiff's then-wife recanting her allegations of domestic violence (as to an incident at some point *after* August 25, 2012) and asking the Pueblo County Combined Courts to lower Plaintiff's bond.  It bears a Pueblo County Combined Courts case number of 12CR1220.

- Document 71, p.20, is a January 4, 2013, handwritten confession to the crime of using an obstacle to obstruct or interfere with a police officer, signed by Plaintiff, a prosecutor, and a public defender.  It was filed in open court in Pueblo County Combined Courts case number of 12CR1220.

- Document 59-3 is a February 22, 2013, Sentence Order from Pueblo County Combined Courts, showing that the assault charge was dismissed but that Plaintiff pleaded guilty to obstructing a police officer.  It bears a Pueblo County Combined Courts case number of 12CR1220.

- Document 62-2 is an August 20, 2013, order from the District Court in Pueblo County rejecting Plaintiff's appeal (from the Municipal Court) of a disorderly conduct conviction based on his interaction with Defendant Van Leeuwen.  It bears a Pueblo County District Court case number of 13CV75 but does not provide any citation to the associated Municipal Court case number.  It describes a trial to the Court in December 2012, with a conviction entered on December 27, 2012.

- Document 62-3 is a February 23, 2015, Order from the Colorado Supreme Court denying as untimely Plaintiff's petition for certiorari as to his disorderly conduct conviction.  The order refers to Pueblo County District Court case number 13CV75 and Municipal Court case number EO41371.

Based on the foregoing documents, the Court finds (for purposes of this motion) that Plaintiff has two convictions: a disorderly-conduct conviction based on Plaintiff's altercation on the street with Defendant Van Leeuwen, and an obstructing-an-officer conviction based on Plaintiff's altercation at the police station with Defendant Gowin.

### III.     As Reflected in the Video Tapes

"In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do

not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)). Here, Defendant Gowin asks the Court to take notice of the police station's security video showing the altercation between Plaintiff and Defendant Gowin. Plaintiff effectively makes the same request, submitting still-shots from the video in support of his objection to the motions.

This rule has been applied to videos. *See, e.g.*, *Crutchfield v. Nash*, 2015 WL 1268162, at *1 n.2 (W.D. Va. Mar. 19, 2015). That said, some courts have declined to extend the rule that far. *Stewart v. City of Prairie Vill., Kan.*, 904 F. Supp. 2d 1143, 1154 n.17 (D. Kan. 2012). Here, although Plaintiff mentions the video, the video itself is not "central to the plaintiff's claims" in the way that a contract or a copyrighted work would be. Moreover, the Court does not find the video necessary to resolve the questions raised in these motions to dismiss (primarily because Plaintiff disclaims any intent to press an excessive-force claim). As a result, the Court declines to consider the video evidence in resolving these motions.

## **Discussion**

As recently formulated by Judge Moore:

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead enough facts to state a claim to relief that is plausible on its face. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

> conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss. Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.
>
> . . .
>
> For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. However, when legal conclusions are involved in the complaint the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to those conclusions. Accordingly, in examining a complaint under Rule 12(b)(6), the court will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

*Watts v. Donley*, No. 15-cv-00320-RM-KLM, 2015 WL 2330019, at *3–4 (D. Colo. May 14, 2015) (internal citations, quotation marks, and alterations omitted).

Defendants Gowin and Van Leeuwen both argue that the claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and by the statute of limitations. Defendant Gowin further argues that Plaintiff fails to plausibly allege any claim for relief, and Defendant Van Leeuwen further argues that he is entitled to qualified immunity.

**I.    Statute of Limitations**

The statute of limitations arguments can be disposed of quickly. All parties agree that a two-year statute of limitations applies, and that the earliest Plaintiff's claims could have accrued is August 25, 2012. Plaintiff provided evidence that he placed his prisoner complaint in the prison mail system on August 25, 2014. (Docket No. 71, pp.23–24.) Applying the prison mailbox rule, *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005), Plaintiff's claims are thus timely.

7

The Court therefore need not decide whether some of Plaintiff's claims may have accrued at a later date or whether Plaintiff is entitled to equitable tolling. The Court recommends that Defendants' motions be denied insofar as they are based on the statute of limitations.

## II.     *Heck v. Humphrey*

Plaintiffs may not bring actions under § 1983 that collaterally challenge criminal convictions, even where they seek monetary rather than injunctive relief. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court explains:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486–87 (footnotes omitted). Here, Defendant Van Leeuwen argues that no suit against him can be maintained without necessarily implying that Plaintiff's disorderly conduct conviction was invalid; Defendant Gowin argues that no suit against him can be maintained without necessarily implying that Plaintiff's obstructing-an-officer conviction was invalid.

8

***Defendant Van Leeuwen***.  Plaintiff's complaint alleges that Defendant Van Leeuwen stopped him because he allegedly fit the description of a suspect in a domestic violence case, and that Defendant Van Leeuwen arrested him for cursing.  In response to Defendant Van Leeuwen's *Heck* argument, Plaintiff argues:

> [Van] Leeuwen did not have probable cause to believe I had committed any arrestable offense when he arrested me – though I was later convicted of the charges I had been arrested for – and I do not challenge the conviction(s), only the "arrested was improper" (under the totality of the circumstances).  Thus, my claim that I was improperly arrested by Defendant Van Leeuwen is correctly asserted.

(Docket No. 71, p.4.)  Thus, it does not appear that Plaintiff challenges the initial stop; rather, he challenges the arrest for lacking probable cause.

The Court does not see any way that this challenge can proceed without calling into question Plaintiff's disorderly-conduct conviction.  On different facts, it is possible for a plaintiff to concede guilt but nonetheless argue that the arresting officer did not have knowledge of that guilt or sufficient probable cause to suspect that guilt.  But here, as alleged by Plaintiff, the arrest and subsequent conviction were predicated entirely on conduct that took place in the presence of the arresting officers—thus, the evidence establishing his conviction is the exact same evidence establishing probable cause to support the arrest.  Plaintiff cannot challenge the factual premise underlying the arrest without also challenging the factual premise underlying the conviction.  Accordingly, Plaintiff's claims against Defendant Van Leeuwen are barred.  The Court recommends that Defendant Van Leeuwen's motion to dismiss be granted insofar as it is based on *Heck v. Humphrey*.

***Defendant Gowin***.  Plaintiff's complaint alleges that Defendant Gowin wrongfully held him for nine hours (at least five hours longer than Plaintiff believes he could have

been lawfully detained), and that Defendant Gowin falsely accused him of assault. In response to Defendant Gowin's *Heck* argument, Plaintiff argues:

> . . . I did hold open the door and was convicted of obstructing Gowin because I held the door, [but] I never challenged that conviction in any of my documents filed with this court. I only asserted that Gowin falsely imprisoned me before I held the door, and maliciously prosecuted me after I held the door.

(Docket No. 71, pp.4–5.)  Thus, Plaintiff confirms that he has two different claims: one for false imprisonment (for the five hour period preceding his altercation with Defendant Gowin), and one for malicious prosecution on assault charges rather than obstruction charges.

Neither of Plaintiff's claims rely on showing that he did not impede Defendant Gowin by refusing to allow the door to be closed.  Accordingly, neither claim necessarily calls into question the validity of Plaintiff's conviction for obstructing a peace officer. The claims are therefore not barred.  The Court recommends that Defendant Gowin's motion to dismiss be denied insofar as it is based on *Heck v. Humphrey*.

### III. <u>Plausibly Stating a Claim</u>

Defendant Gowin further argues that Plaintiff fails to plausibly allege any claim for relief.  The Court agrees.

***False Imprisonment***.  Plaintiff's first claim against Defendant Gowin is for false imprisonment—which, in the language of federal law, would be a claim for unlawful seizure.  "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004).  "Accordingly, when a warrantless arrest is the subject of a § 1983 action, in order to succeed, a

10

plaintiff must prove that the officer(s) lacked probable cause." *Buck v. City of Albuquerque,* 549 F.3d 1269, 1281 (10th Cir. 2008). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry v. United States,* 361 U.S. 98, 102 (1959). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Romero v. Fay,* 45 F.3d 1472, 1476 (10th Cir. 1995).

Plaintiff was initially arrested by Defendant Van Leeuwen for disorderly conduct. Defendant Gowin did not encounter Plaintiff until later, at the police station. So far as can be inferred from Plaintiff's complaint, Defendant Gowin had no reason to doubt the lawfulness of the initial seizure. But Plaintiff's claim *against Defendant Gowin* isn't that the initial seizure was unlawful: it's that the seizure became unlawful after the first four hours. But Plaintiff provides no reason to believe that the probable cause supporting his arrest somehow dissipated after four hours—and indeed, he was ultimately convicted at trial. Under the Fourth Amendment, the government is entitled to forty-eight hours to bring a suspect under warrantless arrest before a judicial officer. *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991). Plaintiff's allegation is that holding him past four hours was unlawful; this fails to state a claim under federal law. The Court thus recommends that any such claim against Defendant Gowin be dismissed under Rule 12(b)(6).[1]

***Malicious Prosecution***. Plaintiff's second claim against Defendant Gowin is for malicious prosecution. Under Tenth Circuit precedent, "a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued

---

[1] To the extent Plaintiff asserts a claim under state law, it is recommended that the Court decline to exercise its supplemental jurisdiction.

11

confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008); *see also Novitsky v. City Of Aurora,* 491 F.3d 1244, 1258 (10th Cir. 2007) (addressing claim under both the Fourth and Fourteenth Amendments). Where, as here, the prosecution involved more than one charge, the third element (probable cause) must be determined as to each charge, but the second element (favorable termination) is determined as to the entire criminal proceeding. *See, e.g., Kossler v. Crisanti,* 564 F.3d 181, 188 (3d Cir. 2009) (probable-cause element); *Johnson v. Knorr,* 477 F.3d 75, 86 (3d Cir. 2007) (favorable-termination element); *Miller v. Spiers,* 339 F. App'x 862, 868 & n.3 (10th Cir. 2009) (favorable-termination element).

Defendant Gowin does not explain where he believes Plaintiff's malicious-prosecution claim falls short, but the favorable-termination element seems likely. Plaintiff was ultimately convicted of a crime (obstructing an officer) predicated on the same conduct that his assault charge was predicated on. Although Plaintiff pleaded guilty only to using an obstacle (the door) to obstruct the officer, and did not plead guilty to assaulting Defendant Gowin, it remains the case that the criminal proceedings as a whole ended with a conviction based on the charged conduct. The proceedings did not end favorably for him—and as a result, Plaintiff cannot state a federal claim for

12

malicious prosecution. The Court therefore recommends that any such claim against Defendant Gowin be dismissed under Rule 12(b)(6).[2]

## IV. Qualified Immunity

Finally, Defendant Van Leeuwen argues that he is entitled to qualified immunity because, on the facts as established through the pleadings and judicial notice, he did not violate any of Plaintiff's clearly established rights. Based on Plaintiff's conviction for disorderly conduct, it seems clear that probable cause supported his arrest by Defendant Van Leeuwen—and therefore, the Court agrees that Defendant Van Leeuwen did not violate any of Plaintiff's clearly established rights. To the extent the claims against Defendant Van Leeuwen are not barred by *Heck v. Humphrey*, the Court recommends that they be dismissed based on qualified immunity.

## Recommendation

For the foregoing reasons, it is recommended that:

(1) Defendant Brian Gowin's Combined Motion to Dismiss and Memorandum in Support Thereof (Docket No. 59) be GRANTED;

(2) Motion to Dismiss on Behalf of Defendant Van Leeuwen (Docket No. 62) be GRANTED; and

(3) Defendants Gowin and Van Leeuwen be DISMISSED from this case.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

---

[2] To the extent Plaintiff asserts a claim under state law, it is recommended that the Court decline to exercise its supplemental jurisdiction.

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 29, 2015  *s/ Michael J. Watanabe*
 Denver, Colorado  Michael J. Watanabe
   United States Magistrate Judge