IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

MATTHEW VAN LEEUWEN,
BRIAN GOWIN,
ANTHONY RODERICK, and
FRAN LAPAGE,

Defendants.

---

## REPORT & RECOMMENDATION ON

## PLAINTIFF'S URGENT PARTIES CONSENTED TO AMENDMENT OF PLEADINGS; ALTERNATIVELY, BECAUSE JUSTICE REQUIRES IT, SWORN, MOTION FOR LEAVE OF THE COURT TO AMEND PLEADING DUE TO NEW EVIDENCE FROM INITIAL DISCLOSURES
(Docket No. 77)

---

**Michael J. Watanabe**
**United States Magistrate Judge**

On May 29, 2015, I recommended that two motions to dismiss (Docket Nos. 59 &

62) be granted and that Defendants Matthew VanLeeuwen and Brian Gowin be

dismissed from this case.  (Docket No. 74.)  On June 12, 2015, Plaintiff filed an

objection to that report and recommendation.  (Docket No. 76.)  On the same day,

Plaintiff also moved for leave to amend his pleadings.  (Docket No. 77.)

Plaintiff's objection to the report and recommendation is fully briefed and pending

before District Judge Raymond P. Moore.  (Docket Nos. 76, 87 & 91.)  Judge Moore

referred to me Plaintiff's motion for leave to amend.  (Docket No. 79.)  I have reviewed

the parties' filings (Docket Nos. 59, 62, 63, & 71), taken judicial notice of the Court's

entire file in this case, and considered the applicable Federal Rules of Civil Procedure,

statutes, and case law.  Now being fully informed, I make the following report and

recommendation that Plaintiff's motion be granted in part and denied in part.

## Legal Standards

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.

Because Plaintiff has already amended, and because the most recent amendment is

opposed, he must seek the court's leave to file his new pleading.  Fed.R.Civ.P. 15(a).

Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires."  *Id.*

at 15(a)(2).  "The purpose of the Rule is to provide litigants 'the maximum opportunity

for each claim to be decided on its merits rather than on procedural niceties.'"  *Minter v.*

*Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006).  Thus:

> "In the absence of any apparent or declared reason—such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the amendment,
> futility of amendment, etc.—the leave sought should, as the rules require,
> be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## Allegations in Proposed Amended Complaint

Plaintiff's lawsuit, roughly speaking, concerns three subjects: Plaintiff's stop and

subsequent arrest on August 25, 2012; Plaintiff's detention for nine to ten hours

following thereafter, ending in an incident in which Plaintiff was charged with assaulting

an officer; and the conditions under which Plaintiff was detained or incarcerated in the

months following these incidents.  The new proposed pleading sets forth sixteen claims

against eight defendants—four who are already part of this case (Defendants

3

VanLeeuwen, Gowin, Roderick, and LaPage), and four new defendants (proposed

Defendants Guerin, Lightcap, Baillargeon, and Ordway).

The general allegations of the proposed amended complaint are brief, and will be

set forth here in full:

1. I and my wife had been stopped repeatedly, because my skin color being dark, by Pueblo Police Officers.

2. Again, we were stopped, by racial profiling, as we were walking home from the hospital, by VanLeeuwen, on Aug. 25, 2012, at 1 AM.

3. We answered all of the Officers's questions but we were not allowed to leave.

4. I used a curse word, committing disorderly conduct, and was placed on a 4 hr. hold.

5. VanLeeuwen told Guerin I was there on a summons and a 4 hr. hold maximum.

6. Guerin let a white female out at her 4 hr. hold max but not me.

7. Over the 10 hr. period Guerin, Gowin, and Lightcap repeatedly made false reasons not to release me, but released the white female

8. I demand my release and held open the door committing obstruction of Gowin.

9. Gowin pushed me three times, chased me to the back of the cell, tried to choke me, pushed my face into the floor, tied me to a chair, and left me with bodily injuries.

10. Gowin and Lightcap punished me by arresting me for assault to increase my bail amount so I could not get released, during which time I lost my properties.

11. Ordway was my friend, saw the video of me and Gowin but did not help me.

12. Baillargeon saw the video of me and Gowin but did not turn in his report to help me.

13. Roderick punished me with solitary confinement without any hearing or chance to defend.

14. LaPage punished me by repeatedly denying me my religious no meat diet, during which time I became very suicidal, but received no help when I asked.

(Docket No. 77-1, p.4.)

As grounds for his motion, Plaintiff argues that he has newly discovered

evidence, mostly from Defendants' initial disclosures.  More specifically, according to

Plaintiff:

- Defendants' initial disclosures show no documentation of any report of domestic violence, and Plaintiff spoke with someone at the Pueblo Police Dispatch who also stated that there were no calls reporting possible domestic violence around 1:00 a.m. on August 25, 2012.  (Docket No. 77 ¶ 6.)

- A September 2014 supplemental report shows that proposed Defendant Guerin was responsible for processing 4-hour holds, and that after four hours proposed Defendant Guerin released similarly situated Caucasians but not Plaintiff.  (*Id.* ¶ 7.)

- Defendants' initial disclosures show that proposed Defendant Baillargeon withheld from his reports information that would have been favorable to Plaintiff, contributing to Plaintiff's arrest.  Several other individuals, including most Defendants and proposed Defendants, contributed false information to the official reports.  (*Id.* ¶ 8.)

- Disclosed medical records show bodily injury to Plaintiff.  (*Id.* ¶ 9.)

- The September 2014 supplemental report includes false statements about Plaintiff being on drugs and being drunk at the time of his arrest.  (*Id.* ¶ 10.)

- Proposed Defendant Ordway, a friend or associate of Plaintiff's, failed to intervene on Plaintiff's behalf.  (*Id.* ¶ 11.)

- Defendants' initial disclosures show that three of the proposed new Defendants added the assault charges to Plaintiff's second arrest in order to increase the amount of bail past Plaintiff's means to pay.  (*Id.* ¶ 12.)

- Finally, the initial disclosures confirm that Defendant Roderick caused Plaintiff to be held in solitary confinement without a hearing, and the disclosures further confirm (among other things) that Plaintiff was once tasered, presumably in his cell, at 2:00 a.m.  (*Id.* ¶¶ 12–13.)

## Discussion

Plaintiff argues that the newly discovered evidence warrants leave to amend his complaint.  Defendants argue that amendment would be futile because (1) the claims against existing defendants fail to state a claim, and (2) the claims against the new defendants are time-barred.  Aside from Defendant's arguments, many of these claims echo theories that were discarded earlier under the Court's 28 U.S.C. § 1915A prescreening authority.  The Court will therefore also review the claims under its independent authority to review *in forma pauperis* prisoner complaints.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   Failure to State a Claim

*Claims One through Three*.  Plaintiff's first three proposed claims allege that Defendant VanLeewuen lacked reasonable suspicion to stop and question Plaintiff, and that the stop was the product of unlawful discrimination.

The first theory fails.  It is true that a plaintiff may challenge an initial stop as unlawful, without necessarily undermining the factual predicate underlying the arrest. *Heck v. Humphrey*, 512 U.S. 477, 478 n.7 (1994).  But in doing so, the plaintiff must still point to an "actual, compensable injury" other than "the 'injury' of being convicted and imprisoned (until his conviction has been overturned)."  *Id.*  Here, all of Plaintiff's alleged injuries stem from his arrest and conviction—which, under the *Heck* doctrine, cannot be challenged in this proceeding.  Even assuming that Plaintiff has plausibly alleged an unlawful stop, Plaintiff has not plausibly alleged an actual, compensable injury that occurred in the brief moment of time between that stop and the disorderly conduct for

which he was arrested and convicted.  He therefore has not stated a claim, and leave to amend would be futile.

The second theory fails as well.  To allege a racially selective stop, a plaintiff must plausibly allege not only a racially discriminatory purpose, but also a racially discriminatory effect.  *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).  Here, Plaintiff has not alleged that any similarly situated non-minorities were not stopped, nor has he provided anything more than bare, conclusory allegations that he was stopped on the basis of his skin color.  He therefore has not plausibly alleged a violation of the Equal Protection Clause.

The Court concludes that leave to amend for purposes of asserting Claims One, Two, and Three would be futile.

***Claims Four through Seven***.  Claims Four and Five, asserted against would-be-Defendant Guerin, allege that Plaintiff's continued detention past the four hours he expected to be detained were unlawful because (1) a similarly situated white woman was released before he was, and (2) he was not brought to court within 48 hours. Claims Six and Seven are identical, but are asserted as conspiracy claims against would-be-Defendants Guerin and Lightcap as well as Defendant Gowin.

The first theory fails, for lack of factual sufficiency.  Plaintiff alleges that one white arrestee was released from custody quicker than he was.  He also suggests (though doesn't say) that Defendant Guerin chose not to timely release him because of his race. But he alleges no other facts suggesting any racial motive; there are literally no allegations in the general narrative or in these specific claims from which a racially discriminatory intent might be inferred.  This does not nudge Plaintiff's claims across the

line from conceivable to plausible.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191

(10th Cir. 2012).

The second theory fails as well.  Plaintiff argues he was not brought before a

court until more than fifty hours after his arrest.  But the record in this case, of which the

Court may take judicial notice (as explained in the Court's previous Recommendation,

Docket No. 74, pp. 3–4), shows that a judicial officer reviewed the arresting officer's

affidavit and made a probable cause determination on August 26, 2012—less than 48

hours after the arrest.  (Docket No. 59-1, p.2.)  All that is required within 48 hours of a

warrantless arrest is that an impartial magistrate make a probable cause determination.

*See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Gerstein v. Pugh*, 420 U.S.

103 (1975).  That happened here.

The Court concludes that leave to amend for purposes of asserting Claims Four

through Seven would be futile.

***Claim Eight***.  Claim Eight is an excessive-force claim against Defendant Gowin.

As Defendants point out, Plaintiff previously disclaimed any intention to assert such a

claim.  (Docket No. 71, p.10 ("[N]or do I plan to Amend the Complaint to include a claim

for excessive force because the amount of force may have been reasonable to make a

lawful arrest when I held the door open.").)  Because Plaintiff is a pro se litigant, the

Court will not hold Plaintiff to this statement as if it were a binding judicial admission.

The claim states: "[D]uring my lawful arrest Brian Gowin push [sic] me three

times, chased me to the back of the cell, cornered me, tried to put me in a choke hold,

pushed my face into the floor, while squeezing my neck, tied me to a chair, and left me

tried [sic] to the chair, during this time I was in pain in my back neck and wrist, and the

pain lasted for about one (1) week." (Docket No. 77-1, p. 7.) At the 12(b)(6) stage, this plausibly states a claim for excessive force.

In his earlier motion to dismiss (Docket No. 59), Defendant Gowin argued that any excessive force claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). But this is true only if the excessive-force claim necessarily undermines the factual predicate supporting Plaintiff's obstruction conviction. Where, as here, Plaintiff's theory concedes the factual predicate of his arrest and conviction but argues that the officer employed more force than was reasonably necessary under the circumstances, the claim is not barred by *Heck*. *Havens v. Johnson*, 783 F.3d 776, 782–83 (10th Cir. 2015) ("An excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer. For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared."). Defendant Gowin also argued that the reasonableness of the force can be decided as a question of law where there are no disputed facts about the circumstances or amount of force. But the Court has viewed the video of the altercation (Docket No. 59-5) and finds that the question is not so clear that it need not go to a jury.

The Court concludes that leave to amend for purposes of asserting Claim Eight would *not* be futile.

***Claims Nine through Twelve***. The next four claims all relate to Defendants' decision to charge Plaintiff with assault as well as with obstruction of an officer, following the incident with Defendant Gowin. Plaintiff alleges that the assault charge was added with the subjective intent of increasing his bail past his ability to pay; that two different proposed Defendants failed to intervene to prevent the excessive charge; and

that the high bail (which he apparently did not meet) led to "cruel and unusual punishment" in the form of bankruptcy, foreclosure, divorce, and other personal tragedies.

These claims are all predicated on the idea that the assault charge was without probable cause.  To state a claim for excessive bail, for example, a plaintiff must show that the judicial officer setting bail was misled by the defendants.  *Galen v. County of Los Angeles,* 477 F.3d 652, 664 (9th Cir. 2007).  If the charges upon which plaintiff was charged were supported by probable cause, and the other facts presented to the court for purposes of setting bail were true, it cannot be said that the court was misled.  *See id.*  Here, Plaintiff bases his excessive-bail claim solely on the assault charge and not on any other misrepresentations.  But the Court has reviewed the affidavit upon which Plaintiff was charged with assault, and finds that it establishes probable cause for the charged offense.  (*See* Docket No. 59-1.)  Plaintiff disagrees with the affidavit's characterization of his actions as "violent," but even setting that characterization aside, probable cause exists nonetheless.  As a result, Plaintiff fails to state a claim for excessive bail.  By necessity, the claims that are predicated on excessive bail also fail.  Finally, to the extent Plaintiff's failure to make bail led to a variety of personal setbacks, those setbacks are properly considered as part of his damages (should he establish liability) rather than as part of his state-imposed punishment.

The Court concludes that leave to amend for purposes of asserting Claims Nine through Twelve would be futile.

***Claims Thirteen through Sixteen***.

Claims thirteen through sixteen are all claims against existing Defendants Roderick and LaPage.  Defendants Roderick and LaPage joined in the objection to Plaintiff's motion for leave to amend, but made no arguments at all as to themselves or as to these claims.  (*See* Docket No. 90.)  As to these claims, then, the motion has been confessed.

Further, although Defendants Roderick and LaPage have already filed an Answer (Docket No. 60), there are no explicit claims against them due to the difficulty Plaintiff had in surviving § 1915A screening (*see* Docket No. 31 (dismissing Plaintiff's claims for relief but allowing his factual narrative to be drawn to a judge)).  Even had Defendants Roderick and LaPage not already waived their objections, the Court would nonetheless deem it appropriate to allow Plaintiff to state actual claims.

The Court concludes that leave to amend for purposes of asserting Claims Thirteen through Sixteen would *not* be futile.

## II.   <u>Statute of Limitations</u>

Further, Defendants argue that any claims against the four proposed new Defendants would be futile because the statute of limitations has run as to those individuals.  This argument is moot because the Court has concluded that none of the claims against the proposed new defendants state a claim upon which relief can be granted.  But the Court will nonetheless address the statute of limitations, in the alternative.

***Defendants Guerin, Lightcap, and Baillargeon***.  These three Defendants are named on Plaintiff's claims arising out of the failure to release him from detention after

four hours and from the decision to charge him with assault.  These claims are subject

to a two-year statute of limitations, C.R.S. § 13–80–102; *Blake v. Dickason*, 997 F.2d

749, 750–51 (10th Cir. 1993), and would have accrued on August 25, 2012, or in the

two or three days shortly thereafter, *see Johnson v. Johnson County Comm'n Bd.*, 925

F.2d 1299, 1301 (10th Cir. 1991).  These claims are therefore stale as to the proposed

new Defendants, unless the proposed pleading can relate back to the filing of the

original complaint under Federal Rule of Civil Procedure 15(c).

For purposes of adding a new party, the proposed pleading will relate back to the

original so long as, within the period for timely service under Rule 4(m), the party to be

added (1) "received such notice of the action that it will not be prejudiced in defending

on the merits," and (2) "knew or should have known that the action would have been

brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ.

P. 15(c)(1)(C).  Here, these three proposed Defendants were actually named on

Plaintiff's original complaint.  (Docket No. 1.)  Plaintiff had a difficult time getting through

preliminary screening under 28 U.S.C. § 1915A, and they were not included in the

amended complaint that ultimately went forward.  (Docket Nos. 30 & 31.)  But on such

facts, the Court has no difficulty concluding that they were on timely constructive notice

of the case through shared counsel.  *See Santistevan v. City of Colorado Springs*, Case

No. 11-cv-01649-MEH, 2012 WL 280370, at *4 (D. Colo. Jan. 31, 2012).

The harder question is whether the failure to include these proposed new

Defendants in the operative pleading was due to some mistake as to their identity or

role, rather than due to a lack of knowledge about their identity.  *See Garrett v. Fleming*,

362 F.3d 692, 696–97 (10th Cir. 2004).  Here, it appears from the papers that Plaintiff

removed them from the case not due to any deliberate strategy, but rather based on a mistake as to which individuals were responsible for which actions.  Thus, it appears that Plaintiff seeks not to add a new claim so much as he seeks, due to a misunderstanding of the facts, to change the identities of certain parties liable for the claims already at issue.  This constitutes a mistake as to identity for purposes of Rule 15(c).  *See Santistevan*, 2012 WL 280370, at *5–7.  Accordingly, the Court concludes that the claims against proposed Defendants Guerin, Lightcap, and Baillargeon relate back to the original pleading and are not time-barred.

**Defendant Ordway**.  Plaintiff did not list proposed Defendant Ordway in his original pleading.  Further, the claim now asserted against Ordway, claim eleven, is simply that Ordway failed to file a report with his favorable characterization of Plaintiff's altercation with Defendant Gowin.  This is a different theory of liability, unrelated to the ones already at issue.  Thus, it cannot be said that Defendant Ordway was on notice of the claim, nor that the failure to name him was based on a mistake as to identity.  The proposed claim against Ordway does not relate back to the original pleading and is therefore time-barred.

## Recommendation

For the foregoing reasons, it is recommended that Plaintiff's Urgent Parties Consented To Amendment Of Pleadings; Alternatively, Because Justice Requires It, Sworn, Motion For Leave Of The Court To Amend Pleading Due To New Evidence From Initial Disclosures (Docket No. 77) be DENIED IN PART and GRANTED IN PART, as follows:

- Leave to amend should be granted as to proposed Claim 8, Claim 13, Claim 14, Claim 15, and Claim 16; and

- Leave to amend should be denied as to all other claims.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  July 28, 2015                          *s/ Michael J. Watanabe*
       Denver, Colorado                       Michael J. Watanabe
                                  United States Magistrate Judge