IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

MATTHEW VAN LEEUWEN,
BRIAN GOWIN,
ANTHONY RODERICK, and
FRAN LAPAGE,

Defendants.

## REPORT & RECOMMENDATION ON

## PLAINTIFF'S URGENT AMENDED MOTION FOR LEAVE OF THE COURT TO AMEND PLEADING DUE TO NEW EVIDENCE FROM INITIAL DISCLOSURES— CONFORMING TO JUDGE'S ANALYSIS
(Docket No. 112)

**Michael J. Watanabe**
**United States Magistrate Judge**

The pleading stage of this case has been drawn out for over a year now. As things stand at the moment:

- I previously recommended that two motions to dismiss (Docket Nos. 59 & 62) be granted and that Defendants Matthew VanLeeuwen and Brian Gowin be dismissed from this case. (Docket No. 74.)

- In response, Plaintiff filed both an objection and a motion for leave to amend his pleadings. (Docket Nos. 76 & 77.)

- I recommended that Plaintiff's motion be granted in part and denied in part, such that one claim against Defendant Gowin be added, the already-pending claims be clarified, and no new defendants be added. (Docket No. 103).

- Both Plaintiff and Defendant Gowin filed objections. (Docket Nos. 107 & 110.)

- Plaintiff has now filed a *second* motion for leave to amend his pleadings, even though his first motion is still pending. (Docket No. 112.)

The objections are fully briefed and pending before District Judge Raymond P. Moore.  (Docket Nos. 76, 84, 87, 91; 107, 110, 116, 117, 118, 120.)  Judge Moore referred to me Plaintiff's second motion for leave to amend.  (Docket No. 113.)  I have reviewed the parties' filings (Docket Nos. 112, 119, & 121), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, I make the following report and recommendation that Plaintiff's motion be denied.

## Discussion

The Court set forth the background of this case in detail in its two previous reports and recommendations (Docket Nos. 74 & 103), including the legal standards for a motion to amend (Docket No. 103, p.2), Plaintiff's factual allegations (*id.* pp.2–4), and Plaintiff's grounds for leave (*id.* p.4).  Those discussions are incorporated herein.

***Counts One through Three***.  These counts challenge Plaintiff's initial stop on August 25, 2012, claiming that the stop was unsupported by reasonable suspicion and was the product of racial discrimination.  I concluded that the amended claims would be futile, because the complaint alleged neither a compensable injury traceable to the stop as opposed to the arrest and conviction, *see Heck v. Humphrey*, 512 U.S. 477, 478 n.7 (1994), nor factual content from which an inference of discriminatory animus or discriminatory impact could be inferred, *see Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).  (Docket No. 103, pp.5–6.)

Plaintiff's new proposed pleading makes no material changes to Counts One and Two.  As a result, Plaintiff has not overcome *Heck*.

As to Count Three, the new proposed claim alleges that Defendant VanLeeuwen released Plaintiff's then-wife (a white woman) from the stop, but not Plaintiff (a black man). (Docket No. 112-1, p.5.) It also adds that, after Plaintiff's disorderly conduct and during the course of the arrest, Plaintiff told Defendant VanLeeuwen "you thought I was just another n**** beating up a white girl . . . didn't you?", to which Defendant VanLeeuwen nodded and replied "you said it, not me." (*Id.*) This does not state a plausible claim for racial discrimination. Assuming without deciding that Defendant VanLeeuwen's remark can reasonably support an inference of discriminatory animus, the allegations do not support an inference of discriminatory impact. That same exchange shows that Plaintiff and his then-wife had been stopped on suspicion of domestic violence; in such a situation, Plaintiff and his then-wife were not "similarly situated" within the meaning of equal-protection law because (in context) one of them was a potential criminal and one of them was not. Thus, the allegation that Plaintiff's then-wife was released from the stop earlier than Plaintiff does not raised a plausible inference that a similarly situated white individual was treated differently than Plaintiff. As a result, Plaintiff has not overcome *Marshall*.

I recommend that Plaintiff's second motion for leave to amend be denied as to Counts One through Three.

***Counts Four through Seven***. These claims all concern Plaintiff's detention for longer than four hours on August 25, 2012. I concluded that the racial-discrimination claims failed because they did not provide factual content from which an inference of discriminatory animus or discriminatory impact could be inferred, *see Marshall*, 345 F.3d at 1168, and that the unreasonable-detention claims failed because a probable-cause

4

determination was made within 48 hours, *see County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). (Docket No. 103, pp.6–7.)

Plaintiff's new proposed pleading removes Counts Five and Seven, the unreasonable-detention claims. As to Counts Four and Six, Plaintiff's new proposed pleading seeks to add more factual content. Specifically, in Plaintiffs first motion for leave to amend, Counts Four and Six allege that one white female was released from detention after four hours and Plaintiff was not (Docket No. 77-1, p.5); now, in this new motion for leave to amend, they allege that *several* white females were released after four hours, while *several* black males were not (Docket No. 112-1, p.6). This proposed change contradicts Plaintiff's proposed facts over the course of several attempted pleadings, and contradicts Plaintiff's own sworn testimony that *one* white woman was released why he was detained. (*See, e.g.*, Docket No. 6-2, p.25.) I find that Plaintiff's proposed pleading goes beyond curing technical deficiencies and, rather, is a bad faith in an attempt to change his version of events. Rule 15(a) does not allow seriatim, bad-faith attempts to survive dismissal. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

I recommend that Plaintiff's second motion for leave to amend be denied as to Counts Fourt through Seven.

**Count Eight**. Count Eight is an excessive-force claim against Defendant Gowin. I recommended, previously, that this claim be allowed to go forward, and my recommendation stands. (Docket No. 103, pp.7–8.)

Judge Moore has not yet ruled on Plaintiff's first motion for leave to amend (Docket No. 77), but nonetheless Plaintiff provides no explanation for why he should be allowed to change the proposed pleading now. I find that changing the pleading now

5

would be unduly prejudicial to Defendant Gowin, because the original proposed pleading is already fully briefed. To change the pleading now be duplicative and wasteful, for no clear reason.

I recommend that Plaintiff's new motion be denied as to Count Eight.

**Counts Nine through Twelve**. These counts are all predicated on Plaintiff's assault charge. I concluded previously that each of the claims fail because the judicial officers who made probable cause and bail determinations were not misled where the assault charge was supported by probable cause, *see Galen v. County of Los Angeles,* 477 F.3d 652, 664 (9th Cir. 2007), and the arrest affidavit in this case would establish probable cause even if the affidavit's characterization of Plaintiff's conduct as "violent" were to be removed (see Docket No. 59-1).

In Plaintiff's new proposed pleading, he expands on the alleged error in the affidavit. Rather than simply disputing the affidavit's characterization of his conduct as "violent," Plaintiff now alleges that he made no contact whatsoever (violent or otherwise) with Defendant Gowin. (Docket No. 117-1, p.7.) This new attempt fails because the surveillance video that Plaintiff himself asked the Court to take judicial notice of shows that Plaintiff made contact with Defendant Gowin. Moreover, if it were Plaintiff's honest belief that he made no contact at all in removing Defendant Gowin's hand from Plaintiff's shoulder, one would have expected Plaintiff to mention that fact at some point in the first several attempts to plead his case. As a result, the Court finds that Plaintiff's motion is made in bad faith and should not be granted. *See Foman,* 371 U.S. 182.

Counts Eleven and Twelve in Plaintiff's initial proposed pleading allege that two proposed new Defendants failed to lodge their recommendations that Plaintiff not be

charged with assault. (Docket No. 77-1, p.8) In the new proposed pleading, Plaintiff adds that they failed to lodge their opinions not only with their supervisors, but also with the judge who made the probable-cause determination. (Docket No. 112-1, p.8.) This is not a material change. Moreover, these Defendants cannot be liable for mere negligence; they must knowingly or recklessly violate Plaintiff's rights to be liable under § 1983, *Daniels v. Williams*, 474 U.S. 327 (1986), and there are no allegations from which the Court can conclude that a difference of opinion as to charging decisions constitutes a knowing or reckless violation.

I recommend that Plaintiff's new motion be denied as to Counts Nine through Twelve.

**Claims Thirteen through Sixteen**. These Counts are already pending, as the Defendants on these claims (Defendant Roderick and Defendant LePage) chose to file an answer rather than a motion to dismiss. (Docket No. 60.) I recommended, previously, that the proposed counts be allowed to go forward instead of the original pleading, and my recommendation stands. (Docket No. 103, p.10.)

Judge Moore has not yet ruled on Plaintiff's first motion for leave to amend (Docket No. 77), but nonetheless Plaintiff provides no explanation for why he should be allowed to change the proposed pleading now. I find that changing the pleading now would be unduly prejudicial to Defendants Roderick and LePage, because the original proposed pleading is already fully briefed. To change the pleading now be duplicative and wasteful, for no clear reason.[1]

---

[1] The Court notes that Defendants Roderick and LePage have already filed an answer to Counts Thirteen through Sixteen in Plaintiff's proposed amended pleading. (Docket No. 106.) Judge Moore has not ruled on Plaintiff's first motion for leave to amend

I recommend that Plaintiff's new motion be denied as to Counts Thirteen through Sixteen.

### Recommendation

For the foregoing reasons, it is recommended that Plaintiff's Urgent Amended Motion For Leave Of The Court To Amend Pleading Due To New Evidence From Initial Disclosures—Conforming To Judge's Analysis (Docket No. 112) be DENIED.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

| | |
|---|---|
| Date:     September 24, 2015<br>               Denver, Colorado | *s/ Michael J. Watanabe*<br>Michael J. Watanabe<br>United States Magistrate Judge |

---

(Docket No. 77), and as a result the new answer filed by Defendants Roderick and LePage is a nullity: it answers a pleading that has not yet been accepted for filing, *i.e.*, has not yet been pleaded.