IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02379-RM-MJW

JOSHUA LAMONT SUTTON,

Plaintiff,

v.

MATTHEW VAN LEEUWEN,
BRIAN GOWIN,
ANTHONY RODERICK, and
FRAN LAPAGE,

Defendants.

## OMNIBUS ORDER

**Michael J. Watanabe**
**United States Magistrate Judge**

This case has seen a lot of activity in the past six weeks. There are now nine discovery motions pending, with the briefing on those motions in various stages of completion. Notwithstanding the partially incomplete briefing, the Court will resolve all nine motions with this omnibus order—before this case gets any further out of control.

## Background

The parties generally agree on the following facts. Plaintiff and his then-wife were stopped by police as they were walking home from the hospital. Plaintiff's behavior during the stop resulted in a disorderly-conduct arrest and conviction. While he was in detention following that arrest, he was involved in a physical altercation with an officer—for which he was charged with assault, and later convicted of obstructing an officer. While he was in jail for these offenses, he was placed in solitary confinement for seven months and denied certain dietary requests.

Plaintiff sues over a host of alleged constitutional violations in this sequence of events. Following summary screening under 28 U.S.C. §§ 1915(e) & 1915A, this case currently includes claims that Plaintiff was unlawfully stopped due to invidious discrimination; unlawfully arrested; subjected to an unlawfully prolonged detention, following arrest; maliciously prosecuted for assaulting an officer while in custody; and held in inadequate conditions of confinement. (*See* Docket No. 31.)

Two Defendants filed Answers. (Docket Nos. 60 & 106.) The other two Defendants filed motions to dismiss. (Docket Nos. 59 & 62.) Plaintiff has filed two motions for leave to amend his complaint. (Docket Nos. 77 & 112.) The undersigned has issued reports and recommendations on these Rule 12(b) and 15(a) motions; the reports are currently pending before District Judge Raymond P. Moore. (Docket Nos. 74, 103, & 123.) In the aggregate, the reports recommend that:

- Plaintiff's unlawful-stop claims be rejected;
- Plaintiff's unlawful-arrest claims be rejected;
- Plaintiff's unlawfully-prolonged-detention claims be rejected;
- Plaintiff's malicious-prosecution claims be rejected;
- Plaintiff's excessive-bail claims be rejected; and
- Plaintiff's excessive-force claim be <u>allowed</u>.

As a result of the foregoing, this case includes (1) conditions-of-confinement claims against the Defendants who filed answers; (2) an excessive-force claim that is not yet part of the case, but will be if Judge Moore adopts the undersigned's recommendations; and (3) miscellaneous other claims that are currently part of the case, but will no longer be if Judge Moore adopts the undersigned's recommendations.

## Discovery Disputes

As noted, there are nine motions pending.

<u>Third-Party Subpoenas</u>

On February 22, 2016, Plaintiff filed notice of three subpoenas that he intended to serve by mail. (Docket No. 161.) The third subpoena is directed to various Pueblo County judicial officials, demanding transcripts and recordings of all court proceedings related to Plaintiff's obstructing-an-officer conviction. (*Id.* at 8-10.) On March 3, 2016, the Pueblo County officials filed a motion to quash their subpoena. **(Docket No. 170.)** They argue that a subpoena for publicly available records is improper, since Plaintiff can simply request the documents through ordinary channels; that they do not have audio recordings in the first place; and that the subpoena lacked proper service. Plaintiff's response (Docket No. 188) argues that service was proper and asserts that the Pueblo County officials do in fact have audio recordings—because such recordings have been produced in other proceedings.

The Pueblo County officials have not cited any relevant legal standards as to their public-records argument. They cite *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003), for the general standard in quashing subpoenas, but the quoted language was not about quashing subpoenas in general. Rather, it dealt with the unique standards that apply when attempting to subpoena *opposing counsel*. The case has no relevance to this discussion. Past that, the Pueblo County officials cite two district-court cases that purportedly dealt with attempts to subpoena publicly available records. One of those cases concerned a subpoena for records from a third party, when those records were already in the court's own files in the case docket—rendering a

4

third-party subpoena entirely unnecessary. *Med. Billing, Inc. v. Med. Mgmt. Scis., Inc.*, 169 F.R.D. 325, 332 (N.D. Ohio 1996). The case could not possibly be relevant here. Next, the Pueblo County officials cited an unpublished opinion out the Eastern District of California, captioned *Taylor v. O'Hanneson*. They did not provide a copy of the opinion as required by the local rules. D.C.COLO.LCivR 7.1(e). The Court has attempted to find the case in Westlaw, and has come up with an opinion standing for the exact opposite proposition as the one asserted by the Pueblo County officials. *See Taylor v. O'Hanneson*, No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *4 (E.D. Cal. June 13, 2014) ("Plaintiff may seek a copy of the criminal transcripts by way of subpoena to a third party or application to the appropriate court for such copy."). These cases offer no guidance here.

     Federal Rule of Civil Procedure 45(d)(3) governs quashing subpoenas. This rule is not cited anywhere in the Pueblo County officials' argument. It might well be the case that this subpoena imposes an undue burden and should be quashed under Fed. R. Civ. P. 45(d)(3)(A)(iv), because the Pueblo County Courts have an administrative system in place for providing records like the ones Plaintiff requests. *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affairs*, 257 F.R.D. 12, 19 (D.D.C. 2009) ("[E]ven modifying the subpoena to seek this limited information is unduly burdensome because of the absence of any showing that the information sought is not available from other sources"). But the Pueblo County officials haven't made that argument. Neither the words "undue burden" nor any of the other grounds for quashing a subpoena in Rule 45(d)(3) appear anywhere in the motion to

quash. As a result, no adequate grounds have been presented for quashing this subpoena.

The Pueblo County officials are also incorrect about methods of service. *See E.A. Renfroe & Co., Inc. v. Moran*, 2008 WL 1806200, at *6 (D. Colo. Apr. 21, 2008) (Watanabe, M.J.) (distinguishing *Windsor v. Martindale*, 175 F.R.D. 665 (D. Colo. 1997)). In this context, because the subpoenaed parties have adequate notice to move to quash, the Court finds that service was adequate.

As to whether the audio recordings exist in the first place, the proper course of action is for the Pueblo County to assert the matter in their response to the subpoena.

The Pueblo County officials' motion is denied.

Defendants' Initial Disclosures

Also on February 22, 2016, Plaintiff filed a motion to compel Defendants to supplement their initial disclosures. **(Docket No. 162.)** Specifically, Plaintiff contends that Defendants issued a supplemental disclosure identifying documents Bates-stamped Cnty. Defs. 001044-001212, but did not produce the actual Bates-stamped documents. (*Id.*) Defendants' response to this motion states that the documents had been produced on CD-ROM, and would shortly be produced on hard-copy as a result of Plaintiff's motion. (Docket No. 165.) This motion appears to be moot.

Defendants' Discovery Responses

On February 22, 2016, Plaintiff filed a motion to review the sufficiency of Defendants' admission responses under Fed. R. Civ. P. 36(a)(6). **(Docket No. 163.)**

6

Plaintiff's motion describes neither the purported deficiencies in the admission responses, as required by D.C.COLO.LCivR 37.1, nor any attempt to confer with Defendants regarding such deficiencies, as required by Fed. R. Civ. P. 37(a)(1). (*Id.*) In response to this motion, Defendants point out the lack of any explanation as to what, specifically, is objectionable. (Docket No. 181.) In reply, Plaintiff withdrew the motion. (Docket No. 192.)

On March 9, 2016, Plaintiff moved for sanctions against Defendants. **(Docket No. 175.)** Plaintiff argues that he has repeatedly requested (1) video recordings of his arrest; (2) color photographs of his injuries following his jail-cell altercation; and (3) copies of all grievances or complaints filed against Defendants—all to no avail. Plaintiff also references Defendant's failure to attend the depositions he attempted to set for them (*see infra*). In response (Docket No. 190), Defendants assert that (1) they've produced all the videos they are aware of; (2) Plaintiff has never requested color photos; and (3) they've produced all of Plaintiff's grievances and complaints. Taking these matters in turn:

- As to the video, it is the Court's understanding that Plaintiff seeks video of his arrest, not of his altercation with Defendant Gowin. Accordingly, Defendants are hereby ordered to serve a supplemental discovery response either providing such a video or certifying that they do not have possession, custody, or control of such a video. Plaintiff's motion is granted to that extent and is otherwise denied on this issue.

- As to the color photos, the Court accepts Defendant's representation and denies Plaintiff's motion on this issue.

- As to the grievances, Plaintiff's motion does not appear to be limited to grievances or complaints *filed by Plaintiff*. That said, there is no pattern-or-practice claim at issue in this lawsuit, nor can such evidence be relevant to any of Plaintiff's claims. Accordingly, the Court denies Plaintiff's motion on this issue.

- As to the depositions, as explained *infra*, the deposition notices are quashed. The Court denies Plaintiff's motion on this issue.

Thus, the Court grants in part and denies in part the motion at Docket No. 175.

On March 10, 2016, Plaintiff filed a different motion for sanctions. **(Docket No. 179.)** Plaintiff here identifies specific answers to specific interrogatories/requests for documents that he believes to be inadequate—the answers to Interrogatories 1, 5, 7, 10, 12, and 13 (*see* Docket No. 135)—and offers specific reasons why he finds them inadequate. Defendants have not yet filed a response to this motion. However, the Court has reviewed the purportedly deficient responses and finds as follows:

- Request 1 asked Defendants to state their duties at the Pueblo Sheriff's office. (Docket No. 135.) Defendants each responded that they no longer work at the Sheriff's office. (*E.g.*, Docket No. 179-1, p.4.) Plaintiff faults these responses for not explaining *why* Defendants no longer work at the Sheriff's office. (Docket No. 179, p.2.) Plaintiff did not ask that question, and the responses are therefore not deficient.

- Request 5 asked Defendants to state the procedures in effect for "four hour (municipal police) holds when any person is placed in the Sheriff's jail on a four hour hold." (Docket No. 135.) One Defendant responded: "We were told that police holds were a minimum of four hours. The detainees were put in line for release[] based upon when they were brought into the facility." (Docket No. 179-1, p.5.) Plaintiff faults this response for not identifying who "we" refers to, nor who did the telling. But again: Plaintiff did not ask for this information. He asked for procedures, not identities. The responses are therefore not deficient.

- Request 7 asked about booking procedures. (Docket No. 135.) Defendants denied being involved in booking or being aware of the booking procedures. (*E.g.*, Docket No. 179-1, p.5.) Plaintiff faults these responses for being evasive. But Plaintiff offers no basis for believing that the responses are less than fully honest, and the responses are therefore not deficient.

- Request 10 asked for electronically stored information including telephone logs. (Docket No. 135.) The responses state that all known recordings have been produced and that telephone calls are not recorded. (*E.g.*, Docket No. 179-1, p.7.) The Court finds that the responses are incomplete. The responses assume that Plaintiff seeks telephone <u>recordings</u>, where his requests ask for telephone <u>records</u>—including, for example, call logs.

8

> However, such information is relevant only to unlawful-stop claims that the undersigned has recommended be dismissed.  Plaintiff's motion on this point is thus denied without prejudice, and may be renewed if Judge Moore declines to adopt relevant portions of the reports and recommendations.

- Request 12 asks for grievances and complaints filed against Defendants. (Docket No. 135.)  As discussed *supra*, such records are not relevant.

- Request 13 asks Defendants to identify and produce "all hearing(s), witness(es), . . . and exhibit(s) filed at any of the hearing(s) (regarding myself, Joshua Sutton)."  (Docket No. 135.)  The Defendants all denied having responsive materials.  (*E.g.*, Docket No. 179-1, p.7.)  The Court finds that these responses are likely incomplete, inasmuch as it seems probable that Defendant Gowin (at least) must have appeared at some hearing related to Plaintiff's charges.  However, such information is relevant only to malicious-prosecution claims that the undersigned has recommended be dismissed. Plaintiff's motion on this point is thus denied without prejudice, and may be renewed if Judge Moore declines to adopt relevant portions of the reports and recommendations.

For the foregoing reasons, the Court denies the motion at Docket No. 179.

Defendants' Depositions

On February 23, 2016, Plaintiff filed a notice that (1) Defendants had noticed his deposition for March 1, 2016; and (2) Plaintiff had accordingly noticed the deposition of Defendants Gowin, Roderick, and LePage for the same date, time, and place as his own deposition.  (Docket No. 164.)

On February 26, 2016, Defendants filed a motion to quash the deposition subpoenas for Defendants Gowin, Roderick, and LePage.  **(Docket No. 167.)** Defendants argue that Plaintiff did not comply with the timing or conferral requirements under D.C.COLO.LCivR 30.1.  Defendants also argue that, although Plaintiff's correctional facility is a reasonable place to depose *Plaintiff*, it is a 250-mile round-trip drive from where *Defendants* work and live.  Further, Defendants argue that Plaintiff

noticed these depositions with subpoena forms that were not signed by an attorney or the clerk of court and are thus invalid under Fed. R. Civ. P. 45.  Plaintiff's response to this motion (Docket No. 173) argues that holding the depositions at the same time would be convenient and cost-effective.  The response also requests a status conference to discuss the matter with the Court.  **(See Docket No. 173.)**  In reply, Defendants argue that no status conference is necessary and note that Plaintiff has not previously expressed any interest in deposing Defendants.  (Docket No. 183.)

Defendants are correct that Plaintiff has not complied with the rules for scheduling depositions.  See Fed. R. Civ. P. 30(b); D.C.COLO.LCivR 30.1 ("Unless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6.  Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost effective manner.").  The Court grants Defendants' motion quashes the subpoenas.  Plaintiff may attempt to notice the depositions anew, so long as he complies with Fed. R. Civ. P. 28 through 32, Fed. R. Civ. P. 45, and D.C.COLO.LCivR 30.1.

Miscellaneous Matters

Also on March 9, 2016, Plaintiff moved for an extension of time, due to a snowstorm that delayed another trial of Plaintiff's.  **(Docket No. 176.)**  The purpose of the extension is to depose Defendants.  Defendants object, arguing that Plaintiff has had plenty of time to take depositions. (Docket No. 191.)  The Court grants the motion at Docket No. 176.

10

On March 25, 2016, Plaintiff filed a "Motion to Clarify Due to Unorthodox Transcript." **(Docket No. 187.)** The document does not appear to request any relief from the Court. It recites rules related to a deponent's review of a deposition transcript under Fed. R. Civ. P. 30(e), and moves the Court to "clarify," but makes no other assertion as to what is sought. Without a request for relief, the motion at Docket No. 187 is moot.

## Orders

For the foregoing reasons, it is hereby ORDERED that:

- Docket No. 162 is DENIED AS MOOT;

- Docket No. 163 is WITHDRAWN;

- Docket No. 167 is GRANTED;

- Docket No. 170 is DENIED;

- Docket No. 173 is DENIED AS MOOT;

- Docket No. 175 is GRANTED IN PART and DENIED IN PART, as set forth above;

- Docket No. 176 is GRANTED and the Scheduling Order (Docket No. 69) is AMENDED such that the discovery cut-off is extended to April 27, 2016 for the sole purpose of deposing Defendants;

- Docket No. 179 is DENIED;

- Docket No. 187 is DENIED AS MOOT; and

- All other requests for sanctions—including Defendants' request for attorneys' fees for responding to these motions—are denied as unjust under the circumstances.

Date: March 30, 2016　　　　　　　　　　*s/ Michael J. Watanabe*
Denver, Colorado　　　　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge