**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.   14-cv-02379-RM-MJW

JOSHUA LAMONT SUTTON,

      Plaintiff,

v.

MATTHEW VAN LEEUWEN,
BRIAN GOWIN,
ANTHONY RODERICK, and
FRAN LAPAGE,

      Defendants.

---

## ORDER

---

This matter is before the Court on the following matters:

(1) The "Report & Recommendation on Defendant Brian Gowin's Combined Motion to

    Dismiss and Memorandum in Support Thereof (Docket No. 59) & Motion to Dismiss

    on Behalf of  Defendant Van Leeuwen (Docket No. 62)"  (the "First

    Recommendation") (ECF No. 74);

(2) The "Report & Recommendation on Plaintiff's Urgent Parties Consented to

    Amendment of Pleadings; Alternatively, Because Justice Requires it, Sworn, Motion

    for Leave of the Court to Amend Pleading Due to New Evidence from Initial

    Disclosures (Docket No. 77)" (the "Second Recommendation") (ECF No. 103); and

(3) The "Report & Recommendation on Plaintiff's Urgent Amended Motion for Leave of

    the Court to Amend Pleading Due to New Evidence from Initial Disclosures –

Confirming to Judge's Analysis (Docket No. 112)" (the "Third Recommendation")

(ECF No. 123).

(The First, Second, and Third Recommendations, collectively, the "Recommendations.")  The

Court has reviewed the Recommendations, all relevant portions of the court file, the applicable

rules, statutes, and case law, and being otherwise fully advised, ORDERS as follows: (1) The

First Recommendation is ACCEPTED; (2) the Second Recommendation is ACCEPTED in part,

MODIFIED in part, and REJECTED in part; and (3) the Third Recommendation is ACCEPTED.

## I.    BACKGROUND

Plaintiff filed this action on August 25, 2014,[1] against eight Defendants, including

Defendants Van Leeuwen and Gowin.  Ultimately, the case was ordered drawn to a presiding

judge, but only as against Defendants Matthew Van Leeuwen, Brian Gowin, Anthony Roderick,

and Fran LaPage.  (ECF No. 31.)  As Senior Judge Lewis T. Babock ordered:

> The only properly asserted claims in the Third Amended Complaint are found in
> the Nature of the Case section of the complaint form, where Plaintiff asserts that
> on August 25, 2012, he and his wife were stopped because they fit the description
> of "domestic violence suspects."  ECF No. 30 at 4.  Plaintiff further asserts that he
> was improperly arrested by Defendant VanLeeuwen for using a curse word, was
> then wrongly held for a total of nine hours by Defendant Gowin and falsely
> accused of assaulting Defendant Gowin, which resulted in his placement in
> solitary confinement by Defendant Roderick for seven months without due
> process and being repeated denied of his religious diet by Defendant LaPage
> during this time.  Plaintiff also asserts that the assault charge against him was
> dismissed.  In the Request for Relief section of the Third Amended Complaint,
> Plaintiff seeks declaratory and injunctive relief and money damages.

(ECF No. 31, pages 4-5.)   Plaintiff was allowed to move forward only as to such claims.  (ECF

No. 31, page 7.)

---

[1] Plaintiff's first complaint was received by the court on August 27, 2014.  Applying the mailbox rule, *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005), Plaintiff's complaint is considered filed on August 25, 2014. Initially, Plaintiff's then-wife was also a plaintiff.

## II.   LEGAL STANDARD

### A.   Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "'district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.   Plaintiff's Pro Se Status

Plaintiff proceeds pro se; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### C.  Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Rule 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Id.* at 555 (internal citations and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation marks omitted; italics in original).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation marks and citation omitted).  The Tenth Circuit has further noted "that [t]he

nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (internal quotation marks omitted).  Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (quoting *Robbins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126-27 (10th Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik,* 671 F.3d at 1190 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### D.  Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." *See also Wopsock v. Natchees*, 279 F. App'x 679, 688 (10th Cir. 2008) (unpublished). "The Supreme Court has indicated district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *U.S. ex rel. Ritchie v.*

*Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Forman v. Davis*, 371

U.S. 178, 182 (1962)) (brackets in original).

### III.    THE FIRST RECOMMENDATION

####     A.  Factual Allegations

The parties do not object to the factual background (including which documents the

Magistrate Judge determined were appropriate to consider or not consider); therefore, the Court

adopts the background set forth in the First Recommendation.  To the extent the Court relies on

any additional matters to address the issues raised by the parties in the objections, they are set

forth in this Order.

Essentially, as set forth in the Recommendation, on August 25, 2012, Plaintiff and his

then-wife were walking home when several police cars surrounded them.  The officers claimed

that the couple met the description of the individuals in a reported domestic violence incident.

The officers posed the same questions over and over, and Plaintiff and his then-wife began

arguing that they had established they were not the people the officers were looking for and had

a right to leave.  Plaintiff cursed, and Defendant Van Leeuwen arrested Plaintiff and put him on a

"four hour hold."

Plaintiff was taken to the Sheriff's office for the four-hour hold.  Defendant Gowin then

had Plaintiff held for an additional five hours (for a total of nine hours).  At the end of that

period, Plaintiff began arguing with Defendant Gowin that Plaintiff had a right to leave.

Defendant Gowin then "became angry, repeatedly pushed me [Plaintiff], tried to choke me,

shoved my face into the ground, wrote a statement about the incident, later made changes to his

statement that were false, used the false charges to charge me with assaulting him, and then

deceived a judge into approving the charge based on the false charges," citing to Case No.

12CR1220. (ECF No. 30, page 4.)

Later, Plaintiff was held for seven months in solitary confinement without any kind

of hearing. While Plaintiff was being held, Defendant LaPage repeatedly denied requests to

accommodate Plaintiff's religious diet. After those seven months, the District Attorney's office

reviewed a video of the altercation between Defendant Gowin and Plaintiff and dismissed the

assault charges. Plaintiff, however, was convicted of obstructing a peace officer based on his

altercation with Defendant Gowin. (ECF No. 59-3.)

As for Plaintiff's initial arrest by Defendant Van Leeuwen, Plaintiff was convicted of

disorderly conduct which was affirmed. (ECF No. 62-2.) Plaintiff's petition for writ of

certiorari was dismissed as untimely. (ECF No. 62-3.)

## B. Defendants' Motions to Dismiss, the First Recommendation, and the Objection

Defendants Van Leeuwen and Gowin filed motions to dismiss. Defendant Van Leeuwen

argued: (1) statute of limitations; (2) *Heck v. Humphrey*[2]; and (3) qualified immunity. (ECF No.

62.) Defendant Gowin argued: (1) statute of limitations; (2) *Heck v. Humphrey*; and (3) failure

to state a claim. The Magistrate Judge recommended the following: (1) statute of limitations –

denied as Plaintiff's action is timely; (2) *Heck v. Humphrey*: granted as to Defendant Van

Leeuwen and denied as to Defendant Gowin; (3) failure to state a claim for false imprisonment

or malicious prosecution – granted in favor of Defendant Gowin; and (4) qualified immunity –

granted in favor of Defendant Van Leeuwen, to the extent any claim is not barred by *Heck v.*

*Humphrey.*

---

[2] 512 U.S. 477 (1994).

Plaintiff filed a timely objection (ECF No. 76) as to Section III of the First

Recommendation, which found Plaintiff failed to plausibly state a claim against Defendant

Gowin.  Plaintiff did not object to discussions which recommended dismissal of Defendant Van

Leeuwen.  As to his objection concerning Section III regarding Defendant Gowin, Plaintiff

argues: (1) he had reason to believe he had to be released at the 4-hour mark, as that was the

official amount of time on "the summons note"; (2) a white female on a similar arrest was

released; and (3) "Initial Disclosures" revealed that neither Defendant Van Leeuwen nor

Defendant Gowin took Plaintiff to court until 58 hours after his arrest, when he was required to

be brought to court within 48 hours, citing to *Riverside v. McLaughlin*, 500 U.S. 44 (1991).

Plaintiff attaches a copy of "Citation: Notes" and of portions of the Transcript of Proceedings in

*People v. Sutton,* before the Pueblo Municipal Court, Case E41371, held on December 27, 2012,

which showed Defendant Van Leeuwen testified he issued Plaintiff a citation, who was then

placed on a four-hour hold.

Defendant Van Leeuwen filed a response to Plaintiff's objection, asserting Plaintiff

provides no argument as to the why the Recommendation should not be adopted as to the claim

against him.  In addition, he asserts that Plaintiff's transcript shows Defendant Van Leeuwen had

no involvement with what occurred in the county jail after he was brought there; the

determination of whether to hold Plaintiff longer was up to the jail.

Defendant Gowin also responded; however, he read Plaintiff's objection as one which

contests the Magistrate Judge's determination that Plaintiff failed to plausibly state a claim

against Defendants Gowin and *Van Leeuwen*.  (ECF No. 84, pages 1, 2.)  As to Plaintiff's first

challenge – that he was detained five hours longer than he should have been detained before he

was arrested for assaulting Defendant Gowin, Defendant Gowin asserts that, under *McLaughlin,*

*supra*, being held more than four hours is not a constitutional violation.  As for Plaintiff's second

challenge – that he was not taken to court for a probable cause determination until 58 hours after

his arrest, Defendant Gowin argues: (1) this argument is waived as it was not initially raised; and

(2) a probable cause determination was made and Plaintiff's bond was set on Sunday, August 26,

2012, within 48 hours of his arrest on August 25, 2012.   That probable cause determination was

for Plaintiff's arrest from his altercation with Defendant Gowin in the jail.

In Reply, Plaintiff asserts his objection is also directed against Defendant Van Leeuwen,

and his failure to take Plaintiff before a court within 48 hours of his warrantless arrest.

### C. Analysis

#### 1. Defendant Van Leeuwen

Starting with Defendant Van Leeuwen, the Court finds that Plaintiff's Objection is

directed at Section III of the Recommendation, which analyzes and recommends the dismissal of

Plaintiff's false imprisonment claim as to Defendant *Gowin*.  Plaintiff made no objections as to

the Magistrate Judge's findings or recommendations as to Defendant Van Leeuwen.

Accordingly, as the Court finds no clear error in the Magistrate Judge's analysis or conclusions,

the Court adopts the Recommendation as to Defendant Van Leeuwen.

Plaintiff's Objection apparently argues that his false imprisonment claim extends to

Defendant Van Leeuwen and to more than the nine hours alleged in the Third Amended

Complaint (ECF No. 30).  The problem with this Objection is two-fold: (1) first, such arguments

were not raised in the first instance in the papers addressing Defendants Van Leeuwen's and

Gowin's respective motion to dismiss; and (2) second, such arguments are not within the scope

of the claims alleged against Defendant Van Leeuwen.  As the arguments were not raised or addressed by the Magistrate Judge, Plaintiff can hardly object to something not contained within the Recommendation.  Similarly, as the arguments are not within the scope of the claims alleged, they cannot save the claims alleged from dismissal on the bases given in the Recommendation. Accordingly, Plaintiff's Objection as to the recommended dismissal of Defendant Van Leeuwen is OVERRULED.

## 2.  Defendant Gowin

As with Defendant Van Leeuwen, Plaintiff's complaint contains no allegations, or claim, against Defendant Gowin based on the purported failure to bring him before a court within 48 hours.  And, as Defendant Gowin argues, Plaintiff made no arguments as to such alleged failure in his filing with the court.  Therefore, for essentially the same reasons stated as to Defendant Van Leeuwen, Plaintiff's Objection as to Section III against Defendant Gowin is OVERRULED.

As for the other recommended bases for dismissal against Defendant Gowin, Plaintiff makes no objections; therefore, the Court only reviews them for clear error.  As the Court finds no clear error, it accepts the other recommended bases for dismissal as to Defendant Gowin.

## D.  Conclusion

Based on the foregoing, Plaintiff's Objection is OVERRULED, the recommended disposition is ACCEPTED, and Defendants Gowin and Van Leeuwen are DISMISSED from this case.

#### IV.    THE SECOND RECOMMENDATION

##### A.  The Requested Amendment and the Second Recommendation

On June 12, 2015, Plaintiff requested leave to amend his complaint.  This is the same day

that Plaintiff filed his objection to the First Recommendation.  If allowed, this would be

Plaintiff's sixth complaint.  *See* ECF Nos. 1, 9, 20, 26, 30.

Plaintiff argued leave to amend should be granted due to "new evidence" – information

Defendants disclosed on a compact disc containing about 300 pages of electronically stored

documents.  According to Plaintiff, he studied the information and compared them to what he

possessed and to his knowledge of the events which occurred on or after August 25, 2012.  As a

result of his alleged studies and investigations of the information disclosed, his knowledge,

information, and belief as to what occurred on and after August 25, 2012 "increased

dramatically."  (ECF No. 77, page 2.)   The "new evidence" as to Plaintiff's proposed excessive

force claim are "[m]edical records [which]…clearly indicate staff nurse(s) recorded I had bodily

injuries from the force used against me…."  (ECF No. 77, page 3 at ¶ 9.)

Plaintiff's proposed amended complaint would add four additional defendants, three of

whom he previously named but were dismissed by the court.  The proposed amended complaint

would also contain 16 claims.  (ECF No. 77-1.)  After analyzing the papers, the Magistrate Judge

recommended the following:

> (1) Claims One through Three against Defendant Van Leeuwen: recommended denial
>     based on futility;
>
> (2) Claims Four and Five against proposed Defendant Guerin: recommended denial
>     based on futility;

(3) Claims Six and Seven against proposed Defendants Guerin and Lightcap and

Defendant Gowin: recommended denial based on futility;

(4) Claim Eight against Defendant Gowin for excessive force: recommended granting

leave to amend as such claim would not be futile;

(5) Claims Nine through Twelve against various Defendants: recommended denial as

futile; and

(6) Claims Thirteen through Sixteen against Defendants Roderick and LaPage:

recommended granting leave to amend as the motion was confessed and the claims

would not be futile.

In addition, the Recommendation found the claims against three of the four proposed new

Defendants would not be time barred, *i.e.*, the claims against proposed Defendants Guerin,

Lightcap, and Baillargeon.  As for the fourth proposed defendant, Defendant Ordway, the

Magistrate Judge found any claim would be time-barred.  In summary, the Magistrate Judge

recommended leave to amend to add the following five proposed Claims: Eight (against

Defendant Gowin); Thirteen and Fourteen (against Defendant Roderick); and Fifteen and Sixteen

(against Defendant LaPage).

### B.  The Objections

#### 1.  The recommendations with no objections filed

No objections have been filed to the recommendation to deny leave to amend the

following claims: Three; Five; Seven; Nine; Ten; Eleven; and Twelve.  No objections have also

been filed to the recommendation to allow leave to amend the following claims:  Thirteen

through Sixteen.  The Court reviews these recommendations for clear error, and finds none as to

the recommended dispositions of these claims.  However, as to Claims Five and Seven, the Court

reaches this result on a different basis than that provided in the Second Recommendation.

Plaintiff's Claims Five and Seven Claims are for unlawful seizure and "conspiracy in

unlawful seizure," both based on allegations that he was not brought to court within 48 hours

under *McLaughlin, supra.*  Here, Plaintiff was arrested on two charges – disorderly conduct

based on his interactions with Defendant Van Leeuwen, and then assault based on his

interactions with Defendant Gowin.  The probable cause determination relied upon to satisfy the

48-hour window, found at ECF No. 59-1, does satisfy *McLaughlin*, but only as to the arrest for

assault.  That probable cause determination did not address the disorderly conduct charge.  Thus,

there is nothing which contradicts Plaintiff's allegations that he was not brought before a court

for a probable cause determination until more than 48 hours had passed since his arrest around

1:00 a.m. on August 25, 2012.   Moreover, Plaintiff's papers showing his Municipal Court date

of August 27, 2012, at 8:30 a.m. (ECF No. 107, page 5), show support for his allegations.

Unfortunately, this does not save Claims Five or Seven for Plaintiff has alleged no

compensable injuries from such action.   First, because Plaintiff was already being held after a

probable cause determination on Sunday, August 26, 2012, on the assault charge.  And,

secondly, because damages for violations of § 1983 to compensate persons for injuries caused by

the deprivation of constitutional rights "must be based on actual injuries...."  *Makin v. Colorado*

*Dept. of Corrections*, 183 F.3d 1205, 1214 (10th Cir. 1999) (citing *Carey v. Piphus*, 435 U.S.

247, 264 (1978)).  "'The deprivation of constitutional rights, standing alone, does not entitle a

plaintiff to general damages.'"  *Lippoldt v. Cole,* 468 F.3d 1204, 1220 (10th Cir. 2006) (quoting

*Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.*,

739 F.2d 1472, 1480-81 (10th Cir. 1984)).  And, "the abstract value of a constitutional right may not form the basis for § 1983 damages." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986).

Moreover, Claim Seven also fails for another reason – inadequate factual allegations of a conspiracy.  Conclusory allegations are insufficient.  *E.g., Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (district court properly dismissed conspiracy claim where plaintiff failed to allege specific facts showing agreement and concerted action among defendants); *Marino v. Mayger,* 118 F. App'x 393, 405 (10th Cir. 2004) (unpublished).

Accordingly, the Court adopts the Second Recommendation, as modified above, as to the claims for which no objection has been filed, *i.e.*, Claims Three, Five, Seven, Nine, Ten, Eleven, Twelve, and Thirteen through Sixteen.

### 2.   The recommendations to which there are objections

#### a)  Plaintiff's Objection

Plaintiff filed an objection (the "Objection")[3] (ECF No. 107), contesting the recommended denial of leave to add Claims One and Two (against Defendant Van Leeuwen), Four (against proposed Defendant Guerin), and Six (against Defendant Gowin and proposed Defendants Guerin and Lightcap).  As to Defendant Van Leeuwen, Plaintiff argues: (1) on Plaintiff's First Claim for unlawful seizure:  the Magistrate Judge's determination of lack of injury was in error because Plaintiff "points" to the unlawful seizure caused by Defendant Van Leeuwen stopping Plaintiff before his disorderly conduct and then failing to bring Plaintiff to

---

[3] "Sworn Objection to the Report & Recommendation on Plaintiff's Urgent Parties Consented to Amendment of Pleadings; Alternatively, Because Justice Requires it, Sworn, Motion for Leave of the Court to Amend Pleading Due to New Evidence from Initial Disclosures (Docket No. 77)."

court until more than 58 hours had past; and (2) on Plaintiff's Second Claim for unlawful search based on Defendant Van Leeuwen's unreasonable questioning before Plaintiff's disorderly conduct: the Magistrate Judge's determination was in error as he failed to address this claim altogether or to support futility with any facts or findings.  As to Defendants Guerin, Lightcap, and Gowin, Plaintiff argues his factual allegations are sufficient to state a cognizable sex and/or race discrimination.  In addition, Plaintiff argues that if this Court should find his claims are not cognizable, he seeks leave to further amend.  That request to amend is set forth in "Plaintiff's Urgent Amended Motion for Leave of the Court to Amend Pleading Due to New Evidence from Initial Disclosures – Confirming to Judge's Analysis" (ECF No. 112), addressed below.

Starting with Defendant Van Leeuwen, his response addresses Plaintiff's objection on Claims One and Two.   He argues Plaintiff's objection fails to raise any arguments justifying rejecting the Second Recommendation on these claims.  The Court agrees.  First, the Second Recommendation discussing Plaintiff's allegations of lack of reasonable suspicion to stop and question encompasses Claims One (unlawful seizure – the stop) and Two (unlawful search – the questions).  Second, Plaintiff alleges no compensable injury for any of the conduct alleged;[4] instead, his alleged injuries stem from his arrest and conviction which, under *Heck, supra*, cannot be challenged in this proceeding.  Accordingly, Plaintiff's Objection as to the recommended denial of the leave to amend to add Claims 1 and 2 against Defendant Van Leeuwen is OVERRULED.

---

[4] The Court recognizes that Plaintiff's Claim One also encompasses an allegation that he was not taken to court until 58 hours after his initial arrest for disorderly conduct.  As previously stated, Plaintiff alleges no compensable injury based on such asserted delay.

Next, as to Defendants Gowin, Roderick, and LaPage, their joint response addresses Plaintiff's objections as to his proposed Fourth and Sixth Claims.  They argue, as to both claims, that mere differences in race do not, by themselves, support an inference of racial animus.  In addition, these Defendants assert the Sixth Claim falls because Plaintiff failed to state a claim for conspiracy and because Plaintiff was brought before a judge in less than 48 hours after his arrest so there is no constitutional violation to support a conspiracy claim.  The Court agrees, in part.

These claims fail because "[i]n order to state [a] race-based equal protection claim, a plaintiff must sufficiently allege that the defendant was motivated by racial animus." *Green v. Corr. Corp. of Am.*, 401 F. App'x 371, 376 (10th Cir. 2010) (unpublished).  "Mere differences in race do not, by themselves, support an inference of racial animus." *Id.*  Moreover, as previously stated, conclusory allegations of conspiracy are insufficient. *E.g., Durre*, 869 F.2d at 545.  As for the last argument concerning whether Plaintiff was brought to court within 48 hours, the Court finds such argument irrelevant as it reads the Magistrate Judge's analysis of this issue as being directed at the Fifth and Seventh Claims.  Accordingly, on these bases, the Court OVERRULES Plaintiff's objection as to Claims Four and Six and accepts the recommendation as to such claims.

### b)  Defendant Gowin's Objection

Defendant Gowin also challenges the Second Recommendation, arguing the Magistrate Judge erred in recommending allowing Plaintiff to add a claim for excessive force because: (1) Plaintiff is bound by his prior admission that he was not seeking a claim for excessive force (ECF No. 71, page 10), filed in response to Defendant Gowin's initial Motion to Dismiss (ECF No. 59);  (2) as a matter of law, the videos show the force used by Defendant Gowin was

objectively reasonable – it does not show a jury question – thus, the claim would be futile; (3) the claim is barred by *Heck v. Humphrey*; and (4) Plaintiff has already been given multiple attempts to state a claim against Defendant Gowin, and, despite knowing all  the facts which form the basis of this claim, raised it only after the Magistrate Judge recommended dismissal of Defendant Gowin from this action.   In response, Plaintiff continues to argue his amendment relies on the medical records of his bodily injuries.  Upon review of the record, the Court agrees with Defendant Gowin's last contention – that an amendment should not be allowed, because Plaintiff's assertion this amendment relies on "new evidence" is not well taken.

Mr. Gowin has been named as a defendant since day one.  Plaintiff's proposed amendment, filed June 12, 2015, is based on the following allegations: "Gowin pushed me three times, chased me to the back of the cell, cornered me, tried to put me in a choke me, pushed my face into the floor, while squeezing my neck, tied me to a chair, and left me tied to the chair…." (ECF No 77-1, page 6; *see also* page 4.)  Plaintiff further alleges that he was in pain in the back of his neck and wrist, and the pain lasted for about one week.  (ECF No. 77-1, page 7.)  The record, however, undisputedly shows that Plaintiff knew of his alleged injuries, who allegedly caused them, and how they were caused at the time they occurred – on August 25, 2012 – and not almost three years later as Plaintiff asserts. *See, e.g.,* ECF No. 20 (Amended Prisoner Complaint), pages 16-17 (On August 25, 2012, "Gowin shoved me further into the jail cell. Then came in the jail cell after me attempting to put me in a choke hold, shoved me to the floor, shoved my face into the floor, and continued pushing[.]"); No. 26 (Second Amended Prisoner Complaint), pages 18-19 ("The Pueblo County Sheriff's Office Deputies…Brian Gowin [and others]…pushed me back into the cell, chased after me as I continued to back into the cell away

from them, and they continued to push me, repeatedly tr[ied] to choke me, pushed my face into

the floor….The action harmed me by causing more pain in my already injured shoulder, pain in

my neck and head….");  No. 30 (Prisoner Complaint), page 4 ("I began arguing with him

[Gowin] that I had a right to leave, he became angry, repeatedly pushed me, tried to choke me,

shoved my face into the ground…."); and No. 99, pages 7, 9, 12 (Inmate Request Forms and

"Notice of Claim" asserting "excessive force" against Gowin and others, filed in February 2013).

        In fact, as Defendant Gowin argues, he raised the possibility of an excessive force claim

in his motion to dismiss, but Plaintiff responded that the court did not order Defendants to

answer a claim for excessive force "nor do I plan to Amend the Complaint to include a claim for

excessive force because the amount of force may have been reasonable to make a[] lawful arrest

when I held the door open." (ECF No. 71, page 10.)  While the Court agrees with the Second

Recommendation that, under the facts and circumstances of this case, Plaintiff's statement will

not be taken as a judicial admission which serves to bar him from pursuing such a claim,

Plaintiff's response nonetheless recognizes that force was used against him.  Indeed, it would be

hard for Plaintiff to not recognize he allegedly sustained any bodily injuries and how, especially

since the events were captured on video.  The fact that Plaintiff chose to wait until his sixth

complaint to seek to add this claim, and after the recommended dismissal of Defendant Gowin,

comes too late.  Due to Plaintiff's undue delay, repeated failure to cure deficiencies by

amendments previously allowed, and undue prejudice to the opposing party by virtue of

allowance of the amendment, the Court SUSTAINS Defendant Gowin's objection as to Claim

Eight.

### C.  Summary

In summary, the Court modifies the Second Recommendation as to Claims Five and Seven; accepts the Second Recommendation as to Claims One through Four, Six, and Nine through Sixteen; and rejects the Second Recommendation as to Claim Eight.

## V.      THE THIRD RECOMMENDATION

On or about August 17, 2015, after filing his objection to the Second Recommendation, Plaintiff filed another motion to amend his complaint (the "Urgent Amended Motion").  Plaintiff asserts the amendment is made to conform to the Magistrate Judge's analysis in the Second Recommendation and to "cure technical errors."  (ECF No. 112, page 1.)  After an analysis of the record, including recognizing that Plaintiff's proposed pleading shows a bad faith attempt to change the version of events, the Magistrate Judge recommended denial of Plaintiff's Urgent Amended Motion.  No objections have been filed to the Third Recommendation and the time to do so has expired.  The Court concludes the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.[5]  The Recommendation is, therefore, adopted as an order of this Court.

## VI.      CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) As to the "Report & Recommendation on Defendant Brian Gowin's Combined Motion to Dismiss and Memorandum in Support Thereof (Docket No. 59) & Motion to Dismiss on Behalf of  Defendant Van Leeuwen (Docket No. 62)"  (the "First Recommendation") (ECF No. 74):

---

[5] The Court also notes Plaintiff's proposed seventh complaint contains claims which the Magistrate Judge recommended leave to add be denied.  Despite filing no objections to such recommendation, Plaintiff nonetheless sought leave to amend again to add such claims.

(a) Plaintiff's Sworn Objection to the Report and Recommendation (ECF No.

76) is **OVERRULED**;

(b) The Second Recommendation is **ACCEPTED** and made an order of this Court;

(c) Defendant Brian Gowin's Combined Motion to Dismiss and Memorandum in

Support Thereof (ECF No. 59) is **GRANTED**;

(d) The Motion to Dismiss on Behalf of Defendant Van Leeuwen (ECF No. 62) is

**GRANTED**; and

(e) Defendants Gowin and Van Leeuwen are **DISMISSED** from this case; and

(2) As to the "Report & Recommendation on Plaintiff's Urgent Parties Consented to

Amendment of Pleadings; Alternatively, Because Justice Requires it, Sworn, Motion for Leave

of the Court to Amend Pleading Due to New Evidence From Initial Disclosures (Docket No.

77)" (the "Second Recommendation") (ECF No. 103):

(a) Plaintiff's "Sworn Objection to the Report & Recommendation on Plaintiff's Urgent

Parties Consented to Amendment of Pleadings; Alternatively, Because Justice

Requires it, Sworn, Motion for Leave of the Court to Amend Pleading Due to New

Evidence from Initial Disclosures (Docket No. 77)" (ECF No. 107) is

**OVERRULED**;

(b) "Defendant Brian Gowin's Objections to Magistrate Judge's Report and

Recommendation on Plaintiff's Motion for Leave to Amend his Complaint (ECF No.

103)" (ECF No. 110) is **SUSTAINED**, and the Second Recommendation to allow an

amendment to add Claim Eight against Defendant Gowin for excessive force is

rejected;

(c) The Second Recommendation, **as modified herein**, is **ACCEPTED** in all other respects and made an order of this Court;

(d) Plaintiff's "Urgent Parties Consented to Amendment of Pleadings; Alternatively, Because Justice Requires it, Sworn, Motion for Leave of the Court to Amend Pleading Due to New Evidence from Initial Disclosures" (the "Urgent Motion") (ECF No. 77) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is **GRANTED** leave to amend his complaint to add Claims Thirteen and Fourteen against Defendant Roderick and Claims Fifteen and Sixteen against Defendant LaPage.  The remainder of Plaintiff's Urgent Motion is **DENIED**; and

(3) As to the "Report & Recommendation on Plaintiff's Urgent Amended Motion for Leave of the Court to Amend Pleading Due to New Evidence From Initial Disclosures – Conforming to Judge's Analysis (Docket No. 112)" (the "Third Recommendation") (ECF No. 123):

(a) The Third Recommendation is **ACCEPTED** and made an order of this Court;

(b) "Plaintiff's Urgent Amended Motion for Leave of the Court to Amend Pleading Due to New Evidence From Initial Disclosures – Conforming to Judge's Analysis" (ECF No. 112) is **DENIED**;

(4) Based on the foregoing:

(a) There being no claims remaining against Defendants Van Leeuwen and Gowin, their names shall be removed from the caption of this action in all future filings with the Court;

(b) This case shall proceed against Defendants Roderick and LaPage; and

(c) The Clerk of the Court is directed to accept and file Plaintiff's "Fourth and Final

   Amended Prisoner Complaint Due to Initial Disclosures" (ECF No. 77-1), but such

   complaint is operative only as to Claims Thirteen and Sixteen as against Defendants

   Roderick and LaPage, as the case may be.  All other claims in that complaint are

   hereby STRICKEN.

DATED this 5th day of April, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge